Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Kristian T. Kaskla, Esq.
Nevada Bar No. 14553
*kkaskla@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING,<br><br>Plaintiffs,<br><br>vs.<br><br>GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive,<br><br>Defendants. | Case No.:<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)** |

Pursuant to 28 U.S.C. § 1441(b), Defendant Genuine Parts Company ("Defendant"), by and through its attorneys Carol P. Michel, Esq. and Kristian T. Kaskla, Esq. of the law firm of Weinberg Wheeler Hudgins Gunn & Dial, LLC, removes to this Court the state action titled Shikema West and Kimberly Harding v. Genuine Parts Company, District Court Case No. A-17-754291-C and states as follows:

1. On April 20, 2017, Plaintiff Kimberly Harding ("Plaintiff") filed the Complaint and commenced an action in the Eight Judicial District Court, Clark County, State of Nevada, titled Shikema West and Kimberly Harding v. Genuine Parts Company Case No. A-17-754291-C. Attached as Exhibit A is a copy of all process, pleadings, and orders served upon Defendant in this action.

2. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

3. There is diversity of citizenship between the parties. Upon information and belief, Plaintiff is, and was at the time of the filing of this action, a citizen of Clark County Nevada. (*See* Exhibit B, Plaintiff's Complaint, at ¶ 1). Defendant is not a Nevada corporation, but is instead a Foreign Corporation with its principal place of business in Georgia, and thus, for jurisdictional purposes, is a citizen of Georgia. (*See* Exhibit C, Nevada Secretary of State Business Entity Information for Genuine Parts Company). Thus, Plaintiff and Defendant are citizens of different states and diversity jurisdiction is appropriate.

4. Venue is appropriate in the unofficial Southern District of this Court pursuant to 28 U.S.C. § 1441(a) and LR IA6-1.

5. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal has been provided simultaneously to Plaintiff's counsel and with the clerk of the state court from which this action has been removed. (*See* Exhibit D, Notice of Filing Notice of Removal).

6. A defendant wishing to remove an action must generally file a notice of removal within thirty days of receipt of the initial pleading or service of summons. 28 U.S.C. § 1446(b)(3). However, if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. *Id.*

7. Removal in this action is timely. On March, 28, 2018, it first became ascertainable that this case had become removable when Plaintiff filed her **first** computation of damages setting forth $31,584.56 in total medical specials. (*See* Exhibit E, Plaintiff's Second Supplement to Early Case Conference, at p. 2). A computation of damages is a required disclosure pursuant to NRCP 16(a)(1)(C). Plaintiff also concurrently filed the First Supplement to the Responses to Defendant Genuine Parts Company's First Set of Requests for Documents providing evidence in support of

her past/future pain and suffering damages, future loss of enjoyment of life damages, and future medical treatment damages. (*See* Exhibit F, at p. 3-4). Plaintiff's computation of damages and responses to written discovery together made it ascertainable that the amount in controversy exceeds $75,000.00. As such, Defendant's deadline to remove the case is April 28, 2018.

8.  A defendant's duty is not to prove by a preponderance of the evidence that the plaintiff is likely to recover an amount in excess of the threshold. Rather, the jurisdictional minimum in diversity cases is determined by the amount at stake to either party. *Hamrick v. REO Properties Corp.*, 3:09-CV-00714-RCJ, 2010 WL 2836614, at *2 (D. Nev. July 15, 2010). In other words, the amount in controversy is satisfied when the plaintiff's potential gain exceeds the jurisdictional limit. *Id.* The pertinent question the Court is to ask is whether or not plaintiff is likely to ask a jury for an amount above $75,000. *Canonico v. Seals*, 2:13-CV-00316-RCJ, 2013 WL 1787191, at *2 (D. Nev. Apr. 25, 2013). As such, the appropriate figure to use in determining whether Defendant has presented adequate evidence to establish the amount in controversy is not the probable amount that Plaintiff will recover, but rather the total potential value of Plaintiff's claims considering all of the allegations and all the asserted damages. If Defendant can show by a preponderance of the evidence that: (1) Plaintiff is likely to ask from the jury an amount over the jurisdictional threshold, or (2) were a jury to award Plaintiff full recovery that amount would be over the jurisdictional threshold, then, jurisdiction with the Federal Court should remain.

9.  The amount in controversy exceeds the sum of $75,000.00. This case involves a motor vehicle incident wherein the vehicle Plaintiff allegedly was a passenger of collided with a box that fell out of Defendant's truck. Upon information and belief, Plaintiff is claiming severe bodily injuries to her neck and back as a result of the collision. Plaintiff asserted in her Complaint that she is entitled to general and special damages in excess of $15,000.00 plus attorneys fees and costs. Plaintiff's computation of damages provides that she has incurred $31,584.56 total medical special damages to date. Plaintiff's responses to written discovery also demonstrate that she is making significant past/future pain and suffering, loss of enjoyment of life, and future medical treatment damages claims. Furthermore, Plaintiff has made a demand in this case for the amount of $175,000.00—an amount well in excess of the required amount in controversy. (*See* Exhibit G,

Settlement Demand). A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. *Cohn v. Petsmart, Inc.*, 281 F.3d 836, 840 (9th Cir. 2002); *Rodgers v. Travelers Prop. Cas. Co. of Am.*, 3:07-CV-00619-RAM, 2008 WL 3992801, at *3 (D. Nev. Aug. 22, 2008). While a settlement offer by itself may not be determinative, it "counts for something." *Id*. Here, the settlement offer in combination with Plaintiff's recently disclosed damages computation and discovery responses demonstrate that this is the legitimate amount in controversy.[1] *See Id.* As such, it is apparent that Plaintiff is likely to ask a jury for more than the $75,000.00 jurisdictional threshold.

10. Based on the foregoing, Defendant respectfully submits that (a) there is diversity of citizenship between Plaintiff and Defendant, and (b) the amount in controversy exceeds $75,000.00. Therefore, this action is properly removed to the United States District Court for the Southern District of Nevada.

DATED this 19th day of April, 2018.

/s/ Carol P. Michel
Carol P. Michel, Esq.
Kristian T. Kaskla, Esq.
WEINBERG, WHEELER, HUDGINS,
 GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
*Attorneys for Defendant Genuine Parts Company*

---

[1] Defendant disputes that Plaintiff has suffered any damages.

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of April, 2018, I served a true and correct copy of the foregoing **DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)** was served by e-service, in accordance with the Electronic Filing Procedures of the United States District Court, to the following:

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3660 N. Rancho Dr., #125
Las Vegas, NV 89130
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

_____
An employee of WEINBERG, WHEELER, HUDGINS GUNN & DIAL, LLC