# EXHIBIT A

# EXHIBIT A

Electronically Filed
04/20/2017 03:14:43 PM

**COMP**
ROBERT L. HEMPEN II, ESQ.
Nevada Bar No.: 3433
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3560 W. Cheyenne Avenue, Suite 110
N. Las Vegas, Nevada 89032
(702) 383-9955 Office
(702) 839-7999 Facsimile
Attorney for Plaintiffs

**CLERK OF THE COURT**

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING, <br><br> Plaintiff, <br><br> -vs- <br><br> GENUINE PARTS COMPANY, A NEVADA COMPANY; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X inclusive, <br><br> Defendants. | CASE NO.:   A-17-754291-C <br> DEPT. NO.:   XXVI |

## COMPLAINT

Plaintiffs, by and though their attorney, ROBERT L. HEMPEN II, ESQ. of LAW OFFICE OF ROBERT L. HEMPEN II, ESQ, and for their cause of action against Defendants, alleges as follows:

### I

At all times mentioned herein, Plaintiffs, Shikema West and Kimberly Harding were and are residents of Las Vegas, Clark County, Nevada.

### II

At all times mention herein, Defendant, Genuine Parts Company, was and is duly license to do business in Clark County, State of Nevada

### III

The true names and capacities, whether individual, corporate, associate, co-partnership, or otherwise of Defendant DOES I-XX are unknown to Plaintiffs who

1  therefore sue said defendants by such fictitious names. Plaintiffs are informed and
2  believe and thereon allege that each Defendant designated DOE is responsible in
3  some manner for the offense and happening referred to in this actions and
4  proximately caused the damages to Plaintiffs as herein alleged. The legal
5  responsibility of said DOES I-XX, arises out of, but is not limited to, their status of
6  owners, as their maintenance and/or entrustment of the vehicle which Defendant
7  was operating at the time of the accident referred to in this Complaint, and/or their
8  agency, master/servant or joint venturer relationship with the Defendants. Plaintiffs
9  will request leave of Court to amend this Complaint to insert the true names and
10 capacities of said Defendants when the same have been ascertained, to join such
11 Defendants in this action and to assert the appropriate allegations.

12                                         IV

13     On or about May 26, 2015, Kimberly Harding was a passenger in a vehicle
14 being driven by Shikema West, northbound on Interstate 15 near the Cheyenne
15 Avenue exit, Clark County, Nevada.

16                                          V

17     On or about May 26, 2015, Plaintiff, Shikema West, was the operator of a
18 2003 Ford Escape, traveling northbound on Interstate 15 near the Cheyenne Avenue
19 exit, in the County of Clark, State of Nevada.

20                                         VI

21     A collision occurred on northbound Interstate 15 on May 26, 2015 at or near
22 the Cheyenne Avenue exit, County of Clark, State Of Nevada, involving a vehicle
23 being driven by Plaintiff and a vehicle being driven by Defendant, DOE I and
24 owned by Defendant Genuine Parts Company.

25     At the time of the incident described above, Defendant DOE I, was an agent
26 and servant of Defendant, Genuine Parts Company, was in the course and scope of
27 his employment for Defendant, Genuine Parts Company.

28

All liability of Defendant is imputed to Genuine Parts Company under doctrine of respondeat superior.

## VII

As a direct and proximate result of the negligence and carelessness of Defendants, and each of them, the Plaintiffs received injuries and suffered great pain.

## VIII

As a direct and proximate result of the negligence and carelessness of Defendant, the Plaintiffs were required to incur expenses for medical care, treatment and expenses incidental thereto all to their damages in a present amount yet unknown at this time and will be required in the future to incur expenses for and to employ physicians, nurses, physical therapists and to procure hospitalizations, x-rays, medicine and general medical care and attention in an amount not yet ascertained. In this regard, Plaintiffs pray leave of Court to insert all said damages herein when the same have been fully ascertained or proof thereof at the time of trial herein.

## IX

By reason of the premises and as a direct and proximate result of said incident complained of herein, Plaintiffs, have incurred injuries all or some of which conditions may be permanent and disabling in nature all to their general and compensatory damages in an amount in excess of $15,000.00, each.

## X

As a further direct and proximate result of the Defendants' negligence, Plaintiffs have incurred and may incur in the future, loss of income and earning capacity.

## XI

As a further direct and proximate result of the Defendant, Plaintiffs have been required the services of an attorney, incurred costs and are entitled to recover interest.

WHEREFORE, Plaintiffs requests judgment against the Defendants, all each of them, as follows:

1.   General and compensatory damages in an amount in excess of $15,000.00, each;

2.   Damages for costs of medical care and treatment and costs incidental thereto when the same have been fully ascertain;

3.   For loss of earnings and diminished future earning capacity when the same have been fully ascertained;

4.   Reasonable attorney's fees, costs of suit incurred herein, and interest; and;

5.   For such other and further relief as the Court may deem proper in the premises.

DATED this _19th_ day of April, 2017.

LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.

ROBERT L. HEMPEN II, ESQ

Nevada Bar No.: 3433

3560 W. Cheyenne Avenue, Suite 110

N. Las Vegas, Nevada 89032

(702) 383-9955 Office

(702) 839-7999 Facsimile

Attorney for Plaintiffs

Electronically Filed
04/20/2017 03:16:15 PM

**CLERK OF THE COURT**

1  IAFD
   ROBERT HEMPEN II, ESQ.
2  Nevada Bar No. 3433
   LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3  3560 W. Cheyenne Avenue, Suite 110
   N. Las Vegas, Nevada 89032
4  (702) 383-9955 Office
   (702) 839-7999 Facsimile
5  Attorney for Plaintiffs

6

7                          DISTRICT COURT

8                      CLARK COUNTY, NEVADA

9                            *****

10 SHIKEMA WEST and KIMBERLY )
   HARDING,                  )
11                          )      CASE NO.:  A-17-754291-C
              Plaintiff,     )      DEPT. NO.:
12                          )
       -vs-                  )              XXVI
13                          )
   GENUINE PARTS COMPANY, A )
14 NEVADA COMPANY; DOES I    )
   through XX; DOES CORPORATION)
15 I through XX; ROE EMPLOYEES I )
   through X inclusive,      )
16                          )
            Defendants.      )
17

18        **INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)**

19        Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for

20 parties appearing in the above entitled action as indicated below:

21        SHIMEKA WEST                        $270.00

22        KIMBERLY HARDING                    $ 30.00

23

24        TOTAL REMITTED: (Required)          $300.00

25

26        DATED this ___ day of April____, 2017.

27                                   ROBERT L. HEMPEN II, ESQ.

28

                                1

AOS

# DISTRICT COURT , CLARK COUNTY
## CLARK COUNTY, NEVADA

Electronically Filed
5/19/2017 1:47 PM
Steven D. Grierson
CLERK OF THE COURT

---

**SHIKEMA WEST AND KIMBERLY HARDING**   Plaintiff

**vs**

**GENUINE PARTS COMPANY; ET AL**   Defendant

CASE NO:  A-17-754291-C

HEARING DATE/TIME:  06/20/2017 at 08:00am

DEPT NO:  26

---

## AFFIDAVIT OF SERVICE

PATRICK J. PEREGRIN being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceedings in which this affidavit is made. That affiant received 1 copy(ies) of the SUMMONS, COMPLAINT, on the 12th day of May, 2017 and served the same on the 18th day of May, 2017, at 13:00 by:

serving the servee GENUINE PARTS COMPANY C/O REGISTERED AGENT THE CORPORATION TRUST COMPANY OF NEVADA by personally delivering and leaving a copy at (address) 701 S. CARSON ST. #200, CARSON CITY NV 89701 with MACIE TUELL, pursuant to NRS 14,020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

**Pursuant to NRS 53.045**

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this____18__day of____May____,____2017__.

_____
**PATRICK J. PEREGRIN**

*Junes Legal Services - 630 South 10th Street - Suite B - Las Vegas NV 89102 - 702.579.6300 - fax 702.259.6249 - Process License #1068*

EP129259 WEST/HARDING                    Copyright © 2016 Junes Legal Service Inc. and Outside The Box

Case Number: A-17-754291-C

Electronically Filed
6/6/2017 11:54 AM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Timothy A. Mott, Esq.
Nevada Bar No. 12828
*tmott@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING, <br><br> Plaintiffs, <br><br> vs. <br><br> GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive, <br><br> Defendants. | Case No.  A-17-754291-C <br> Dept. No. XXVI <br><br> **DEFENDANT GENUINE PARTS COMPANY'S INITIAL APPEARANCE FEE DISCLOSURE** |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above entitled action as indicated below:

Defendant Genuine Parts Company       $223.00

                 TOTAL     $223.00

DATED this 6th day of June, 2017.

Carol P. Michel, Esq.
Timothy A. Mott, Esq.
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
*Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

<div align="center">

**CERTIFICATE OF SERVICE**

</div>

I hereby certify that on the ᵥₜₕ day of June, 2017, a true and correct copy of the foregoing **DEFENDANT GENUINE PARTS COMPANY'S INITIAL APPEARANCE FEE DISCLOSURE** was electronically filed and served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3560 W. Cheyenne Avenue, Suite 110
N. Las Vegas, Nevada 89032
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

Page 2 of 2

Electronically Filed
6/6/2017 11:54 AM
Steven D. Grierson
CLERK OF THE COURT

**DMSC**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Timothy A. Mott, Esq.
Nevada Bar No. 12828
*tmott@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada  89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING, | Case No.  A-17-754291-C<br>Dept. No. XXVI |
| Plaintiffs, | |
| vs. | **DEMAND TO POST<br>NON-RESIDENT COST BOND** |
| GENUINE PARTS COMPANY, a Nevada Company;  DOES I through XX;  DOES CORPORATION I through XX;  ROE EMPLOYEES I through X, inclusive, | |
| Defendants. | |

Defendant Genuine Parts Company ("Defendant"), by and through its counsel of record, WEINBERG WHEELER HUDGINS GUNN & DIAL, LLC, hereby demands that the Plaintiff, Shikema West, file a non-resident cost bond in the amount of $500.00 pursuant to NRCP 18.130.

DATED this _8th_ day of June, 2017.

_____
Carol P. Michel, Esq.
Timothy A. Mott, Esq.
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
*Attorneys for Defendant Genuine Parts Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of June, 2017, a true and correct copy of the foregoing **DEMAND TO POST NON-RESIDENT COST BOND** was electronically filed on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3560 W. Cheyenne Avenue, Suite 110
N. Las Vegas, Nevada 89032
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

_____
An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

Page 2 of 2

Electronically Filed
6/12/2017 2:22 PM
Steven D. Grierson
CLERK OF THE COURT

**NOTC**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Timothy A. Mott, Esq.
Nevada Bar No. 12828
*tmott@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING,<br><br>                    Plaintiffs,<br><br>vs.<br><br>GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive,<br><br>                    Defendants. | Case No.   A-17-754291-C<br>Dept. No. XXVI<br><br><br>**DEFENDANT'S NOTICE OF WITHDRAWAL OF DEMAND TO POST NON-RESIDENT COST BOND** |

Defendant Genuine Parts Company ("Defendant"), by and through its attorneys Carol P. Michel, Esq. and Timothy A. Mott, Esq. of the law firm of Weinberg Wheeler Hudgins Gunn & Dial, LLC, hereby withdraws its "DEMAND TO POST NON-RESIDENT COST BOND" on Shikema West, filed on June 6, 2017.

DATED this _12th_ day of June, 2017.

Carol P. Michel, Esq.
Timothy A. Mott, Esq.
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
*Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3888

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

## CERTIFICATE OF SERVICE

I hereby certify that on the ⟨12th⟩ day of June, 2017, a true and correct copy of the foregoing **DEFENDANT'S NOTICE OF WITHDRAWAL OF DEMAND TO POST NON-RESIDENT COST BOND** was electronically filed and served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3560 W. Cheyenne Avenue, Suite 110
N. Las Vegas, Nevada 89032
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

Electronically Filed
6/14/2017 3:38 PM
Steven D. Grierson
CLERK OF THE COURT

**ANSC**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Timothy A. Mott, Esq.
Nevada Bar No. 12828
*tmott@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

*Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC*
*6385 S. Rainbow Blvd., Suite 400*
*Las Vegas, Nevada 89118*
*(702) 938-3838*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING, | Case No. A-17-754291-C |
| Plaintiffs, | Dept. No. XXVI |
| vs. | |
| GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive, | **DEFENDANT GENUINE PARTS COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** |
| Defendants. | |

Defendant Genuine Parts Company ("Defendant"), by and through its attorneys, Carol P.

Michel, Esq. and Timothy A. Mott, Esq., of the law firm of Weinberg, Wheeler, Hudgins, Gunn

and Dial, LLC, submits its Answer to Plaintiffs' Complaint.

1.      Answering paragraph I of the Complaint, Defendant is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in this paragraph

and therefore denies the same.

2.      Answering paragraph II of the Complaint, Defendant admits the allegations

contained in this paragraph.

3.      Answering paragraph III of the Complaint, Defendant is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in this paragraph

1  and therefore denies the same.

2      4.      Answering paragraph IV of the Complaint, Defendant is without knowledge or

3  information sufficient to form a belief as to the truth of the allegations contained in this paragraph

4  and therefore denies the same.

5      5.      Answering paragraph V of the Complaint, Defendant is without knowledge or

6  information sufficient to form a belief as to the truth of the allegations contained in this paragraph

7  and therefore denies the same.

8      6.      Answering paragraph VI of the Complaint, Defendant denies that a collision

9  occurred between a vehicle being driven by Plaintiff Shikema West and a vehicle owned by

10  Genuine Parts Company.  The allegations in the Complaint concerning agency and respondeat

11  superior liability call for legal conclusions to which no response is required.  To the extent a

12  response is required, Defendant denies those allegations contained in this paragraph.  Defendant is

13  without knowledge or information sufficient to form a belief as to the truth of the remaining

14  allegations contained in this paragraph and therefore denies the same.

15      7.      Answering paragraph VII of the Complaint, Defendant denies the allegations

16  contained in this paragraph.

17      8.      Answering paragraph VIII of the Complaint, Defendant denies the allegations

18  contained in this paragraph.

19      9.      Answering paragraph IX of the Complaint, Defendant denies the allegations

20  contained in this paragraph.

21      10.      Answering paragraph X of the Complaint, Defendant denies the allegations

22  contained in this paragraph.

23      11.      Answering paragraph XI of the Complaint, Defendant denies the allegations

24  contained in this paragraph.

25      Responding to the last unnumbered paragraph of the Complaint which begins with

26  WHEREFORE, Defendant denies Plaintiffs are entitled any relief or recovery whatsoever.  Any

27  allegations of the Complaint not heretofore responded to are hereby denied.

28  / / /

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

**Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC**
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Necessary and indispensable parties may not have been joined and/or parties may have been improperly joined.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or reduced through the comparative negligence of Plaintiffs.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to mitigate damages.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

If Plaintiffs have settled their claims for the alleged injuries with any other persons or entities, Defendant is entitled to a credit and set-off in the amount of such settlement.

**EIGHTH AFFIRMATIVE DEFENSE**

The alleged injuries and damages complained of by Plaintiffs were caused in whole or in part by a new, independent and superseding intervening cause over which Defendant had no control.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to exercise ordinary care, caution or prudence for their own safety, thereby proximately causing or contributing to the cause of Plaintiffs' damages, if any, through their own negligence.

**TENTH AFFIRMATIVE DEFENSE**

The liability, if any, of Defendant must be reduced by the percentage of fault of others.

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred as Plaintiffs assumed the risk of the activity that is the subject of this Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

The negligence of Plaintiffs exceeded that of Defendant, if any, and therefore, Plaintiffs are barred from recovery.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to allege facts or a cause of action against Defendant sufficient to support a claim for attorneys' fees.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred as Defendant was acting in self defense.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred as Defendant was acting in the defense of others.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as facts were not available after reasonable inquiry upon the filing of Defendant's Answer to Plaintiffs' Complaint, and therefore, Defendant reserves the right to amend its Answer to Plaintiffs' Complaint to allege additional affirmative defenses if subsequent investigation warrants.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, Defendant respectfully requests that this Court enter judgment as follows:

1.    That Plaintiffs take nothing by virtue of their Complaint;

2.    That Plaintiffs' Complaint be dismissed with prejudice and that Defendant be dismissed from this action;

3.    For an award of reasonable attorneys' fees and costs of suit;

4.    For such other relief as the Court may deem just and proper; and

5.    That the case be tried before a jury.

DATED this __14__ day of June, 2017.

Bar No. 12016

Carol P. Michel, Esq.
Timothy A. Mott, Esq.
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
*Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

<div align="right">

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

</div>

1

## CERTIFICATE OF SERVICE

2       I hereby certify that on the ⎣4ᵗʰ day of June, 2017, a true and correct copy of the

3   foregoing **DEFENDANT GENUINE PARTS COMPANY'S ANSWER TO PLAINTIFFS'**

4   **COMPLAINT** was electronically filed and served on counsel through the Court's electronic

5   service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail

6   addresses noted below, unless service by another method is stated or noted:

7

8   Robert L. Hempen II, Esq.
    LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
9   3560 W. Cheyenne Avenue, Suite 110
    N. Las Vegas, Nevada 89032
10  (702) 383-9955
    (702) 839-7999 FAX
11  *Attorneys for Plaintiffs*

12

13

14            *Kelly L. Pierce*

15      An employee of WEINBERG, WHEELER, HUDGINS
            GUNN & DIAL, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically Filed
6/14/2017 3:38 PM
Steven D. Grierson
CLERK OF THE COURT

**DMJT**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Timothy A. Mott, Esq.
Nevada Bar No. 12828
*tmott@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING, <br><br> Plaintiffs, <br><br> vs. <br><br> GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive, <br><br> Defendants. | Case No.  A-17-754291-C <br> Dept. No. XXVI <br><br><br> **DEFENDANT GENUINE PARTS COMPANY'S DEMAND FOR JURY TRIAL** |

DEMAND is hereby made by Defendant Genuine Parts Company for trial by jury in the above-captioned matter

DATED this ⎽⎽⎽⎽ day of June, 2017.

⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽ *Bar No. 12016*
Carol P. Michel, Esq.
Timothy A. Mott, Esq.
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
*Attorneys for Defendant Genuine Parts Company*

*Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC*
*6385 S. Rainbow Blvd., Suite 400*
*Las Vegas, Nevada 89118*
*(702) 938-3838*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of June, 2017, a true and correct copy of the foregoing **DEFENDANT GENUINE PARTS COMPANY'S DEMAND FOR JURY TRIAL** was electronically filed and served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3560 W. Cheyenne Avenue, Suite 110
N. Las Vegas, Nevada 89032
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

_____
An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

Electronically Filed
08/30/2017

CLERK OF THE COURT

**COMS**

1

2                                  DISTRICT COURT

3                          CLARK COUNTY, NEVADA

4

5   SHIKEMA WEST and KIMBERLY HARDING,   )
                                          )
6                    Plaintiffs,          )
                                          )
7   v.                                    )   CASE NO.   A-17-754291-C
                                          )   DEPT NO.   XXVI
8   GENUINE PARTS COMPANY, A NEVADA       )
    COMPANY; DOES I through XX; DOES      )
9   CORPORATION I through XX; ROE         )
    EMPLOYEES I through X inclusive,      )
10                                        )
                                          )
11                   Defendants.          )
                                          )                17-2657
12  ──────────────────────────────────────)

13          **COMMISSIONER'S DECISION ON REQUEST FOR EXEMPTION**

14  NATURE OF ACTION:  Personal injury – automobile

15  DATE OF FILING REQUEST FOR EXEMPTION:  August 15, 2017

16  EXEMPTION FILED BY:  Plaintiffs            OPPOSITION:          Yes

17  ATTORNEY FOR PLAINTIFFS:  Robert L. Hempen, II, Esq., Law Offices of Robert L.

18      Hempen

19

20  ATTORNEY FOR DEFENDANT:  Timothy A. Mott, Esq., Weinberg, Wheeler, Hudgins,

21      Gunn & Dial

22  ARBITRATOR:  Kirby J. Smith, Esq.

23                              **FINDINGS**

24      Plaintiffs' counsel to pay all fees and costs of the Arbitrator. Due to late filing of the

25  Request for Exemption, Plaintiffs' counsel to pay $150.00 sanction to the Clark County

26  Law Library on or before September 29, 2017.

27

28  . . .

**ADR
COMMISSIONER**
EIGHTH JUDICIAL
DISTRICT COURT

. . .

WEST/A-17-754291-C

DECISION:          EXEMPTION GRANTED    __XX__

                   EXEMPTION DENIED     _____

DATED this _29th_ day of August, 2017.

_[signature]_

ADR COMMISSIONER

**NOTICE**

Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days from the date you are served with this document within which to file written objections with the Commissioner at the ADR Office and serve all parties. The Commissioner's Decision is deemed served three (3) days after the Commissioner's designee deposits a copy of the Decision in the U.S. Mail.

A copy of the foregoing ADR Commissioner's Decision was:

__√__          Mailed to the Plaintiff's/Defendant's counsel and Arbitrator at their last known address(es) on the _30th_ day of August, 2017.

_____         Mailed to Plaintiff/Defendant at the following address(es) on the _____ day of August, 2017.

By_____

ADR COMMISSIONER'S DESIGNEE

ADR
COMMISSIONER
EIGHTH JUDICIAL
DISTRICT COURT

ʷ⁴|⁴|¹⁷

☐ **ORIGINAL**

1   REA
    ROBERT L. HEMPEN II, ESQ.
2   NEVADA BAR #003433
    LAW OFFICES OF ROBERT L. HEMPEN II, ESQ.
3   3560 W. Cheyenne Ave., Suite 110
    N. Las Vegas, Nevada 89032
4   (702) 383-9955
    ATTORNEY FOR PLAINTIFFS
5

FILED

2017 AUG 15  P 4: 31

ADR

                    DISTRICT COURT

6

7                CLARK COUNTY, NEVADA

8                        * * * *

9   SHIKEMA WEST and KIMBERLY HARDING,         )
                                                )
10       Plaintiffs,                            )     CASE NO.:   A-17-754291-C
                                                )     DEPT. NO.:  XXVI
11       vs.                                    )
                                                )
12   GENUINE PARTS COMPANY, A NEVADA            )
     COMPANY; DOES I through XX; DOES           )
13   CORPORATION I through XX; ROE              )
     EMPLOYEES I through X inclusive,           )
14                                              )        *17-2657*
         Defendants                             )
15  _____)

16        **PETITION FOR EXEMPTION FROM ARBITRATION**

17       Plaintiff, KIMBERLY HARDING, by and through her attorney of record, ROBERT L.

18  HEMPEN II, ESQ., hereby requests the above-entitled matter be exempted from arbitration pursuant to

19  Nevada Arbitration Rules 3 and 5, as this case:

20       1.      _____ presents a significant issue of public policy;

21       2.      _X_ involves an amount in issue in excess of $50,000, exclusive of interest and costs;

22       3.      _____ presents unusual circumstances which constitute good cause for removal from the

23  program.

24  / / /

25

26  / / /

27                                1

28

# FACTS

## I.

4.      On or about May 26, 2015, Kimberly Harding was a passenger in a vehicle being driven by Shikema West, northbound on Interstate 15 near the Cheyenne Avenue exit, Clark County, Nevada.

5.      A collision occurred at or near the Cheyenne Avenue exit, County of Clark, State of Nevada, involving a vehicle being driven by Ms. West and a vehicle being driven by Defendant,  DOE I and owned by Defendant Genuine Parts Company.

6.      Following the incident, Ms. Harding went home with some pain in her neck, lower back and a contusion to the right side of her face.  The next day the pain intensified.  She immediately sought medical treatment through the emergency room at a local hospital and began physical therapy regimen with Dr. Stephen Shaw, DC under the care of Raymond Nicholl, M.D.; which provided moderate, but temporary relief.  Ms. Harding underwent MRI scans of the lumbar and cervical spine.  Lumbar MRI revealed multilevel degenerative changes, exacerbation of congenital narrowing of the spinal canal related to the pedicles, predominating at the L4-5 level.  Spinal canal narrowing present at L5-S1 with increased signal in the posterior elements at L5-S1, possibly indicative of ligamentous injury or severe faced reactive changes.  The cervical MRI revealed discogenic pathology primarily at C5-6 and C6-7.  Central zone of extrusion at C5-6 with 6-mm canal and at C6-7 with a 7-mm canal.  It also revealed flattening of the cord at the C6-7 level..  Following said MRIs Dr. Nicholl referred Ms. Harding to Dr. Kabins for an orthopedic consultation, due to her ongoing complaints of neck pain and lower back pain radiating into the upper and lower extremities.  Dr. Kabins recommended selective nerve root block/transforaminal epidural injections into the cervical spine.  Plaintiff opted not to proceed with the injections due to her phobia of needles.  She was discharged from care on or about 10/26/15. Plaintiff continued to experience for several months significant neck and lower back pains and on or about 5/10/17, return to see Dr. Kabins for an evaluation.   Dr. Kabins once again recommended injections.  Ms. Harding was then seen by the pain management doctor on or about 5/30/17 and on 6/14/17 had cervical bilateral nerve root block at C6-7.

Lumbar selective nerve root block bilateral at L4 have also been recommended, at an estimated cost of $7,050. Ms. Harding is still receiving medical treatment.

7.      Ms. Harding has required extensive treatment and is still being seen by a number of specialists. The medical expenses verified to date are approximately in the amount of $41,069.56.[1]

8.      Therefore, Plaintiff respectively requests that this Court exempt this matter from the arbitration process as her claim exceeds the value of $50,000.00.

I hereby certify, pursuant to NRCP Rule 11, this case is to be within the exemption marked above and I am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

DATED this ____ day of August, 2017.

LAW OFFICES OF ROBERT L. HEMPEN II, ESQ.

BY: _____
ROBERT L. HEMPEN II, ESQ.
Nevada Bar #003433
3560 W. Cheyenne Ave., Suite 110
N. Las Vegas, NV 89032
(702) 383-9955
Attorney for Plaintiffs

3

[1] Medical bills and records are available and can be provided immediately upon request.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify, that service of the foregoing PETITION FOR EXEMPTION FROM ARBITRATION was made this _14th_ day of August, 2017, with E-FILE/E-SERVICE using WIZNET/DAP and via U.S. Mail, in a sealed envelope, with postage prepaid, addressed to the following:

TIMOTHY A. MOTT, ESQ.
WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
tmott@wwhgd.com
Attorneys for Defendants

KIRBY J. SMITH, ESQ.
9562 W. Craig Rd.
Las Vegas, NV 89129
kirby@kjsltd.com
Arbitrator

_Shyloh L_

An Employee of the Law Offices of Robert L. Hempen II, Esq.

4

ELECTRONICALLY SERVED
8/16/2017 5:09 PM

COPY

FILED

2017 AUG 21 P 3:31

ADR

**OPPS**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Timothy A. Mott, Esq.
Nevada Bar No. 12828
*tmott@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING, <br><br> Plaintiffs, <br><br> vs. <br><br> GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive, <br><br> Defendants. | Case No. A-17-754291-C <br> Dept. No. XXVI <br><br> **OPPOSITION TO PLAINTIFF KIMBERLY HARDING'S PETITION FOR EXEMPTION FROM ARBITRATION** |

*17-2657*

Defendant Genuine Parts Company ("Defendant"), by and through its attorneys, Carol P. Michel, Esq. and Timothy A. Mott, Esq., of the law firm of Weinberg, Wheeler, Hudgins, Gunn and Dial, LLC, hereby submits the following Opposition to Plaintiff Kimberly Harding's Petition for Exemption from Arbitration. This Opposition is made and based upon Nevada Arbitration Rules, the Memorandum of Points and Authorities, the papers and pleadings on file in this action, and any oral argument this Court may allow.

/ / /

/ / /

/ / /

/ / /

**EXHIBIT "B"**

**Argument**

### I.   PLAINTIFF KIMBERLY HARDING'S PETITION IS UNTIMELY AND FAILS TO DEMONSTRATE "GOOD CAUSE" JUSTIFYING THE UNTIMELY REQUEST.

"The Court Annexed Arbitration Program . . . is a mandatory, non-binding arbitration program . . . for certain civil cases commenced in judicial districts that include a county whose population is 100,000 or more." NAR 1. "The purpose of the program is to provide a simplified procedure for obtaining a prompt and equitable resolution of certain civil matters." NAR 2(A).

Plaintiff Kimberly Harding filed her Petition for Exemption from Arbitration, asserting entitlement to Exemption under Nevada Rule of Arbitration 3(A) which states:

> All civil cases commenced in the district courts that have a probable jury award value not in excess of $50,000 per plaintiff, exclusive of interest and costs, and regardless of comparative liability, are subject to the program . . . .

"[I]f a party believes that a case should not be in the program, that party ***must*** file with the commissioner a request to exempt the case from the program and serve the request on any party who has appeared in the action." NAR 5(A). "The request for exemption ***must*** be filed within *20 days* after the filing of an answer by the first answering defendant . . . ." *Id*. The rules provide a limited avenue of relief from the aforementioned rules, but only where "good cause [has been] shown." *Id*. Moreover, the rules state that relief "may subject the requesting party to sanctions by the commissioner." *Id*.

In this case, Defendant filed its Answer to Plaintiffs' Complaint on June 14, 2017. Pursuant to NAR 5(A), Plaintiff was required to file her Petition for Exemption from Arbitration within twenty (20) days—July 5, 2017. Plaintiff failed to submit a timely Petition for Exemption from Arbitration by July 5, 2017. Thereafter, on August 7, 2017, Kirby J. Smith, Esq. was appointed as Arbitrator in this matter.

On August 14, 2017—more than five (5) weeks after the deadline had lapsed—Plaintiff filed her Petition for Exemption from Arbitration. In her untimely Petition, Plaintiff failed to set forth any "good cause" justifying her "untimely request for exemption" as required by NAR5(A). Given Plaintiff's untimely request for exemption, failure to provide "good cause", and Mr. Kirby's

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

1    appointment as Arbitrator in this matter, Plaintiff's request for exemption should be denied.

2        Further, based on the recollection of Defendant's driver involved in the subject incident,

3    there is a dispute as to whether Plaintiff Kimberly Harding was in the subject vehicle at the time of

4    the incident.  Moreover, it is undisputed that Plaintiff Kimberly Harding had pre-existing cervical

5    and lumbar spine conditions, including twenty-five (25) years of chronic lumbar spine pain, as

6    documented in her medical records.  Thus, beyond Plaintiff's untimely request, failure to provide

7    "good cause", and Mr. Kirby's appointment as Arbitrator in this matter, there are legitimate

8    concerns as to liability, including causation.

9        Defendants are not advocating for sanctions against the Plaintiff. Rather, Defendants

10   respectfully submit that this case should remain docketed in Court Annexed Arbitration Program.

11                           **Relief Requested**

12        For the aforementioned reasons, Defendant respectfully requests that Plaintiff Kimberly

13   Harding's Petition for Exemption from Arbitration be denied, and that this matter remain in the

14   Court Annexed Arbitration Program.

15        DATED this 16th day of August, 2017.

16

17

18                        Carol P. Michel, Esq.
                              Timothy A. Mott, Esq.

19                        WEINBERG, WHEELER, HUDGINS,
                              GUNN & DIAL, LLC

20                        6385 S. Rainbow Blvd., Suite 400
                              Las Vegas, NV  89118

21                        *Attorneys for Defendant Genuine Parts Company*

22

23

24

25

26

27

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of August, 2017, a true and correct copy of the foregoing **OPPOSITION TO PLAINTIFF KIMBERLY HARDING'S PETITION FOR EXEMPTION FROM ARBITRATION** was electronically filed and served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3560 W. Cheyenne Avenue, Suite 110
N. Las Vegas, Nevada 89032
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

Odyssey File & Serve - Envelope Receipt     🄯COPY     Page 1 of 2

# Envelope Information

| **Envelope Id** | **Submitted Date** | **Submitted User Name** |
|---|---|---|
| 1366075 | 8/16/2017 5:09 PM PST | kpierce@wwhgd.com |

# Case Information

| **Location** | **Category** | **Case Type** |
|---|---|---|
| Department 26 | Civil | Negligence - Auto |

| **Case Initiation Date** | **Case #** |
|---|---|
| 4/20/2017 | A-17-754291-C |

**Assigned to Judge**
Sturman, Gloria

# Filings

| **Filing Type** | **Filing Code** |
|---|---|
| Serve | Service Only |

**Filing Description**
Opposition to Plaintiff Kimberly
Harding's Petition for Exemption
from Arbitration

**Client Reference Number**
2780.029

**Filing on Behalf of**
Genuine Parts Company

**Filing Status**
Served

## Service Document

| **File Name** | **Security** | **Download** |
|---|---|---|
| Opp to Exemption.pdf | | Original File |
| | | Court Copy |

## eService Details

| Status | Name | Firm | Served | Date Opened |
|---|---|---|---|---|
| Sent | Carol Michel | | Yes | Not Opened |
| Sent | Timothy Mott | | Yes | Not Opened |

| Status | Name | Firm | Served | Date Opened |
|--------|------|------|--------|-------------|
| Sent | Kelly Pierce | | Yes | Not Opened |
| Sent | Gemma Endozo | | Yes | Not Opened |
| Sent | Mary Rodriguez . | | Yes | Not Opened |
| Sent | Robert L. Hempen . | | Yes | Not Opened |
| Sent | Kirby J. Smith | | Yes | Not Opened |

## Parties with No eService

| Name | Address |
|------|---------|
| Shikema West | |

| Name | Address |
|------|---------|
| Kimberly Harding | |

## Fees

**Service Only**

| Description | Amount |
|-------------|--------|
| Filing Fee | $0.00 |
| | **Filing Total: $0.00** |

| | |
|---|---|
| Total Filing Fee | $0.00 |
| | **Envelope Total: $0.00** |

**Filing Attorney**          Timothy Mott

© 2017 Tyler Technologies                                      Version: 3.16.2.5794

**COPY**

**Pierce, Kelly L.**

| | |
|---|---|
| **From:** | efilingmail@tylerhost.net |
| **Sent:** | Wednesday, August 16, 2017 5:10 PM |
| **To:** | Pierce, Kelly L. |
| **Subject:** | Notification of Service for Case:  A-17-754291-C, Shikema West, Plaintiff(s)vs.Genuine Parts Company, Defendant(s) for filing Service Only, Envelope Number: 1366075 |

# Notification of Service

Case Number: A-17-754291-C
Case Style: Shikema West, Plaintiff(s)vs.Genuine Parts Company, Defendant(s)
Envelope Number: 1366075

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.



| Filing Details | |
|---|---|
| **Case Number** | A-17-754291-C |
| **Case Style** | Shikema West, Plaintiff(s)vs.Genuine Parts Company, Defendant(s) |
| **Date/Time Submitted** | 8/16/2017 5:09 PM PST |
| **Filing Type** | Service Only |
| **Filing Description** | Opposition to Plaintiff Kimberly Harding's Petition for Exemption from Arbitration |
| **Filed By** | Kelly Pierce |
| **Service Contacts** | Genuine Parts Company:<br><br>Carol Michel (cmichel@wwhgd.com)<br><br>Timothy Mott (tmott@wwhgd.com)<br><br>Kelly Pierce (kpierce@wwhgd.com)<br><br>Gemma Endozo (gendozo@wwhgd.com)<br><br><br>Other Service Contacts not associated with a party on the case:<br><br>Mary Rodriguez . (mary@hempenlaw.com)<br><br>Robert L. Hempen . (hempenlawoffice@yahoo.com)<br><br>Kirby Smith (kirby@kjsltd.com) |

1

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 7 days. | |

8/15

● ORIGINAL ●

1  REA
   ROBERT L. HEMPEN II, ESQ.
2  NEVADA BAR #003433
   LAW OFFICES OF ROBERT L. HEMPEN II, ESQ.
3  3560 W. Cheyenne Ave., Suite 110
   N. Las Vegas, Nevada 89032
4  (702) 383-9955
5  ATTORNEY FOR PLAINTIFFS

**FILED**

2017 AUG 25 P 4: 35

**ADR**

DISTRICT COURT

6
7  CLARK COUNTY, NEVADA

8                              * * * *

9  SHIKEMA WEST and KIMBERLY HARDING,    )
                                         )
10        Plaintiffs,                    )    CASE NO.:   A-17-754291-C
                                         )    DEPT. NO.:  XXVI
11              vs.                      )
                                         )
12 GENUINE PARTS COMPANY, A NEVADA       )
   COMPANY; DOES I through XX; DOES      )
13 CORPORATION I through XX; ROE         )
   EMPLOYEES I through X inclusive,      )
14                                       )
                                         )           17-2657
         Defendants                      )
15 _____)

16  ### REPLY TO DEFENDANT'S OPPOSITION TO KIMBERLY HARDING'S PETITION FOR EXEMPTION FROM ARBITRATION

17       Comes now Plaintiff, KIMBERLY HARDING, by and through her attorney of record,

18  ROBERT L. HEMPEN II, ESQ., and hereby Replies to Defendant's Opposition to the Petition for

19  Exemption from Arbitration.

20  / / /

21

22  / / /

23

24

25  / / /

26

27  / / /                              1

28

EXHIBIT "C"

1      This Reply is made and based upon the Points and Authorities attached hereto and all documents

2  on file herein.

3      DATED this ___ day of August, 2017.

4                    LAW OFFICES OF ROBERT L. HEMPEN II, ESQ.

5

6

7                    BY: _____

8                    ROBERT L. HEMPEN II, ESQ.
                   Nevada Bar #003433

9                    3560 W. Cheyenne Ave., Suite 110
                   N. Las Vegas, NV 89032

10                   (702) 383-9955
                  Attorney for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                         2

28

## POINTS AND AUTHORITIES

Defendant states that the Petition for Exemption from Arbitration was filed untimely. The Defendant's Answer to the Complaint was filed on June 14, 2017. At said time, the total amount of the medical expenses incurred and verified were at $30,957.56. Ms. Harding had been discharged from medical care on 10/26/15. Dr. Kabins had recommended selective nerve root block/transforaminal epidural injections into the cervical spine. Plaintiff opted not to proceed with the injections due to her phobia of needles. Ms. Harding continued to experience for several months significant neck and lower back pains and on or about 5/10/17, return to see Dr. Kabins for an evaluation. Dr. Kabins once again recommended injections. Ms. Harding was then seen by the pain management doctor on or about 5/30/17 and on 6/14/17 had her first set of cervical bilateral nerve root block at C6-7. Following said procedure, she has also received lumbar selective nerve root block bilateral at L4. Ms. Harding is still receiving medical treatment.

The requests for the additional medical bills and records were immediately submitted. Once said records and bills were received, Ms. Harding moved forward with her Petition for Exemption from Arbitration. Since the initial discharge from care, Ms. Harding has incurred an additional $17,552.00 in medical expenses.

The other issues raised by the Defendant are to be decided by trier of fact.

DATED this _____ day of August, 2017.

LAW OFFICES OF ROBERT L. HEMPEN II, ESQ.

BY: _____
ROBERT L. HEMPEN II, ESQ.
Nevada Bar #003433
3560 W. Cheyenne Ave., Suite 110
N. Las Vegas, NV 89032
(702) 383-9955
Attorney for Plaintiffs

3

## CERTIFICATE OF SERVICE

I hereby certify, that service of the foregoing REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF KIMBERLY HARDING'S PETITION FOR EXEMPTION FROM ARBITRATION was made this 25th day of August, 2017, with E-FILE/E-SERVICE using WIZNET/DAP and via U.S. Mail, in a sealed envelope, with postage prepaid, addressed to the following:

TIMOTHY A. MOTT, ESQ.
WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
tmott@wwhgd.com
Attorneys for Defendants

An Employee of the Law Offices of Robert L. Hempen II, Esq.

4

Electronically Filed
09/22/2017

CLERK OF THE COURT

# DISTRICT COURT

## CLARK COUNTY, NEVADA

Shikema West, Plaintiff(s)

vs.

Genuine Parts Company, Defendant(s)

CASE NO.  A-17-754291-C

Department 26

## **ARBITRATION FILE**

1

REA GR 8/28/17

1  **DO**
2  Kirby J. Smith, Esq.
   Nevada Bar No. 414
3  KIRBY J. SMITH, LTD.
   9562 W. Craig Rd.
4  Las Vegas, Nevada 89129
   (702) 907-0557 (Telephone)
5  Kirby@KJSLtd.com

6

FILED

2017 AUG 28  A 11: 45

ADR

7

8                          DISTRICT COURT

9                       CLARK COUNTY, NEVADA

10  SHIKEMA WEST and KIMBERLY HARDING,  )
                                         )
11              Plaintiffs,              )
                                         )
12  v.                                   )      CASE NO.   A-17-754291-C
                                         )
13                                       )      DEPT NO. XXVI
                                         )
14  GENUINE PARTS COMPANY, a NEVADA      )
    COMPANY; DOES I through XX; DOES     )
15  CORPORATION I through XX; ROE        )
    EMPLOYEES I through X inclusive,     )
16                                       )
                                         )
17                                       )
                                         )
18                                       )      **ARBITRATION**
                                         )      **17 – 2657**
19              Defendant.               )
                                         )
20  ─────────────────────────────────────)

21

22              **ARBITRATION DISCOVERY ORDER**

23          Pursuant to N.A.R. 11, an Early Arbitration Conference was held on **the 25th day of August, 2017**.  On the conference call were Robert L. Hempen, II, Esq., Timothy A. Mott, Esq. and the Arbitrator, Kirby J. Smith, Esq.  Having discussed proposed discovery as required by Rule 11, and good cause appearing therefore,

24          1.      IT IS ORDERED the time and location of the **arbitration hearing is January 31, 2018 at 1:30 PM** (which is prior to the deadline of **February 7, 2018**), at Advanced Resolution

25

26

27

28

Page 1

1    Management, 6980 South Cimarron Rd., Suite 210, Las Vegas, NV 89113. Failure to appear for the

2    arbitration hearing at the time designated may result in a cancellation fee payable to the arbitrator

3    and/or sanction payable to opposing counsel or the Clark County Pro Bono Project.

4      2.  IT IS FURTHER ORDERED that discovery shall be completed no less than 14

5    days before the date set for the Arbitration hearing.

6      3.  IT IS FURTHER ORDERED that **discovery shall be limited** to the following:

7      a.  One deposition of each percipient witness to the accident;

8      b.  Ten (10) interrogatories, ten (10) requests to produce, and ten (10) requests to admit

9        per party;

10     c.  Each plaintiff requesting damages shall provide defendants with authorizations

11       within 14 days of being requested.

12     4.  IT IS FURTHER ORDERED that the parties, if they have not already done so, are

13   to exchange information as required by N.A.R. 11 and NRCP 16.1, within 14 days from the date of

14   this order. Except as required in the prehearing statements pursuant to N.A.R. 13(A) (*see* below),

15   disclosures and exchanges of information need not be provided to the Arbitrator unless you want

16   me to bill time to review them.

17     5.  IT IS FURTHER ORDERED the parties may stipulate to amend or expand upon

18   the discovery plan portion (¶ ¶ 2, 3 and 4) of this Order without consulting with the arbitrator.

19     6.  IT IS FURTHER ORDERED that any written motions relating to **discovery**

20   **disputes or disputed amendments to the discovery plan** may be presented informally, and need

21   not be accompanied by an affidavit, but affirmatively must set forth that a discovery dispute

22   conference or good faith effort to confer with opposing parties was undertaken, and the parties have

23   been unable to resolve the matter satisfactorily. Cf. EDCR 2.34(d). Within 2 business days after

24   service of a written motion, a nonmoving party may file written joinder thereto; within 5 business

25   days after service of the motion or 5 business days after service of the joinder, whichever is later,

26   the opposing party must serve and file written notice of non-opposition or opposition thereto, and

27   failure to file either will be considered an admission that the motion is meritorious; an opposition to

28

Page 2

a motion which contains a motion relating to the same subject matter will be considered as a countermotion to be heard at the same time; and, a moving party may file a reply within 3 business days after service of the opposition. Cf., EDCR 2.20(d) through (h). The matter will then stand submitted unless the Arbitrator requests a hearing or further briefing. In exigent circumstances, the parties may attempt to arrange a conference call to address the dispute, but only after a discovery dispute conference or good faith effort to confer with opposing parties was undertaken, and the parties have been unable to resolve the matter satisfactorily. Cf. EDCR 2.34(d).

7.    IT IS FURTHER ORDERED the **$250.00 advance deposit** for the Arbitrator's fees and costs is due by ***September 15, 2017*** (30 days from the initial request) (the Arbitrator's EIN is 47-2765303).  If a party fails to pay the required advance, the party may be subject to sanctions, including an award dismissing the complaint or entry of the noncomplying party's default.  *See* N.A.R. 24.

8.    IT IS FURTHER ORDERED that **prehearing statements** pursuant to N.A.R. 13(A) are to be delivered to the other parties and the Arbitrator no later than 10 days before the Arbitration hearing (note that NRCP 6 applies), **including copies of any pleadings**, and including copies of other documents contained in the file which that party deems relevant (see N.A.R. 13(C)). All documents and witnesses intended to be relied upon at the arbitration hearing must be provided to the arbitrator and the other parties in the prehearing statement. A party failing to comply with this order, or failing to comply with any discovery order, may not present at the arbitration hearing a witness or exhibit that was not previously furnished, except with the permission of the arbitrator upon a showing of unforeseen and unusual circumstances. N.A.R. 13(B).

9.    IT IS FURTHER ORDERED the parties are to provide **arbitration briefs** containing points and authorities discussing the material agreed and contested facts with citations to exhibits, claims made, and legal issues expected to be contested. Arbitration briefs are to be delivered to the other parties and the Arbitrator no later than 5:00 PM five **(5) business days before the Arbitration hearing** (note that NRCP 6 does not apply and that the arbitration briefs are designed to not be served in conjunction with production of the prehearing statements pursuant

KIRBY J SMITH LTD
9562 W. Craig Rd., Las Vegas NV 89129
(702) 907-0557
Kirby@KJSLtd.com

1  to N.A.R. 13(A)).

2  DATED this **25** day of August, 2017.

4  _____

5  KIRBY J. SMITH. ESQ.
   ARBITRATOR

### CERTIFICATE OF MAILING

10  I hereby certify that on the **25** day of August, 2017, I mailed a copy of the foregoing

11  **ARBITRATION DISCOVERY ORDER** in a sealed envelope, postage fully prepaid thereon,

13  addressed to the last known addresses of the persons listed as follows, by depositing same in a

14  United State Postal Service mailbox for collection by the United States Postal Service:

| COUNSEL OF RECORD | PHONE/FAX | PARTY |
|---|---|---|
| Robert L. Hempen, II, Esq.<br>LAW OFFICE OF ROBERT<br>L. HEMPEN II<br>3560 W. Cheyenne Avenue<br>N. Las Vegas, NV 89032 | Telephone: 702-383-9955<br>Facsimile:  702-839-7999 | Attorney for Plaintiff |
| Timothy A. Mott, Esq.<br>WEINBERG WHEELER<br>HUDGINS GUNN & DIAL<br>6385 S. Rainbow Blvd.<br>Suite 400<br>Las Vegas, NV 89118 | Telephone: 702-938-3813<br>Facsimile:  702-938-3864 | Attorney for Defendant |
| ADR Commissioner<br>330 S. 3rd St., #1060<br>Las Vegas NV 89101 | | |

_____

Employee of Arbitrator

KIRBY J SMITH LTD
9562 W. Craig Rd., Las Vegas NV 89129
(702) 907-0557
Kirby@KJSLtd.com

Page 4

1  **APPA**                                                    71862;37;684;727;92;350

2

3                              DISTRICT COURT

4                          CLARK COUNTY, NEVADA

5

6  SHIKEMA WEST and KIMBERLY HARDING,           )

7              Plaintiffs,                        )
                                                  )
8  v.                                             )   CASE NO.   A-17-754291-C
                                                  )   DEPT NO.   XXVI
9  GENUINE PARTS COMPANY, A NEVADA               )
   COMPANY; DOES I through XX; DOES              )
10 CORPORATION I through XX; ROE                 )
   EMPLOYEES I through X inclusive,              )
11                                                )
12            Defendants.                         )   **ARBITRATION**
   _____)       **17-2657**

13

14                  **APPOINTMENT OF ARBITRATOR**

15 **TO:**  ROBERT L. HEMPEN, II, ESQ., LAW OFFICE OF ROBERT L. HEMPEN II,
          attorney for Plaintiffs; and

16 **TO:**  TIMOTHY A. MOTT, ESQ., WEINBERG, WHEELER, HUDGINS, GUNN &
17        DIAL, attorney for Defendant.

18

19 KIRBY J. SMITH has been appointed as arbitrator in the above entitled matter.

20        If for any reason the arbitrator cannot act in this case, you must notify the ADR

21 Commissioner within ten (10) days so a new arbitrator can be selected without prejudice to

22 the parties.

23        Within thirty (30) days after the appointment of the arbitrator the parties must meet

24 with the arbitrator to confer, exchange documents, identify witnesses known to the parties

25 which would otherwise be required pursuant to N.R.C.P. 16.1, and to formulate a discovery

26 plan, if necessary.

27

28

**ADR
COMMISSIONER**
EIGHTH JUDICIAL
DISTRICT COURT

WEST/A-17-754291-C

All arbitrations shall take place and awards filed no later than six (6) months from the date of the arbitrator's appointment, unless otherwise provided by the rules.

The arbitrator shall give immediate <u>written notification</u> to the ADR Commissioner of the arbitration date and any change thereof, any settlement or any change of counsel.

Awards shall be in writing, signed by the Arbitrator and filed with the ADR Commissioner within the time guidelines set by the rules.

DATED this 7th day of August, 2017.

ADR COMMISSIONER

WEST/A-17-754291-C

## NOTICE

A copy of the foregoing Appointment of Arbitrator was:

✓      Mailed to Plaintiff's/Defendant's counsel and Arbitrator at their last known address(es) on the _____ day of August, 2017.

_____      Mailed to the Plaintiff/Defendant at the following address(es) on the _____ day of August, 2017.

By _____

COMMISSIONER DESIGNEE

**NOTE:  THE ARBITRATOR'S APPOINTMENT DATE IS THE DATE OF SERVICE.**

http://www.clarkcountycourts.us/departments/adr/

ADR
COMMISSIONER
EIGHTH JUDICIAL
DISTRICT COURT

1   **SELL**                                                     71862;37;684;727;92;350

2

3                           DISTRICT COURT

4                      CLARK COUNTY, NEVADA

5

6   SHIKEMA WEST and KIMBERLY HARDING,    )

7               Plaintiffs,         )

8   v.                            )  CASE NO.   A-17-754291-C

                                )  DEPT NO.   XXVI

9   GENUINE PARTS COMPANY, A NEVADA     )

   COMPANY; DOES I through XX; DOES       )

10  CORPORATION I through XX; ROE          )

   EMPLOYEES I through X inclusive,       )

11                           )

12            Defendants.       )   **ARBITRATION**

13

14               **ARBITRATION SELECTION LIST**

15   **TO:**   ROBERT L. HEMPEN, II, ESQ., LAW OFFICE OF ROBERT L. HEMPEN II, attorney for Plaintiffs; and

16

17   **TO:**   TIMOTHY A. MOTT, ESQ., WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, attorney for Defendant.

18       Pursuant to Rule 6 of the Nevada Arbitration Rules, the following persons have

19 been randomly selected as potential arbitrators in the above-entitled case:

20      ~~1. William E. Freedman~~

21      2. Sean K. Claggett

22      3. David B. Wasson

        ④ Kirby J. Smith

23      ~~5. Robert A. Weaver~~

24       Each party shall, within ten (10) days, file with the ADR Commissioner a signed

25 copy of this list with no more than two (2) names stricken.

26       If one or both parties respond, the ADR Commissioner will appoint an arbitrator

27 from among those names not stricken.  If neither party files within ten (10) days, the ADR

28 Commissioner will appoint one of the above arbitrators.

**ADR COMMISSIONER**
EIGHTH JUDICIAL
DISTRICT COURT

WEST/A-17-754291-C

If there are more than two (2) adverse parties, two (2) additional arbitrators per each additional party shall be added to the list with the above method of selection to apply.  If several parties are represented by one attorney, they shall be considered as one party.

DATED this _____ day of July,  2017.

_____
ADR COMMISSIONER

I choose to strike the names as designated.

DATED this _____ day of _____, 2017.

_____
ATTORNEY

WEST/A-17-754291-C

## NOTICE

Pursuant to Nevada Arbitration Rule 6(C), you are hereby notified you have ten (10) days from the date you are served with this document within which to strike no more than two (2) names from the arbitration list and file it with the ADR Commissioner at the ADR Office.    The Arbitration Selection List is deemed served three (3) days after the Commissioner's designee deposits a copy of the list in the U.S. Mail.

A copy of the foregoing Arbitration Selection List was:

✓     Mailed to Plaintiff's/Defendant's counsel at their last known address(es) on the 13th day of July, 2017.

_____     Mailed to Plaintiff/Defendant at the following address(es) on the ____ day of July, 2017.

By_____
          COMMISSIONER DESIGNEE

http://www.clarkcountycourts.us/departments/adr/

**ADR**
**COMMISSIONER**
EIGHTH JUDICIAL
DISTRICT COURT

**SELL**                                          71862;37;684;727;92;350

DISTRICT COURT   FILED

CLARK COUNTY, NEVADA
2011 JUL 27  P 3: 30

ADR

SHIKEMA WEST and KIMBERLY HARDING,   )
                                     )
            Plaintiffs,              )
                                     )
v.                                   )   CASE NO.   A-17-754291-C
                                     )   DEPT NO.   XXVI
GENUINE PARTS COMPANY, A NEVADA      )
COMPANY; DOES I through XX; DOES     )
CORPORATION I through XX; ROE        )
EMPLOYEES I through X inclusive,     )
                                     )
            Defendants.              )   **ARBITRATION**
                                     )

_____

### ARBITRATION SELECTION LIST

**TO:**   ROBERT L. HEMPEN, II, ESQ., LAW OFFICE OF ROBERT L. HEMPEN II,
          attorney for Plaintiffs; and

**TO:**   TIMOTHY A. MOTT, ESQ., WEINBERG, WHEELER, HUDGINS, GUNN &
          DIAL, attorney for Defendant.

Pursuant to Rule 6 of the Nevada Arbitration Rules, the following persons have

been randomly selected as potential arbitrators in the above-entitled case:

    ~~1.  William E. Freedman~~
    2.  Sean K. Claggett
    3.  David B. Wasson
    4.  Kirby J. Smith
    ~~5.  Robert A. Weaver~~

Each party shall, within ten (10) days, file with the ADR Commissioner a signed

copy of this list with no more than two (2) names stricken.

If one or both parties respond, the ADR Commissioner will appoint an arbitrator

from among those names not stricken.  If neither party files within ten (10) days, the ADR

Commissioner will appoint one of the above arbitrators.

**ADR
COMMISSIONER**
EIGHTH JUDICIAL
DISTRICT COURT

CALENDARED
By:_____
Date:_____

WEST/A-17-754291-C

If there are more than two (2) adverse parties, two (2) additional arbitrators per each additional party shall be added to the list with the above method of selection to apply.  If several parties are represented by one attorney, they shall be considered as one party.

DATED this ____ day of July, 2017.

_____
ADR COMMISSIONER

I choose to strike the names as designated.

DATED this 26th day of July, 2017.

_____
ATTORNEY

WEST/A-17-754291-C

<u>NOTICE</u>

Pursuant to Nevada Arbitration Rule 6(C), you are hereby notified you have ten (10) days from the date you are served with this document within which to strike no more than two (2) names from the arbitration list and file it with the ADR Commissioner at the ADR Office. The Arbitration Selection List is deemed served three (3) days after the Commissioner's designee deposits a copy of the list in the U.S. Mail.

A copy of the foregoing Arbitration Selection List was:

✓   Mailed to Plaintiff's/Defendant's counsel at their last known address(es) on the 13th day of July, 2017.

_____   Mailed to Plaintiff/Defendant at the following address(es) on the _____ day of July, 2017.

By _____
COMMISSIONER DESIGNEE

http://www.clarkcountycourts.us/departments/adr/

ADR
COMMISSIONER
EIGHTH JUDICIAL
DISTRICT COURT

ORIGINAL

Electronically Filed
9/22/2017 2:13 PM
Steven D. Grierson
CLERK OF THE COURT

**SAO**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Timothy A. Mott, Esq.
Nevada Bar No. 12828
*tmott@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING,<br><br>         Plaintiffs,<br><br>vs.<br><br>GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive,<br><br>         Defendants. | Case No.  A-17-754291-C<br>Dept. No. XXVI<br><br>**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE AS TO CLAIMS BROUGHT BY PLAINTIFF SHIKEMA WEST** |

The undersigned parties, by and through their counsel of record, hereby stipulate, pursuant to NRCP 41, that the above referenced action brought by Plaintiff Shikema West against Defendant Genuine Parts Company ("Defendant"), is hereby **DISMISSED WITH PREJUDICE**, as to the claims brought by Shikema West, only.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

*Side margin:* Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

1        Plaintiff Shikema West and Defendant have settled this matter and are to bear their own

2   costs, fees, and expenses.   Plaintiff Kimberly Harding's claims against Defendant remain in

3   dispute.

4        **IT IS SO STIPULATED.**

5   DATED this ___ 19th ___ day of ~~August~~ September, 2017.     DATED this __8th__ day of ~~August~~ September, 2017.

6

7   _____    _____

   Carol P. Michel, Esq.     Robert L. Hempen II, Esq.

8      Timothy A. Mott, Esq.     LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.

   WEINBERG, WHEELER, HUDGINS,     3560 W. Cheyenne Avenue, Suite 110

9        GUNN & DIAL, LLC     N. Las Vegas, Nevada 89032

   6385 S. Rainbow Blvd., Suite 400     *Attorneys for Plaintiffs*

10     Las Vegas, NV 89118

   *Attorneys for Defendant Genuine Parts*

11     *Company*

12

13              **ORDER**

14

15       Pursuant to the Stipulation of Dismissal of the signed parties, this action is **DISMISSED**

16  **WITH PREJUDICE** as to Plaintiff Shikema West's claims against Defendant.   These parties are

   to bear their own costs, expenses, and fees.   Plaintiff Kimberly Harding's claims against Defendant

17  remain in dispute.

18

19       IT IS SO ORDERED

20       _____

     Hon. Gloria Sturman

21       Dated: Sept. 21, 2017

22  Submitted by:

23

24  _____

   Carol P. Michel, Esq.

25     Timothy A. Mott, Esq.

   WEINBERG, WHEELER, HUDGINS,

26       GUNN & DIAL, LLC

   6385 S. Rainbow Blvd., Suite 400

27     Las Vegas, NV 89118

   *Attorneys for Defendant Genuine Parts Company*

28

*(left margin, vertical text)* Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC  6385 S. Rainbow Blvd., Suite 400  Las Vegas, Nevada 89118  (702) 938-3838

Electronically Filed
9/26/2017 2:24 PM
Steven D. Grierson
CLERK OF THE COURT

**NEOJ**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Timothy A. Mott, Esq.
Nevada Bar No. 12828
*tmott@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING,<br><br>          Plaintiffs,<br><br>vs.<br><br>GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive,<br><br>          Defendants. | Case No.  A-17-754291-C<br>Dept. No. XXVI<br><br><br>**NOTICE OF ENTRY OF STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE AS TO CLAIMS BROUGHT BY PLAINTIFF SHIKEMA WEST** |

     YOU WILL PLEASE TAKE NOTICE that a Stipulation and Order of Dismissal with

Prejudice as to Claims Brought by Plaintiff Shikema West was filed on September 22, 2017 in the

above-captioned matter.  A copy of the Order is attached hereto.

     DATED this _26_ day of September, 2017.

                         #1049 7
                       Carol P. Michel, Esq.
                       Timothy A. Mott, Esq.
                       WEINBERG, WHEELER, HUDGINS,
                          GUNN & DIAL, LLC
                       6385 S. Rainbow Blvd., Suite 400
                       Las Vegas, NV  89118
                       *Attorneys for Defendant Genuine Parts Company*

*Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC*
*6385 S. Rainbow Blvd., Suite 400*
*Las Vegas, Nevada 89118*
*(702) 938-3838*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of September, 2017, a true and correct copy of the foregoing **NOTICE OF ENTRY OF STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE AS TO CLAIMS BROUGHT BY PLAINTIFF SHIKEMA WEST** was electronically filed and served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3560 W. Cheyenne Avenue, Suite 110
N. Las Vegas, Nevada 89032
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

_____
An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

ORIGINAL

Electronically Filed
9/22/2017 2:13 PM
Steven D. Grierson
CLERK OF THE COURT

**SAO**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Timothy A. Mott, Esq.
Nevada Bar No. 12828
*tmott@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

*Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC*
*6385 S. Rainbow Blvd., Suite 400*
*Las Vegas, Nevada 89118*
*(702) 938-3838*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING, | Case No.  A-17-754291-C<br>Dept. No. XXVI |
| Plaintiffs, | |
| vs. | **STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE AS TO CLAIMS BROUGHT BY PLAINTIFF SHIKEMA WEST** |
| GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive, | |
| Defendants. | |

The undersigned parties, by and through their counsel of record, hereby stipulate, pursuant to NRCP 41, that the above referenced action brought by Plaintiff Shikema West against Defendant Genuine Parts Company ("Defendant"), is hereby **DISMISSED WITH PREJUDICE**, as to the claims brought by Shikema West, only.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Plaintiff Shikema West and Defendant have settled this matter and are to bear their own costs, fees, and expenses.   Plaintiff Kimberly Harding's claims against Defendant remain in dispute.

**IT IS SO STIPULATED.**

DATED this ____ day of August, 2017.

Carol P. Michel, Esq.
Timothy A. Mott, Esq.
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
*Attorneys for Defendant Genuine Parts Company*

DATED this ____ day of August, 2017.

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3560 W. Cheyenne Avenue, Suite 110
N. Las Vegas, Nevada 89032
*Attorneys for Plaintiffs*

**ORDER**

Pursuant to the Stipulation of Dismissal of the signed parties, this action is **DISMISSED WITH PREJUDICE** as to Plaintiff Shikema West's claims against Defendant.   These parties are to bear their own costs, expenses, and fees.   Plaintiff Kimberly Harding's claims against Defendant remain in dispute.

IT IS SO ORDERED

Hon. Gloria Sturman

Dated: Sept. 21, 2017

Submitted by:

Carol P. Michel, Esq.
Timothy A. Mott, Esq.
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
*Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

Electronically Filed
10/9/2017 11:25 AM
Steven D. Grierson
CLERK OF THE COURT

1 **NCOA**
Robert L. Hempen II, Esq.

2 Nevada Bar No. 3433
LAW OFFICES OF ROBERT L. HEMPEN II, ESQ.

3 3660 N. Rancho Dr. #125
Las Vegas, NV 89130

4 Phone: (702) 383-9955
Facsimile: (702) 839-7999

5 Attorney for Plaintiffs

6

7                         DISTRICT COURT

8                     CLARK COUNTY, NEVADA

9 SHIKEMA WEST and KIMBERLY HARDING,      )
                                          )
10        Plaintiffs,                      )     CASE NO.:   A-17-754291-C
                                          )     DEPT. NO.:  XXVI
11             vs.                         )
                                          )
12 GENUINE PARTS COMPANY, A NEVADA         )
COMPANY; DOES I through XX; DOES          )
13 CORPORATION I through XX; ROE           )
EMPLOYEES I through X inclusive,          )
14                                         )
                                          )
15        Defendants                       )
   _____)

16               **NOTICE OF CHANGE OF ADDRESS**

17        TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD:

18        YOU AND EACH OF YOU WILL PLEASE TAKE NOTE THAT effective *immediately*, the

19 new address for the law firm of ROBERT L. HEMPEN II, ESQ. is as follows:

20        3660 N. RANCHO DR. #125
          LAS VEGAS, NV 89130

21

22 / / /

23

24

25 / / /

26

27 / / /                                   1

28

The telephone and facsimile numbers remain the same.

DATED this 5th day of October, 2017.

LAW OFFICES OF ROBERT L. HEMPEN II, ESQ.


BY: /s/ Robert L. Hempen II, Esq.
ROBERT L. HEMPEN II, ESQ.
Nevada Bar #003433
3660 N. Rancho Dr. #125
Las Vegas, NV 89130
Phone: (702) 383-9955
Facsimile: (702) 839-7999
Attorney for Plaintiffs

2

1

## CERTIFICATE OF SERVICE

2

I hereby certify, that service of the foregoing NOTICE OF CHANGE OF ADDRESS was

3

made this <u>5th</u> day of October, 2017, with E-FILE/E-SERVICE using WIZNET/DAP and via U.S.

4

Mail, in a sealed envelope, with postage prepaid, addressed to the following:

5

6

TIMOTHY A. MOTT, ESQ.
WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

7

6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118

8

tmott@wwhgd.com

9

Attorneys for Defendants

10

11

KIMBERLY HARDING
1245 Appaloosa Hills Ave.
North Las Vegas, NV 89081

12

13

*/s/ Mary Rodriguez*

14

An Employee of the Law Offices of
ROBERT L. HEMPEN II, ESQ.

15

16

17

18

19

20

21

22

23

24

25

26

27

3

28

Electronically Filed
10/17/2017 2:36 PM
Steven D. Grierson
CLERK OF THE COURT

**DDW**

1   Carol P. Michel, Esq.
    Nevada Bar No. 11420
2   *cmichel@wwhgd.com*
    Timothy A. Mott, Esq.
3   Nevada Bar No. 12828
    *tmott@wwhgd.com*
4   WEINBERG, WHEELER, HUDGINS,
       GUNN & DIAL, LLC
5   6385 S. Rainbow Boulevard, Suite 400
    Las Vegas, Nevada  89118
6   Telephone: (702) 938-3838
    Facsimile: (702) 938-3864
7   *Attorneys for Defendant*
    *Genuine Parts Company*
8

9                          **DISTRICT COURT**

10                     **CLARK COUNTY, NEVADA**

11  SHIKEMA    WEST   and   KIMBERLY    | Case No.   A-17-754291-C
    HARDING,                            | Dept. No. XXVI
12
13                Plaintiffs,
                                        **DEFENDANT'S  INITIAL DISCLOSURE**
14  vs.                                 **OF DOCUMENTS AND WITNESSES**
                                        **PURSUANT TO NRCP 16.1**
15  GENUINE   PARTS   COMPANY, a Nevada
    Company;  DOES  I  through  XX;  DOES
16  CORPORATION  I  through  XX;  ROE
    EMPLOYEES I through X, inclusive,
17
18                Defendants.

19

20       Defendant Genuine Parts Company ("Defendant"), by and through its attorneys Carol P.

21  Michel, Esq. and Timothy A. Mott, Esq. of the law firm of Weinberg Wheeler Hudgins Gunn &

22  Dial, LLC, hereby submit the following Initial Disclosure Pursuant to NRCP 16.1 with regard to

23  the above captioned matter.

24                                   **I.**

                                **WITNESSES**

25      1.      Shikema West
26              c/o Robert L. Hempen II, Esq.
                LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
27              3660 N. Rancho Dr. # 125
                Las Vegas, NV 89130
28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

1    This witness is expected to testify regarding the alleged incident which is the subject of
2    Plaintiff's Complaint, including but not limited to her personal knowledge of the circumstances of
3    the incident, her alleged injuries and damages arising therefrom, and the medical treatment she
4    alleges is related to the incident.

5

6        2.      Kimberly Harding
                 c/o Robert L. Hempen II, Esq.
7                LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
                 3660 N. Rancho Dr. # 125
8                Las Vegas, NV 89130

9    This witness is expected to testify regarding the alleged incident which is the subject of Plaintiff's
10   Complaint, including but not limited to her personal knowledge of the circumstances of the
11   incident, her alleged injuries and damages arising therefrom, and the medical treatment she alleges
12   is related to the incident.

13

14       3.      Joe Taylor (Driver - Genuine Parts Company)
                 350 West Basic Rd.
15               Henderson, NV 89015

16   The witness is expected to testify as to the facts and circumstances surrounding the events
17   which are the subject of this litigation.

18   Defendant reserves the right to supplement this witness list as discovery continues, and
19   hereby incorporates the witness list submitted by any other party to this matter solely for the
20   purpose of identifying individuals likely to have discoverable information.

21                                            II.
22                              **LIST OF DOCUMENTS**

23       1.      Defendant's Answer to Complaint, *previously filed herein..*

24       2.      Shikema West Statement of Accident, identified as GPC000001-GPC000002.

25       3.      Kimberly Harding Statement of Accident, identified as GPC000003-GPC000004.

26   Defendant reserves the right to supplement this list of documents as discovery continues,
27   and hereby incorporates the documents identified by any other party to this matter solely for the
28   purpose of identifying documents potentially relevant to this action.

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

### III.

### INSURANCE AGREEMENTS

See Policy Declarations, identified as DECL000001-DECL000005.

DATED this ___17th___ day of October, 2017.

_____
Carol P. Michel, Esq.
Timothy A. Mott, Esq.
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
*Attorneys for Defendant Genuine Parts Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the $\underline{17TH}$ day of October, 2017, a true and correct copy of the foregoing **DEFENDANT'S INITIAL DISCLOSURE OF DOCUMENTS AND WITNESSES PURSUANT TO NRCP 16.1** was electronically filed and served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
hempenlawoffice@yahoo.com
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3660 N. Rancho Dr. # 125
Las Vegas, NV 89130
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

_Kelly L. Pierce_
An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

Electronically Filed
12/22/2017 8:41 AM
Steven D. Grierson
CLERK OF THE COURT

1  JCCR
   ROBERT L. HEMPEN, II, ESQ.
2  Nevada Bar No.: 003433
   LAW OFFICES OF ROBERT L. HEMPEN II, ESQ.
3  3660 N. Rancho Drive, Suite 125
   Las Vegas, Nevada 89130
4  Telephone # 702-383-9955
   Facsimile # 702-839-7999
5  Attorney for Plaintiffs

6                    **DISTRICT COURT**

7                 **CLARK COUNTY, NEVADA**

8  SHIKEMA WEST and KIMBERLY HARDING,            )

9       Plaintiffs                               )     CASE NO.:   A-17-754291-C
                                                 )     DEPT. NO.:  XXVI
10         vs.                                   )

11 GENUINE PARTS COMPANY, a Nevada Company;      )
   DOES I through XX; DOES CORPORATION I         )
12 through XX; ROE EMPLOYEES I through X,        )
   inclusive,                                    )
13                                               )
          Defendants                             )
14 _____     )

15              **JOINT CASE CONFERENCE REPORT**

16                    DISPUTE RESOLUTION
                   CONFERENCE REQUESTED:
17
18              Yes_____   No___X____

19
20               SETTLEMENT CONFERENCE
                      REQUESTED:
21
                Yes_____   No___X____
22
        If yes, list five dates that parties are available to attend a Settlement Conference (provide

23 dates that are at least 90 days after the filing of the Case Conference Report - all Settlement

24 Conferences will be set at 10:30a.m., Tuesdays through Fridays):

25 / / /

26 / / /

27 / / /

28

                              -1-

## I.

## PROCEEDINGS PRIOR TO CASE CONFERENCE REPORT

A.    DATE OF FILING OF COMPLAINT: April 20, 2017

B.    DATE OF FILING OF ANSWER BY EACH DEFENDANT: June 14, 2017

C.    DATE THAT EARLY CASE CONFERENCE WAS HELD AND WHO ATTENDED: October 9, 2017; Timothy A. Mott, Esq., for Defendants and Robert L. Hempen II, Esq. for the Plaintiff, KIMBERLY HARDING.

## II.

## A BRIEF DESCRIPTION OF THE NATURE OF THE ACTION AND EACH CLAIM FOR RELIEF OR DEFENSE: (16.1(c)(1))

**A.**    **DESCRIPTION OF THE ACTION:**

On or about May 26, 2015, Kimberly Harding was a passenger in a vehicle being driven by Shikema West, northbound on Interstate 15 near the Cheyenne Avenue exit, Clark County, Nevada.

A collision occurred at or near the Cheyenne Avenue exit, County of Clark, State of Nevada, involving a vehicle being driven by Ms. West and a vehicle being driven by Defendant, DOE I and owned by Defendant Genuine Parts Company.

**B.**    **PLAINTIFF'S CLAIMS FOR RELIEF:**

1.    General and compensatory damages in an amount in excess of $15,000.00;

2.    Damages for costs of medical care and treatment and costs incidental thereto when the same have been fully ascertained;

3.    For loss of earning and diminished earning capacity, when the same have been fully ascertained;

4.    Reasonable attorney's fees, costs of suit incurred herein, and interest; and

5.    For such other and further relief as the Court may deem proper in the premises.

**C.**    **DEFENDANT'S AFFIRMATIVE DEFENSES:**

FIRST AFFIRMATIVE DEFENSE: Plaintiffs' Complaint fails to state a claim against

Defendant upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE: Necessary and indispensable parties may not have been joined and/or parties may have been improperly joined.

THIRD AFFIRMATIVE DEFENSE: Plaintiffs' claims are barred by the doctrine of estoppel.

FOURTH AFFIRMATIVE DEFENSE: Plaintiffs' claims are barred or reduced through the comparative negligence of Plaintiffs.

FIFTH AFFIRMATIVE DEFENSE: Plaintiffs failed to mitigate damages.

SIXTH AFFIRMATIVE DEFENSE: Plaintiffs' claims are barred by the doctrine of waiver.

SEVENTH AFFIRMATIVE DEFENSE: If Plaintiffs have settled their claims for the alleged injuries with any other persons or entities, Defendant is entitled to a credit and set-off in the amount of such settlement.

EIGHTH AFFIRMATIVE DEFENSE: The alleged injuries and damages complained of by Plaintiffs were caused in whole or in part by a new, independent and superseding intervening cause over which Defendant had no control.

NINTH AFFIRMATIVE DEFENSE: Plaintiffs failed to exercise ordinary care, caution or prudence for their own safety, thereby proximately causing or contributing to the cause of Plaintiffs' damages, if any, through their own negligence.

TENTH AFFIRMATIVE DEFENSE: The liability, if any, of Defendant must be reduced by the percentage of fault of others.

ELEVENTH AFFIRMATIVE DEFENSE: Plaintiffs' claims are barred as Plaintiffs assumed the risk of the activity that is the subject of this Complaint.

TWELFTH AFFIRMATIVE DEFENSE: The negligence of Plaintiffs exceeded that of Defendant, if any, and therefore, Plaintiffs are barred from recovery.

THIRTEENTH AFFIRMATIVE DEFENSE: Plaintiffs failed to allege facts or a cause of

-3-

action against Defendant sufficient to support a claim for attorneys' fees.

FOURTEENTH AFFIRMATIVE DEFENSE: Plaintiffs' claims are barred by the doctrine of unclean hands.

FIFTEENTH AFFIRMATIVE DEFENSE: Plaintiffs' claims are barred as Defendant was acting in self defense.

SIXTEENTH AFFIRMATIVE DEFENSE: Plaintiffs' claims are barred as Defendant was acting in the defense of others.

SEVENTEENTH AFFIRMATIVE DEFENSE: Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as facts were not available after reasonable inquiry upon the filing of Defendant's Answer to Plaintiffs' Complaint, and therefore, Defendant reserves the right to amend its Answer to Plaintiffs' Complaint to allege additional affirmative defenses if subsequent investigation warrants.

III.

**LIST OF ALL DOCUMENTS, DATA COMPILATIONS AND TANGIBLE THINGS IN THE POSSESSION, CUSTODY OR CONTROL OF EACH PARTY WHICH WERE IDENTIFIED OR PROVIDED AT THE EARLY CASE CONFERENCE OR AS A RESULT THEREOF:** (16.1(a) (1) (B) and 16.1 (c) (4) )

A.    PLAINTIFF:

1) Complaint, filed April 20, 2017
2) Defendants' Answer to Plaintiff's Complaint, filed June 14, 2017
3) Crawford's Initial Repair Estimate and Photos-Plaintiff's Vehicle
4) MEDICAL BILLS AND RECORDS
   Mountain View Hospital
   Rainbow Injury Rehabilitation
   Radiology Specialists
   Fremont Emergency Services
   Sierra Med Services/Pueblo Imaging
   Las Vegas Neurosurgery/Dr. Kabins

-4-

1          Interventional Pain & Spine

2

3    B.    DEFENDANT:

           1)  Defendant's Answer to Complaint, *previously filed herein.*.

4               2)  Shikema West Statement of Accident, identified as GPC000001-GPC000002.

5               3)  Kimberly Harding Statement of Accident, identified as GPC000003-GPC000004.

6                            **IV.**

7    **LIST OF PERSONS IDENTIFIED BY EACH PARTY AS LIKELY TO HAVE INFORMATION**

8    **DISCOVERABLE UNDER RULE 23(b), INCLUDING IMPEACHMENT OR REBUTTAL**

                   **WITNESSES:** (16.1 (a) (1) (A) and 16.1 (c) (3) )

9    A.    PLAINTIFF:

10         1)  Kimberly Harding

11             c/o Law Office of Robert L. Hempen II, Esq.
               3660 N. Rancho Dr. #125

12             Las Vegas, NV 89130

13         Plaintiff will testify as to her  knowledge of the facts and circumstances surrounding the

14   incident in question, the injuries sustained, the medical treatment received, and any residual problems

15   suffered as a result thereof.

16         2)  Shikema West

17             c/o Law Office of Robert L. Hempen II, Esq.
               3660 N. Rancho Dr. #125

18             Las Vegas, NV 89130

19         Ms. West will testify as to her  knowledge of the facts and circumstances surrounding the

20   incident in question.

21         3)  Most Knowledgeable person for

22             Genuine Parts Company c/o
               Timothy a. Mott, Esq.

23             Weinberg, Wheeler, Hudgins,
               Gunn & Dial, LLC

24             6385 S. Rainbow Blvd., Suite 400

25             Las Vegas, NV 89118

26         Will testify as to his/her knowledge of the facts and circumstances surrounding the subject

27   incident and instant litigation.

28

                           -5-

4.     Persons Most Knowledgeable and/or Custodian of Records of Plaintiff, Kimberly Harding's medical providers.  The Persons Most Knowledgeable at the medical facility will testify concerning Ms. Harding's physical condition, treatment, diagnosis, and prognosis.  The Custodians will authenticate Ms. Harding's records and billings.

Plaintiff reserves the right to amend/or supplement the foregoing List of Witnesses as discovery progresses.  Plaintiff further reserves the right to use any witnesses listed by any other party to this litigation. Plaintiff furthers reserve the right to name and list any witnesses deemed necessary for rebuttal and/or impeachment purposes.

B.     DEFENDANT:

1)  Shikema West
    c/o Robert L. Hempen, II., Esq.
    3660 N. Rancho Drive, Suite 1250
    Las Vegas, NV 89130
    (702) 383-9955

This witness is expected to testify regarding the alleged incident which is the subject of Plaintiff's complaint, including but not limited to her personal knowledge of the circumstances of the incident, her alleged injuries and damages arising therefrom, and the medical treatment she alleges is related to the incident.

2)  Kimberly Harding
    c/o Robert L. Hempen, II., Esq.
    3660 N. Rancho Drive, Suite 1250
    Las Vegas, NV 89130
    (702) 383-9955

This witness is expected to testify regarding the alleged incident which is the subject of Plaintiff's complaint, including but not limited to her personal knowledge of the circumstances of the incident, her alleged injuries and damages arising therefrom, and the medical treatment she alleges is related to the incident.

3)  Joe Taylor (Driver - Genuine Parts Company)
    350 West Basic Road
    Henderson, Nevada 89015

The witness is expected to testify as to the facts and circumstances surrounding the events which are the subject of this litigation.

-6-

Defendant reserves the right to supplement this witness list as discovery continues, and hereby incorporates the witness list submitted by any other party to this matter solely for the purpose of identifying individuals likely to have discoverable information.

## V.
## DISCOVERY PLAN (16.1 (b) (2) and 16.1 (c) (2) )

A.  What changes, if any, should be made in the timing, form or requirements for disclosures under 16.1 (a):

    1.  Plaintiff's view:       None.

    2.  Defendant's view:    None.

When disclosures under 16.1 (a) (1) were made or will be made:

    1.  Plaintiff's disclosures:       October 5, 2017

    2.  Defendant's disclosures:     October 17,  2017

B.  Subjects on which discovery may be needed:

    1.  Plaintiff's view:       Damages and Liability.

    2.   Defendant's view:     Damages and Liability.

C.  Should discovery be conducted in phases or limited to or focused upon particular issues?

    1.  Plaintiff's view:       No.

    2.  Defendant's view:    No.

D.  What change, if any, should be made in limitations on discovery imposed under these rules and what, if any, other limitations should be imposed?

    1.  Plaintiff's view:       None.

    2.  Defendant's view:    None.

E.  What, if any, other orders should be entered by court under Rule 26(c) or Rule 16(b) and (c):

    1.  Plaintiff's view:       None.

    2.  Defendant's view:    None.

/ / /

-7-

F.   Estimated time for trial:

   1.   Plaintiff's view:        5 to 7 days.

   2.   Defendant's view:     5 to 7 days.

### VI.

### DISCOVERY AND MOTION DATES (16.1 (c) (5) - (8) ):

A.   Dates agreed by the parties:

   1.   Close of discovery:               July 6, 2018

   2.   Final date to file motions to amend
pleadings or add Parties (without further
court order):                   April 6, 2018

   3.   Final dates for expert disclosure:

      i.    Initial disclosure:        April 6, 2018

      ii.   Rebuttal disclosure:     May 7, 2018

   4.   Final date to file dispositive motions:   August 7, 2018

### VII.
### JURY DEMAND (16.1 (c) (10) )

A.   Jury demand has been filed:         Yes

### VIII.
### INITIAL DISCLOSURE/OBJECTIONS (16.1 (a) (1) )

If a party objects during the Early Case Conference that initial disclosures are not appropriate in the circumstances of this case, those objections must be stated herein.  The Court shall determine what disclosures, if any, are to be made and shall set the time for such disclosure.

/ / /

-8-

1   This report is signed in accordance with rule 26(g)(1) of the Nevada Rules of Civil Procedure.

2   Each signature constitutes a certification that to the best of the signer's knowledge, information and

3   belief, formed after a reasonable inquiry, the disclosures made by the signer are complete and correct

4   as of this time.

5   Dated this 21st day of December, 2017.                Dated this 20th day of December, 2017.

6

7   LAW OFFICES OF                                        WEINBERG WHEELER HUDGINS
    ROBERT L. HEMPEN, II, ESQ                             GUNN & DIAL

8

9   BY:                                                   BY:

10  ROBERT L. HEMPEN II, ESQ.                             TIMOTHY A. MOTT, ESQ.
    Nevada Bar #003433                                    Nevada Bar #12828

11  3660 N. Rancho Drive, Suite 125                       6385 S. Rainbow Blvd., Suite 400
    Las Vegas, Nevada 89130                               Las Vegas, Nevada 89118

12  Attorney for Plaintiff, KIMBERLY HARDING              Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

Electronically Filed
12/22/2017 10:24 AM
Steven D. Grierson
CLERK OF THE COURT

1  COM
ROBERT L. HEMPEN, II, ESQ.
2  Nevada Bar No.: 003433
LAW OFFICES OF ROBERT L. HEMPEN II, ESQ.
3  3660 N. Rancho Dr., Suite #125
Las Vegas, NV 89130
4  Telephone # 702-383-9955
Facsimile # 702-839-7999
5  Attorney for Plaintiff

6  

7  ## DISTRICT COURT

## CLARK COUNTY, NEVADA
8  

9  SHIKEMA WEST and KIMBERLY HARDING,           )
                                              )
10         Plaintiffs,                         )      CASE NO.:   A-17-754291-C
                                              )      DEPT. NO.:  XXVI
11              vs.                            )
                                              )
12  GENUINE PARTS COMPANY, A NEVADA           )
    COMPANY; DOES I through XX; DOES          )
13  CORPORATION I through XX; ROE             )
    EMPLOYEES I through X inclusive,          )
14                                            )
                                              )
15         Defendants                         )

16              **CERTIFICATE OF MAILING**

17          I hereby certify that service of the foregoing JOINT CASE CONFERENCE REPORT was

18  made this 22nd day of December, 2017 by depositing a copy of the same in the U.S. Mail at Las Vegas,

19  Nevada, postage prepaid, addressed to:

20  

21          TIMOTHY A. MOTT, ESQ.
            WEINBERG, WHEELER, HUDGINS,
22          GUNN & DIAL, LLC
            6385 S. Rainbow Blvd., Suite 400
23          Las Vegas, NV 89118
            tmott@wwhgd.com
24          Attorneys for Defendants

25  

26  / / /

27  / / /

28

1  BONNIE A. BULLA, ESQ.
2  DISCOVERY COMMISSIONER
   200 Lewis Ave. 5th Floor
3  Las Vegas, NV 89155

4

5                          /s/ Mary Rodriguez
                    An Employee of the Law Offices of Robert L. Hempen II, Esq.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2

Electronically Filed
12/22/2017 8:41 AM
Steven D. Grierson
CLERK OF THE COURT

1  JCCR
   ROBERT L. HEMPEN, II, ESQ.
2  Nevada Bar No.: 003433
   LAW OFFICES OF ROBERT L. HEMPEN II, ESQ.
3  3660 N. Rancho Drive., Suite 125
   Las Vegas, Nevada 89130
4  Telephone # 702-383-9955
   Facsimile # 702-839-7999
5  Attorney for Plaintiffs

6                    **DISTRICT COURT**

7                **CLARK COUNTY, NEVADA**

8  SHIKEMA WEST and KIMBERLY HARDING,          )
9       Plaintiffs                             )    CASE NO.:   A-17-754291-C
                                               )    DEPT. NO.:  XXVI
10            vs.                              )
11 GENUINE PARTS COMPANY, a Nevada Company;    )
   DOES I through XX; DOES CORPORATION I       )
12 through XX; ROE EMPLOYEES I through X,       )
   inclusive,                                  )
13       Defendants                            )

14

15              **JOINT CASE CONFERENCE REPORT**

16              DISPUTE RESOLUTION
                CONFERENCE REQUESTED:
17
                Yes_____   No___X___
18

19
                SETTLEMENT CONFERENCE
20                 REQUESTED:

21              Yes_____   No___X___

22      If yes, list five dates that parties are available to attend a Settlement Conference (provide

23 dates that are at least 90 days after the filing of the Case Conference Report - all Settlement

24 Conferences will be set at 10:30a.m., Tuesdays through Fridays):

25 / / /

26 / / /

27 / / /

28

                              -1-

## I.

### ~~PROCEEDINGS PRIOR TO CASE CONFERENCE REPORT~~

A.  DATE OF FILING OF COMPLAINT: April 20, 2017

B.  DATE OF FILING OF ANSWER BY EACH DEFENDANT: June 14, 2017

C.  DATE THAT EARLY CASE CONFERENCE WAS HELD AND WHO ATTENDED: October 9, 2017; Timothy A. Mott, Esq., for Defendants and Robert L. Hempen II, Esq. for the Plaintiff, KIMBERLY HARDING.

## II.

### A BRIEF DESCRIPTION OF THE NATURE OF THE ACTION AND EACH CLAIM FOR RELIEF OR DEFENSE: (16.1(c)(1))

A.  DESCRIPTION OF THE ACTION:

On or about May 26, 2015, Kimberly Harding was a passenger in a vehicle being driven by Shikema West, northbound on Interstate 15 near the Cheyenne Avenue exit, Clark County, Nevada.

A collision occurred at or near the Cheyenne Avenue exit, County of Clark, State of Nevada, involving a vehicle being driven by Ms. West and a vehicle being driven by Defendant, DOE I and owned by Defendant Genuine Parts Company.

B.  PLAINTIFF'S CLAIMS FOR RELIEF:

1.  General and compensatory damages in an amount in excess of $15,000.00;

2.  Damages for costs of medical care and treatment and costs incidental thereto when the same have been fully ascertained;

3.  For loss of earning and diminished earning capacity, when the same have been fully ascertained;

4.  Reasonable attorney's fees, costs of suit incurred herein, and interest; and

5.  For such other and further relief as the Court may deem proper in the premises.

C.  DEFENDANT'S AFFIRMATIVE DEFENSES:

FIRST AFFIRMATIVE DEFENSE: Plaintiffs' Complaint fails to state a claim against

-2-

Defendant upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE: Necessary and indispensable parties may not have been joined and/or parties may have been improperly joined.

THIRD AFFIRMATIVE DEFENSE: Plaintiffs' claims are barred by the doctrine of estoppel.

FOURTH AFFIRMATIVE DEFENSE: Plaintiffs' claims are barred or reduced through the comparative negligence of Plaintiffs.

FIFTH AFFIRMATIVE DEFENSE: Plaintiffs failed to mitigate damages.

SIXTH AFFIRMATIVE DEFENSE: Plaintiffs' claims are barred by the doctrine of waiver.

SEVENTH AFFIRMATIVE DEFENSE: If Plaintiffs have settled their claims for the alleged injuries with any other persons or entities, Defendant is entitled to a credit and set-off in the amount of such settlement.

EIGHTH AFFIRMATIVE DEFENSE: The alleged injuries and damages complained of by Plaintiffs were caused in whole or in part by a new, independent and superseding intervening cause over which Defendant had no control.

NINTH AFFIRMATIVE DEFENSE: Plaintiffs failed to exercise ordinary care, caution or prudence for their own safety, thereby proximately causing or contributing to the cause of Plaintiffs' damages, if any, through their own negligence.

TENTH AFFIRMATIVE DEFENSE: The liability, if any, of Defendant must be reduced by the percentage of fault of others.

ELEVENTH AFFIRMATIVE DEFENSE: Plaintiffs' claims are barred as Plaintiffs assumed the risk of the activity that is the subject of this Complaint.

TWELFTH AFFIRMATIVE DEFENSE: The negligence of Plaintiffs exceeded that of Defendant, if any, and therefore, Plaintiffs are barred from recovery.

THIRTEENTH AFFIRMATIVE DEFENSE: Plaintiffs failed to allege facts or a cause of

-3-

action against Defendant sufficient to support a claim for attorneys' fees.

FOURTEENTH AFFIRMATIVE DEFENSE: Plaintiffs' claims are barred by the doctrine of unclean hands.

FIFTEENTH AFFIRMATIVE DEFENSE: Plaintiffs' claims are barred as Defendant was acting in self defense.

SIXTEENTH AFFIRMATIVE DEFENSE: Plaintiffs' claims are barred as Defendant was acting in the defense of others.

SEVENTEENTH AFFIRMATIVE DEFENSE: Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as facts were not available after reasonable inquiry upon the filing of Defendant's Answer to Plaintiffs' Complaint, and therefore, Defendant reserves the right to amend its Answer to Plaintiffs' Complaint to allege additional affirmative defenses if subsequent investigation warrants.

III.

<u>LIST OF ALL DOCUMENTS, DATA COMPILATIONS AND TANGIBLE THINGS IN</u>

<u>THE POSSESSION, CUSTODY OR CONTROL OF EACH PARTY WHICH WERE</u>

<u>IDENTIFIED OR PROVIDED AT THE EARLY CASE CONFERENCE OR AS A</u>

<u>RESULT THEREOF:</u> (16.1(a) (1) (B) and 16.1 (c) (4) )

A.    PLAINTIFF:

1)  Complaint, filed April 20, 2017
2)  Defendants' Answer to Plaintiff's Complaint, filed June 14, 2017
3)  Crawford's Initial Repair Estimate and Photos-Plaintiff's Vehicle
4)  MEDICAL BILLS AND RECORDS
    Mountain View Hospital
    Rainbow Injury Rehabilitation
    Radiology Specialists
    Fremont Emergency Services
    Sierra Med Services/Pueblo Imaging
    Las Vegas Neurosurgery/Dr. Kabins

-4-

Interventional Pain & Spine

B.   DEFENDANT:

   1)   Defendant's Answer to Complaint, *previously filed herein.*.

   2)   Shikema West Statement of Accident, identified as GPC000001-GPC000002.

   3)   Kimberly Harding Statement of Accident, identified as GPC000003-GPC000004.

IV.

LIST OF PERSONS IDENTIFIED BY EACH PARTY AS LIKELY TO HAVE INFORMATION
DISCOVERABLE UNDER RULE 23(b), INCLUDING IMPEACHMENT OR REBUTTAL
WITNESSES: (16.1 (a) (1) (A) and 16.1 (c) (3) )

A.   PLAINTIFF:

   1)   Kimberly Harding
        c/o Law Office of Robert L. Hempen II, Esq.
        3660 N. Rancho Dr. #125
        Las Vegas, NV 89130

        Plaintiff will testify as to her  knowledge of the facts and circumstances surrounding the

incident in question, the injuries sustained, the medical treatment received, and any residual problems

suffered as a result thereof.

   2)   Shikema West
        c/o Law Office of Robert L. Hempen II, Esq.
        3660 N. Rancho Dr. #125
        Las Vegas, NV 89130

        Ms. West will testify as to her  knowledge of the facts and circumstances surrounding the

incident in question.

   3)   Most Knowledgeable person for
        Genuine Parts Company c/o
        Timothy a. Mott, Esq.
        Weinberg, Wheeler, Hudgins,
        Gunn & Dial, LLC
        6385 S. Rainbow Blvd., Suite 400
        Las Vegas, NV 89118

        Will testify as to his/her knowledge of the facts and circumstances surrounding the subject

incident and instant litigation.

-5-

4.       Persons Most Knowledgeable and/or Custodian of Records of Plaintiff, Kimberly Harding's medical providers. The Persons Most Knowledgeable at the medical facility will testify concerning Ms. Harding's physical condition, treatment, diagnosis, and prognosis. The Custodians will authenticate Ms. Harding's records and billings.

Plaintiff reserves the right to amend/or supplement the foregoing List of Witnesses as discovery progresses. Plaintiff further reserves the right to use any witnesses listed by any other party to this litigation. Plaintiff furthers reserve the right to name and list any witnesses deemed necessary for rebuttal and/or impeachment purposes.

B.       DEFENDANT:

1)  Shikema West
    c/o Robert L. Hempen, II., Esq.
    3660 N. Rancho Drive, Suite 1250
    Las Vegas, NV 89130
    (702) 383-9955

This witness is expected to testify regarding the alleged incident which is the subject of Plaintiff's complaint, including but not limited to her personal knowledge of the circumstances of the incident, her alleged injuries and damages arising therefrom, and the medical treatment she alleges is related to the incident.

2)  Kimberly Harding
    c/o Robert L. Hempen, II., Esq.
    3660 N. Rancho Drive, Suite 1250
    Las Vegas, NV 89130
    (702) 383-9955

This witness is expected to testify regarding the alleged incident which is the subject of Plaintiff's complaint, including but not limited to her personal knowledge of the circumstances of the incident, her alleged injuries and damages arising therefrom, and the medical treatment she alleges is related to the incident.

3)  Joe Taylor (Driver - Genuine Parts Company)
    350 West Basic Road
    Henderson, Nevada 89015

The witness is expected to testify as to the facts and circumstances surrounding the events which are the subject of this litigation.

-6-

Defendant reserves the right to supplement this witness list as discovery continues, and hereby incorporates the witness list submitted by any other party to this matter solely for the purpose of identifying individuals likely to have discoverable information.

## V.
## DISCOVERY PLAN (16.1 (b) (2) and 16.1 (c) (2) )

A.   What changes, if any, should be made in the timing, form or requirements for disclosures under 16.1 (a):

    1.   Plaintiff's view:        None.

    2.   Defendant's view:      None.

When disclosures under 16.1 (a) (1) were made or will be made:

    1.   Plaintiff's disclosures:        October 5, 2017

    2.   Defendant's disclosures:      October 17,  2017

B.   Subjects on which discovery may be needed:

    1.   Plaintiff's view:        Damages and Liability.

    2.    Defendant's view:      Damages and Liability.

C.   Should discovery be conducted in phases or limited to or focused upon particular issues?

    1.   Plaintiff's view:        No.

    2.   Defendant's view:      No.

D.   What change, if any, should be made in limitations on discovery imposed under these rules and what, if any, other limitations should be imposed?

    1.   Plaintiff's view:        None.

    2.   Defendant's view:      None.

E.   What, if any, other orders should be entered by court under Rule 26(c) or Rule 16(b) and (c):

    1.   Plaintiff's view:        None.

    2.   Defendant's view:      None.

/ / /

F.  Estimated time for trial:

    1.  Plaintiff's view:         5 to 7 days.

    2.  Defendant's view:       5 to 7 days.

## VI.

## DISCOVERY AND MOTION DATES (16.1 (c) (5) - (8) ):

A.  Dates agreed by the parties:

    1.  Close of discovery:                     July 6, 2018

    2.  Final date to file motions to amend
       pleadings or add Parties (without further
       court order):                    April 6, 2018

    3.  Final dates for expert disclosure:

        i.     Initial disclosure:           April 6, 2018

        ii.    Rebuttal disclosure:       May 7, 2018

    4.  Final date to file dispositive motions:    August 7, 2018

## VII.
## JURY DEMAND (16.1 (c) (10) )

A.  Jury demand has been filed:           Yes

## VIII.
## INITIAL DISCLOSURE/OBJECTIONS (16.1 (a) (1) )

    If a party objects during the Early Case Conference that initial disclosures are not appropriate in the circumstances of this case, those objections must be stated herein.  The Court shall determine what disclosures, if any, are to be made and shall set the time for such disclosure.

/ / /

-8-

1          This report is signed in accordance with rule 26(g)(1) of the Nevada Rules of Civil Procedure.

2    Each signature constitutes a certification that to the best of the signer's knowledge, information and

3    belief, formed after a reasonable inquiry, the disclosures made by the signer are complete and correct

4    as of this time.

5    Dated this 21st day of December, 2017.         Dated this 20th day of December, 2017.

6

7    LAW OFFICES OF               WEINBERG WHEELER HUDGINS
     ROBERT L. HEMPEN, II, ESQ        GUNN & DIAL

8

9    BY: _____        BY: _____
     ROBERT L. HEMPEN II, ESQ.          TIMOTHY A. MOTT, ESQ.

10   Nevada Bar #003433               Nevada Bar #12828
     3660 N. Rancho Drive, Suite 125      6385 S. Rainbow Blvd., Suite 400

11   Las Vegas, Nevada 89130           Las Vegas, Nevada 89118

12   Attorney for Plaintiff, KIMBERLY HARDING    Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

Electronically Filed
2/7/2018 10:45 AM
Steven D. Grierson
CLERK OF THE COURT

1   DSO

2

3                           DISTRICT COURT

4                       CLARK COUNTY, NEVADA

5

6   SHIKEMA WEST, et al.,

7                     Plaintiffs,

8   v.                                   CASE NO. A-17-754291-C
                                         DEPT NO. XXVI
9   GENUINE PARTS COMPANY, et al.,

10                    Defendants.

11

12

13                      **SCHEDULING ORDER**
                (Discovery/Dispositive Motions/Motions to Amend or Add Parties)

14

15  NATURE OF ACTION:  **Personal injury – vehicle accident**

16  DATE OF FILING JOINT CASE CONFERENCE REPORT(S):  **12/22/17**

17  TIME REQUIRED FOR TRIAL:  **5-7 days**

18  DATES FOR SETTLEMENT CONFERENCE: **None requested**

19  Counsel for Plaintiff KIMBERLY HARDING:
        **Robert L. Hempen II, Esq., Law Office of Robert L.**
20      **Hempen II, Esq.**

21  Counsel for Defendant:
        **Timothy A. Mott, Esq., Weinberg, Wheeler, Hudgins, Gunn &**
22      **Dial**

23

24      Counsel representing all parties have been heard and after

25  consideration by the Discovery Commissioner,

26      IT IS HEREBY ORDERED:

27  .   .   .

28

**DISCOVERY
COMMISSIONER**
EIGHTH JUDICIAL
DISTRICT COURT

1.   all parties shall complete discovery on or before 7/6/18.

2.   all parties shall file motions to amend pleadings or add parties on or before 4/6/18.

3.   all parties shall make initial expert disclosures pursuant to N.R.C.P. 16.1(a)(2) on or before 4/6/18.

4.   all parties shall make rebuttal expert disclosures pursuant to N.R.C.P. 16.1(a)(2) on or before 5/7/18.

5.   all parties shall file dispositive motions on or before 8/7/18.

Certain dates from your case conference report(s) may have been changed to bring them into compliance with N.R.C.P. 16.1.

Within 60 days from the date of this Scheduling Order, the Court shall notify counsel for the parties as to the date of trial, as well as any further pretrial requirements in addition to those set forth above.

Unless otherwise directed by the court, all pretrial disclosures pursuant to N.R.C.P. 16.1(a)(3) must be made at least 30 days before trial.

Motions for extensions of discovery shall be made to the Discovery Commissioner in strict accordance with E.D.C.R. 2.35. Discovery is completed on the day responses are due or the day a deposition begins.

**DISCOVERY COMMISSIONER**
EIGHTH JUDICIAL
DISTRICT COURT

Unless otherwise ordered, all discovery disputes (except disputes presented at a pre-trial conference or at trial) must first be heard by the Discovery Commissioner.

Date: February 6, 2018

_____
DISCOVERY COMMISSIONER

## CERTIFICATE OF SERVICE

I hereby certify that on the date filed, I placed a copy of the foregoing SCHEDULING ORDER in the attorney folder(s), mailed or e-served as follows:

Robert L. Hempen II, Esq.
Timothy A. Mott, Esq.

_____
COMMISSIONER DESIGNEE

**DISCOVERY**
**COMMISSIONER**
EIGHTH JUDICIAL
DISTRICT COURT

OJPC

Electronically Filed
2/8/2018 11:25 AM
Steven D. Grierson
CLERK OF THE COURT

DISTRICT COURT
CLARK COUNTY, NEVADA

Shikema West, Plaintiff(s)
vs.
Genuine Parts Company, Defendant(s)

CASE NO.: A-17-754291-C

Department 26

***ORDER SETTING CIVIL JURY
TRIAL***

IT IS HEREBY ORDERED THAT:

A.   The above entitled case is set to be tried by a jury on a FOUR week STACK to begin **February 11, 2019, at 9:00 a.m.**

B.   A Calendar Call will be held **January 17, 2019, at 9:00 a.m.**  Trial Counsel (and any party in proper person) must appear.

C.   A Pre-Trial Conference will be set at the time of calendar call.  Parties must have the following ready for trial:

   1.   All exhibits marked by counsel for identification purposes;
   2.   Typed exhibit lists with all stipulated exhibits marked;
   3.   Jury instruction to be submitted on a disc or jump drive at the beginning of trial.  Jury instructions in two groups: (a) Unopposed, and (b) Opposed.  Opposed instructions must contain the name of the opposing party and authoritative citations;
   4.   Proposed voir dire questions;
   5.   Original depositions;
   6.   Courtesy copies of legal briefs on trial issues.
   7.   The Pre-trial Memorandum must be filed, and trial counsel shall bring a courtesy copy to the Pre-Trial conference, and ALL parties must comply with EDCR 2.67.

D.   All discovery deadlines, deadlines for filing dispositive motions and motions to amend the pleadings or add parties are controlled by the previously issued Scheduling Order.

E.   All other pre-trial motions must be in writing and MUST be filed FIVE (5) WEEKS prior to the first day of the trial stack.

F.   **Motions in Limine are limited to TEN (10) each per side, and will be heard in CHAMBERS.  IF the Court determines that oral argument is necessary, it will send notice to all parties.**

G. Pursuant to EDCR 2.35, a motion to continue trial due to any discovery issues or deadlines must be made before the Discovery Commissioner.

H. Orders shortening time will not be signed except in extreme emergencies. *AN UPCOMING TRIAL DATE OR VACATION IS NOT AN EXTREME EMERGENCY – COURT REQUIRES ALL PARTIES TO BE READY ANYTIME OF THIS STACK*

I. Failure of the designated trial attorney or any party appearing in proper person to appear for any court appearances or to comply with this Order shall result in any of the following: (1) dismissal of the action (2) default judgment; (3) monetary sanctions; (4) vacation of trial date; and/or any other appropriate remedy or sanction.

J. Counsel must advise the Court immediately when the case settles or is otherwise resolved prior to trial. A stipulation which terminates a case by dismissal shall indicate whether a Scheduling Order has been filed and, if a trial date has been set, the date of that trial.

DATED:   February 08, 2018

GLORIA STURMAN
District Court Judge, Department 26

## CERTIFICATE OF SERVICE

I hereby certify that on or about the date signed, a copy of this Order was electronically served and/or placed in the attorney's folders maintained by the Clerk of the Court and/or transmitted via facsimile and/or mailed, postage prepaid, by United States mail to the proper parties as follows:

Timothy A. Mott
Weinberg, Wheeler, Hudgins, Gunn & Dial

Robert L. Hempen
Law Office of Robert L. Hempen, II

Linda Denman,
Judicial Executive Assistant

Electronically Filed
3/13/2018 12:17 PM
Steven D. Grierson
CLERK OF THE COURT

**NTWA**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada  89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SHIKEMA     WEST    and    KIMBERLY HARDING,<br><br>           Plaintiffs,<br><br>vs.<br><br>GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive,<br><br>           Defendants. | Case No.  A-17-754291-C<br>Dept. No. XXVI<br><br><br>**NOTICE OF WITHDRAWAL OF COUNSEL (TIMOTHY A. MOTT)** |

NOTICE IS HEREBY GIVEN to the Court and all parties that Timothy A. Mott, Esq., is no longer associated with the law firm of Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC and should be removed as counsel of record for Defendant Genuine Parts Company, and removed from the Court's electronic service list for this case.

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC will remain as counsel of record for Defendants Genuine Parts Company.

DATED this 13th day of March, 2018.

#14209

Carol P. Michel, Esq.
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
*Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of March, 2018, a true and correct copy of the foregoing **NOTICE OF WITHDRAWAL OF COUNSEL (TIMOTHY A. MOTT)** was electronically filed and served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3660 N. Rancho Dr., #125
Las Vegas, NV 89130
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

Page 2 of 2

Electronically Filed
3/16/2018 4:18 PM
Steven D. Grierson
CLERK OF THE COURT

1

**APPL**
Carol P. Michel, Esq.

2   Nevada Bar No. 11420
*cmichel@wwhgd.com*

3   Kristian T. Kaskla, Esq.
Nevada Bar No. 14553

4   *kkaskla@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,

5      GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400

6   Las Vegas, Nevada  89118
Telephone: (702) 938-3838

7   Facsimile: (702) 938-3864
*Attorneys for Defendant*

8   *Genuine Parts Company*

9

10                     **DISTRICT COURT**

11                 **CLARK COUNTY, NEVADA**

SHIKEMA    WEST    and    KIMBERLY    | Case No.  A-17-754291-C

12   HARDING,                           | Dept. No. XXVI

13                 Plaintiffs,

14   vs.

15

GENUINE   PARTS   COMPANY, a  Nevada

16   Company; DOES  I   through   XX;  DOES
CORPORATION    I    through    XX;   ROE

17   EMPLOYEES I through X, inclusive,

18                 Defendants.

19

                           **APPLICATION TO ISSUE COMMISSION**
                           **TO SERVE SUBPOENA DUCES TECUM**
                           **OUTSIDE THE STATE OF NEVADA**

        Defendant **Genuine Parts Company** ("Defendant"), pursuant to Rule 28(a) of the Nevada

20   Rules of Civil Procedure, makes an Application to this Court for Issuance of a Commission to

21   serve a Subpoena Outside the State of Nevada on **Custodian of Records for University Imaging**

22   **Centers** and respectfully shows the Court the following:

23        1.    Applicant is the attorney of record for Defendant in the above entitled case and

24   cause.

25        2.    That the **Custodian of Records for University Imaging Centers** is located 14915

26   Burbank Blvd., Van Nuys, CA 91411.

27

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

3.      The Notice to Serve Subpoena Outside the State of Nevada on **Custodian of University Imaging Centers** and the Subpoena is by this reference incorporated herein as if here set forth in full.

4.      Under Rule 28(a) of the Nevada Rules of Civil Procedure, upon Application and proof that the Notice to Serve a Subpoena Outside the State of Nevada on **Custodian of Records University Imaging Centers** has been given as provided in NRCP 30(b)(1), the Clerk of this Court is authorized to issue a Commission for the service of the Subpoena outside the State of Nevada.

WHEREFORE, Applicant prays that the Clerk of Court issue a Commission to serve a Subpoena outside the State of Nevada, to wit:  Van Nuys , CA.

DATED this _15_ day of March, 2018.

_____
Carol P. Michel, Esq.
Kristian T. Kaskla, Esq.
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
*Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

1

**CERTIFICATE OF SERVICE**

2   I hereby certify that on the 16th day of March, 2018, a true and correct copy of the

3   foregoing **APPLICATION TO ISSUE COMMISSION TO SERVE SUBPOENA DUCES**

4   **TECUM OUTSIDE THE STATE OF NEVADA** was electronically filed/served on counsel

5   through the Court's electronic service system pursuant to Administrative Order 14-2 and

6   N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is

7   stated or noted:

8

9   Robert L. Hempen II, Esq.
    LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.

10   3660 N. Rancho Dr., #125
    Las Vegas, NV 89130

11   (702) 383-9955
    (702) 839-7999 FAX

12   *Attorneys for Plaintiffs*

13

14

15   *Kelly R Ruci*

16   An employee of WEINBERG, WHEELER, HUDGINS
    GUNN & DIAL, LLC

17

18

19

20

21

22

23

24

25

26

27

28

*Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC*
*6385 S. Rainbow Blvd., Suite 400*
*Las Vegas, Nevada  89118*
*(702) 938-3838*

Page 3 of 3

# EXHIBIT 1

# EXHIBIT 1

**NOTC**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Kristian T. Kaskla, Esq.
Nevada Bar No. 14553
*kkaskla@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING, | Case No. A-17-754291-C |
| | Dept. No. XXVI |
| Plaintiffs, | |
| vs. | **NOTICE OF SERVING SUBPOENA DUCES TECUM OUTSIDE THE STATE OF NEVADA** |
| GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive, | |
| Defendants. | |

PLEASE TAKE NOTICE that the following Subpoena Duces Tecum, requesting the production of documents from University Imaging Centers will be issued by Defendant.

///
///
///
///
///
///
///

Page 1 of 3

A copy of the subpoena is attached hereto.

DATED this ___15___ day of March, 2018.

Carol P. Michel, Esq.
Kristian T. Kaskla, Esq
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
*Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

**CERTIFICATE OF SERVICE**

I hereby certify that on the ___16th___ day of March, 2018, a true and correct copy of the foregoing **NOTICE OF SERVING SUBPOENA DUCES TECUM OUTSIDE THE STATE OF NEVADA** was electronically served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3660 N. Rancho Dr., #125
Las Vegas, NV 89130
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

_____
An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

**SUBP**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING, | Case No. A-17-754291-C<br>Dept. No. XXVI |
| Plaintiffs, | |
| vs. | **SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS FOR UNIVERSITY IMAGING CENTERS** |
| GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive, | |
| Defendants. | |

THE STATE OF NEVADA SENDS GREETINGS TO:

**Custodian of Records**
**University Imaging Centers**
**14915 Burbank Blvd.**
**Van Nuys, CA 91411**

   **YOU ARE HEREBY COMMANDED**, all and singular business and excuses being set aside, to appear and attend on the **12th day of April 2018**, at the hour of **11:15 a.m.**  The address where you are required to appear being WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, 6385 S. RAINBOW BLVD. SUITE 400, LAS VEGAS, NV 89118. You are required to bring with you at the time of your appearance any items set forth in Exhibit A of this subpoena.

   If you fail to attend you will be deemed guilty of contempt of court and liable to pay all losses and damages caused by your failure to appear and in addition forfeit One Hundred

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

1    ($100.00) dollars.

2         You may avoid appearing by providing WEINBERG, WHEELER, HUDGINS, GUNN & DIAL,

3    LLC, with the requested documents **one week in advance** of the requested appearance date. If you

4    plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the

5    enclosed Certificate of Records and return to this office with file. Pursuant to the Nevada Rules of

6    Civil Procedure Rule 45(a)(1)(D), attached as Exhibit B is a copy of the text of Rule 45(c)-(d).

7

8         DATED this __15__ day of March, 2018.

9

10   _____

11   Carol P. Michel, Esq.
     WEINBERG, WHEELER, HUDGINS,

12        GUNN & DIAL, LLC
     6385 S. Rainbow Blvd., Suite 400

13   Las Vegas, NV  89118
     *Attorneys for Defendant Genuine Parts Company*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

**EXHIBIT "A"**

Those documents regarding medical treatment relating to the care of Kimberly Harding, DOB 10/12/1963. The documents requested include, but are not limited to the following: medical records, billing records, reports, handwritten notes, memorandum, correspondence, nurse's notes, physician's orders, operative reports, pain questionnaires, histories, in-take sheets, laboratory results, pharmacy records, raw data, member profiles, and all diagnostic reports and films, including x-rays, MRI films, CT scans, and discography films and any other documentation in your file for dates of service **05/26/2010 – present**.

You may avoid appearing by providing WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, with the requested documents **one week in advance** of the requested appearance date. If you plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the enclosed Certificate of Records and return to this office with the requested materials.

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

**EXHIBIT "B"**

<u>**NEVADA RULES OF CIVIL PROCEDURE**</u>

**Rule 45**
**(c) Protection of Persons Subject to Subpoena.**
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

## CERTIFICATE OF CUSTODIAN OF RECORDS

STATE OF _____ )
                                              ) ss.
COUNTY OF _____ )

_____, being duly sworn, deposes and says:

1.     That the Affiant is the _____ for the offices of **UNIVERSITY IMAGING CENTERS** and in such capacity is the Custodian of Records.

2.     That the Affiant was served with a Subpoena Duces Tecum in connection with *Harding v. Genuine Parts Company* Clark County District Court Case No. A-17-754291-C calling for the production of all documents contained in **UNIVERSITY IMAGING CENTERS'** file relating to Kimberly Harding.

3.     That the Affiant has examined the original of the above-referenced documents and has made a true and exact copy of them except that all privileged, protected, and irrelevant materials have been withheld or redacted and that the reproduction of them attached hereto is true and complete.

**OR**

☐     That the affiant has performed a thorough search of **UNIVERSITY IMAGING CENTERS'** files and produced no records or documents responsive to this request.  It is to be understood that this does not mean that records do not exist under another spelling, name or classification.

COMMENTS:_____
FURTHER AFFIANT SAYETH NAUGHT.

Dated this ____ day of _____, 2018.

_____
                                    Signature

SUBSCRIBED and SWORN to before me this
_____ day of _____, 2018.

_____
Notary Public in and for said County and State

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

**COMM**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Kristian T. Kaskla, Esq.
Nevada Bar No. 14553
*kkaskla@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING,<br><br>                    Plaintiffs,<br><br>vs.<br><br>GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive,<br><br>                    Defendants. | Case No.  A-17-754291-C<br>Dept. No. XXVI<br><br><br>**COMMISSION TO SERVE SUBPOENA DUCES TECUM OUTSIDE THE STATE OF NEVADA** |

Defendant **Genuine Parts Company** ("Defendant"), having demonstrated the need for certain information in connection with the matter herein and requiring a subpoena from the Courts of the State of California for the production of documents from Custodian of Records for **University Imaging Centers**, hereby respectfully commissions and solicits the assistance of the Courts of the State of California, or such subordinate office as it may designate, to issue with due diligence a Subpoena Duces Tecum in a form acceptable to the Court Rules of the State of California,

///

///

///

1  compelling **University Imaging Centers** to produce materials related to the above matter, on

2  **April 12th, 2018**.

3

4                                                    CLERK OF THE COURT

5

6                                                    DEPUTY CLERK

7                                                    Judit Angyalne-Kiss          3/19/2018

8

9  Issued by:

10  WEINBERG, WHEELER, HUDGINS,
       GUNN & DIAL, LLC

11

12

13  By: _____

14  Carol P. Michel, Esq.
    Kristian T. Kaskla, Esq.

15  WEINBERG, WHEELER, HUDGINS,
       GUNN & DIAL, LLC

16  6385 S. Rainbow Blvd., Suite 400
    Las Vegas, NV 89118

17  *Attorneys for Defendant Genuine Parts Company*

18

19

20

21

22

23

24

25

26

27

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

Electronically Filed
3/16/2018 4:18 PM
Steven D. Grierson
CLERK OF THE COURT

**APPL**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Kristian T. Kaskla, Esq.
Nevada Bar No. 14553
*kkaskla@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada  89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA   WEST   and   KIMBERLY HARDING,<br><br>          Plaintiffs,<br><br>vs.<br><br>GENUINE  PARTS  COMPANY,  a  Nevada Company;  DOES  I  through  XX;  DOES CORPORATION   I   through   XX;   ROE EMPLOYEES I through X, inclusive,<br><br>          Defendants. | Case No.  A-17-754291-C<br>Dept. No. XXVI<br><br>**APPLICATION TO ISSUE COMMISSION TO SERVE SUBPOENA DUCES TECUM OUTSIDE THE STATE OF NEVADA** |

Defendant **Genuine Parts Company** ("Defendant"), pursuant to Rule 28(a) of the Nevada Rules of Civil Procedure, makes an Application to this Court for Issuance of a Commission to serve a Subpoena Outside the State of Nevada on **Custodian of Records for Advanced Chiropractic Health Center** and respectfully shows the Court the following:

1.      Applicant is the attorney of record for Defendant in the above entitled case and cause.

2.      That the **Custodian of Records for Advanced Chiropractic Health Center** is located at 615 West Ave Q, Suite E, Palmdale, CA 93551.

3.     The Notice to Serve Subpoena Outside the State of Nevada on **Custodian of Advanced Chiropractic Health Center** and the Subpoena is by this reference incorporated herein as if here set forth in full.

4.     Under Rule 28(a) of the Nevada Rules of Civil Procedure, upon Application and proof that the Notice to Serve a Subpoena Outside the State of Nevada on **Custodian of Records Advanced Chiropractic Health Center** has been given as provided in NRCP 30(b)(1), the Clerk of this Court is authorized to issue a Commission for the service of the Subpoena outside the State of Nevada.

WHEREFORE, Applicant prays that the Clerk of Court issue a Commission to serve a Subpoena outside the State of Nevada, to wit:  Palm Dale , CA.

DATED this _15_ day of March, 2018.

Carol P. Michel, Esq.
Kristian T. Kaskla, Esq.
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
*Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

<div align="left" style="writing-mode: vertical">

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

</div>

**CERTIFICATE OF SERVICE**

   I hereby certify that on the ___10th___ day of March, 2018, a true and correct copy of the foregoing **APPLICATION TO ISSUE COMMISSION TO SERVE SUBPOENA DUCES TECUM OUTSIDE THE STATE OF NEVADA** was electronically filed/served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:


Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3660 N. Rancho Dr., #125
Las Vegas, NV 89130
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*



_____
An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

# EXHIBIT 1

# EXHIBIT 1

**NOTC**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Kristian T. Kaskla, Esq.
Nevada Bar No. 14553
*kkaskla@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING, | Case No.  A-17-754291-C |
| | Dept. No. XXVI |
| Plaintiffs, | |
| vs. | **NOTICE OF SERVING SUBPOENA DUCES TECUM OUTSIDE THE STATE OF NEVADA** |
| GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive, | |
| Defendants. | |

PLEASE TAKE NOTICE that the following Subpoena Duces Tecum, requesting the production of documents from Advanced Chiropractic Health Center will be issued by Defendant.

///

///

///

///

///

///

///

A copy of the subpoena is attached hereto.

DATED this ___15___ day of March, 2018.

Carol P. Michel, Esq.
Kristian T. Kaskla, Esq
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
*Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of March, 2018, a true and correct copy of the foregoing **NOTICE OF SERVING SUBPOENA DUCES TECUM OUTSIDE THE STATE OF NEVADA** was electronically served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3660 N. Rancho Dr., #125
Las Vegas, NV 89130
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

_____
An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

**SUBP**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
 GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING, | Case No.  A-17-754291-C |
| | Dept. No. XXVI |
| Plaintiffs, | |
| vs. | **SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS FOR ADVANCED CHIROPRACTIC HEALTH CENTER** |
| GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive, | |
| Defendants. | |

THE STATE OF NEVADA SENDS GREETINGS TO:

> **Custodian of Records**
> **Advanced Chiropractic Health Center**
> **615 West Ave. Q, Suite E**
> **Palmdale , CA 93551**

**YOU ARE HEREBY COMMANDED**, all and singular business and excuses being set aside, to appear and attend on the **12ᵗʰ day of April 2018**, at the hour of **11:30 a.m.**  The address where you are required to appear being FIRST LEGAL, 1517 W. BEVERLY BLVD., LOS ANGELES, CA 90026. You are required to bring with you at the time of your appearance any items set forth in Exhibit A of this subpoena.

If you fail to attend you will be deemed guilty of contempt of court and liable to pay all losses and damages caused by your failure to appear and in addition forfeit One Hundred

1   ($100.00) dollars.

2       You may avoid appearing by providing WEINBERG, WHEELER, HUDGINS, GUNN & DIAL,

3   LLC, with the requested documents **one week in advance** of the requested appearance date. If you

4   plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the

5   enclosed Certificate of Records and return to this office with file. Pursuant to the Nevada Rules of

6   Civil Procedure Rule 45(a)(1)(D), attached as Exhibit B is a copy of the text of Rule 45(c)-(d).

7

8       DATED this ___15___ day of March, 2018.

9

10  _____

11  Carol P. Michel, Esq.
    WEINBERG, WHEELER, HUDGINS,

12    GUNN & DIAL, LLC
    6385 S. Rainbow Blvd., Suite 400

13  Las Vegas, NV  89118
    *Attorneys for Defendant Genuine Parts Company*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

**EXHIBIT "A"**

Those documents regarding medical treatment relating to the care of Kimberly Harding, DOB 10/12/1963. The documents requested include, but are not limited to the following: medical records, billing records, reports, handwritten notes, memorandum, correspondence, nurse's notes, physician's orders, operative reports, pain questionnaires, histories, in-take sheets, laboratory results, pharmacy records, raw data, member profiles, and all diagnostic reports and films, including x-rays, MRI films, CT scans, and discography films and any other documentation in your file for dates of service **05/26/2010 – present**.

You may avoid appearing by providing WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, with the requested documents **one week in advance** of the requested appearance date. If you plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the enclosed Certificate of Records and return to this office with the requested materials.

**EXHIBIT "B"**

**NEVADA RULES OF CIVIL PROCEDURE**

**Rule 45**
**(c) Protection of Persons Subject to Subpoena.**
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

**CERTIFICATE OF CUSTODIAN OF RECORDS**

STATE OF _____ )
                            ) ss.
COUNTY OF _____ )

_____, being duly sworn, deposes and says:

    1.    That the Affiant is the _____ for the offices of **ADVANCED CHIROPRACTIC HEALTH CENTER** and in such capacity is the Custodian of Records.

    2.    That the Affiant was served with a Subpoena Duces Tecum in connection with *Harding v. Genuine Parts Company* Clark County District Court Case No. A-17-754291-C calling for the production of all documents contained in **ADVANCED CHIROPRACTIC HEALTH CENTER's** file relating to Kimberly Harding.

    3.    That the Affiant has examined the original of the above-referenced documents and has made a true and exact copy of them except that all privileged, protected, and irrelevant materials have been withheld or redacted and that the reproduction of them attached hereto is true and complete.

**OR**

    ☐    That the affiant has performed a thorough search of **ADVANCED CHIROPRACTIC HEALTH CENTER's** files and produced no records or documents responsive to this request. It is to be understood that this does not mean that records do not exist under another spelling, name or classification.

COMMENTS:_____
FURTHER AFFIANT SAYETH NAUGHT.

    Dated this ____ day of _____, 2018.

                           _____
                                     Signature

SUBSCRIBED and SWORN to before me this
_____ day of _____, 2018.

_____
Notary Public in and for said County and State

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

Electronically Issued
3/16/2018 4:20 PM

**COMM**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Kristian T. Kaskla, Esq.
Nevada Bar No. 14553
*kkaskla@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING, | Case No.  A-17-754291-C<br>Dept. No. XXVI |
| Plaintiffs, | |
| vs. | **COMMISSION TO SERVE SUBPOENA DUCES TECUM OUTSIDE THE STATE OF NEVADA** |
| GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive, | |
| Defendants. | |

Defendant **Genuine Parts Company** ("Defendant"), having demonstrated the need for certain information in connection with the matter herein and requiring a subpoena from the Courts of the State of California for the production of documents from Custodian of Records for **Advanced Chiropractic Health Center**, hereby respectfully commissions and solicits the assistance of the Courts of the State of California, or such subordinate office as it may designate, to issue with due diligence a Subpoena Duces Tecum in a form acceptable to the Court Rules of the State of California,

///

///

///

compelling **Advanced Chiropractic Health Center** to produce materials related to the above

matter, on **April 12th, 2018**.

CLERK OF THE COURT

DEPUTY CLERK

3/19/2018

Judit Angyaine-Kiss

Issued by:

WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC

By:

Carol P. Michel, Esq.
Kristian T. Kaskla, Esq.
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
*Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

Electronically Filed
3/16/2018 4:18 PM
Steven D. Grierson
CLERK OF THE COURT

**APPL**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Kristian T. Kaskla, Esq.
Nevada Bar No. 14553
*kkaskla@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada  89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING,<br><br>                    Plaintiffs,<br><br>vs.<br><br>GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive,<br><br>                    Defendants. | Case No.  A-17-754291-C<br>Dept. No. XXVI<br><br>**APPLICATION TO ISSUE COMMISSION TO SERVE SUBPOENA DUCES TECUM OUTSIDE THE STATE OF NEVADA** |

Defendant **Genuine Parts Company** ("Defendant"), pursuant to Rule 28(a) of the Nevada Rules of Civil Procedure, makes an Application to this Court for Issuance of a Commission to serve a Subpoena Outside the State of Nevada on **Custodian of Records for Antelope Valley Hospital** and respectfully shows the Court the following:

      1.    Applicant is the attorney of record for Defendant in the above entitled case and cause.

      2.    That the **Custodian of Records for Antelope Valley Hospital** is located 1600 West Avenue J, Lancaster, CA 93534.

3.    The Notice to Serve Subpoena Outside the State of Nevada on **Custodian of Antelope Valley Hospital** and the Subpoena is by this reference incorporated herein as if here set forth in full.

4.    Under Rule 28(a) of the Nevada Rules of Civil Procedure, upon Application and proof that the Notice to Serve a Subpoena Outside the State of Nevada on **Custodian of Records Antelope Valley Hospital Center** has been given as provided in NRCP 30(b)(1), the Clerk of this Court is authorized to issue a Commission for the service of the Subpoena outside the State of Nevada.

WHEREFORE, Applicant prays that the Clerk of Court issue a Commission to serve a Subpoena outside the State of Nevada, to wit:  Lancaster , CA.

DATED this ⎵5 day of March, 2018.

Carol P. Michel, Esq.
Kristian T. Kaskla, Esq.
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
*Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

**CERTIFICATE OF SERVICE**

I hereby certify that on the ___16th___ day of March, 2018, a true and correct copy of the foregoing **APPLICATION TO ISSUE COMMISSION TO SERVE SUBPOENA DUCES TECUM OUTSIDE THE STATE OF NEVADA** was electronically filed/served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3660 N. Rancho Dr., #125
Las Vegas, NV 89130
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

_____
An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

Page 3 of 3

# EXHIBIT 1

# EXHIBIT 1

**NOTC**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Kristian T. Kaskla, Esq.
Nevada Bar No. 14553
*kkaskla@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING,<br><br>               Plaintiffs,<br><br>vs.<br><br>GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive,<br><br>               Defendants. | Case No.   A-17-754291-C<br>Dept. No. XXVI<br><br>**NOTICE OF SERVING SUBPOENA DUCES TECUM OUTSIDE THE STATE OF NEVADA** |

PLEASE TAKE NOTICE that the following Subpoena Duces Tecum, requesting the production of documents from Antelope Valley Hospital will be issued by Defendant.

///
///
///
///
///
///
///
///

1

A copy of the subpoena is attached hereto.

2

3       DATED this ___15___ day of March, 2018.

4

5                                          _____
                                           Carol P. Michel, Esq.
6                                          Kristian T. Kaskla, Esq
                                           WEINBERG, WHEELER, HUDGINS,
7                                             GUNN & DIAL, LLC
                                           6385 S. Rainbow Blvd., Suite 400
8                                          Las Vegas, NV  89118
                                           *Attorneys for Defendant Genuine Parts Company*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

**CERTIFICATE OF SERVICE**

I hereby certify that on the ____16th____ day of March, 2018, a true and correct copy of the foregoing **NOTICE OF SERVING SUBPOENA DUCES TECUM OUTSIDE THE STATE OF NEVADA** was electronically served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3660 N. Rancho Dr., #125
Las Vegas, NV 89130
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

_____
An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

Page 3 of 3

**SUBP**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

<div align="center">

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

</div>

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING,<br><br>                    Plaintiffs,<br><br>vs.<br><br>GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive,<br><br>                    Defendants. | Case No.   A-17-754291-C<br>Dept. No. XXVI<br><br><br>**SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS FOR** |

THE STATE OF NEVADA SENDS GREETINGS TO:

   **Custodian of Records**
   **Antelope Valley Hospital**
   **1600 West Avenue J**
   **Lancaster, CA 93534**

   **YOU ARE HEREBY COMMANDED**, all and singular business and excuses being set aside, to appear and attend on the **12ᵗʰ day of April 2018,** at the hour of **9:00 a.m.**  The address where you are required to appear being FIRST LEGAL, 1517 W. Beverly Blvd., Los Angles, CA 90026.  You are required to bring with you at the time of your appearance any items set forth in Exhibit A of this subpoena.

   If you fail to attend you will be deemed guilty of contempt of court and liable to pay all losses and damages caused by your failure to appear and in addition forfeit One Hundred

<div align="center">

Page 1 of 5

</div>

1   ($100.00) dollars.

2        You may avoid appearing by providing WEINBERG, WHEELER, HUDGINS, GUNN & DIAL,

3   LLC, with the requested documents **one week in advance** of the requested appearance date. If you

4   plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the

5   enclosed Certificate of Records and return to this office with file. Pursuant to the Nevada Rules of

6   Civil Procedure Rule 45(a)(1)(D), attached as Exhibit B is a copy of the text of Rule 45(c)-(d).

7

8        DATED this 15 day of March, 2018.

9

10

11      Carol P. Michel, Esq.
        WEINBERG, WHEELER, HUDGINS,
12          GUNN & DIAL, LLC
        6385 S. Rainbow Blvd., Suite 400
13      Las Vegas, NV  89118
        *Attorneys for Defendant Genuine Parts Company*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

**EXHIBIT "A"**

Those documents regarding medical treatment relating to the care of Kimberly Harding, DOB 10/12/1963. The documents requested include, but are not limited to the following: medical records, billing records, reports, handwritten notes, memorandum, correspondence, nurse's notes, physician's orders, operative reports, pain questionnaires, histories, in-take sheets, laboratory results, pharmacy records, raw data, member profiles, and all diagnostic reports and films, including x-rays, MRI films, CT scans, and discography films and any other documentation in your file for dates of service **05/26/2010 – present**.

You may avoid appearing by providing WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, with the requested documents **one week in advance** of the requested appearance date. If you plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the enclosed Certificate of Records and return to this office with the requested materials.

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

**EXHIBIT "B"**

**NEVADA RULES OF CIVIL PROCEDURE**

**Rule 45**

**(c) Protection of Persons Subject to Subpoena.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**CERTIFICATE OF CUSTODIAN OF RECORDS**

STATE OF _____ )
                                            ) ss.
COUNTY OF _____ )

_____, being duly sworn, deposes and says:

1.    That the Affiant is the _____ for the offices of **ANTELOPE VALLEY HOSPITAL** and in such capacity is the Custodian of Records.

2.    That the Affiant was served with a Subpoena Duces Tecum in connection with *Harding v. Genuine Parts Company* Clark County District Court Case No. A-17-754291-C calling for the production of all documents contained in **ANTELOPE VALLEY HOSPITAL's** file relating to Kimberly Harding.

3.    That the Affiant has examined the original of the above-referenced documents and has made a true and exact copy of them except that all privileged, protected, and irrelevant materials have been withheld or redacted and that the reproduction of them attached hereto is true and complete.

**OR**

☐    That the affiant has performed a thorough search of **ANTELOPE VALLEY HOSPITAL's** files and produced no records or documents responsive to this request. It is to be understood that this does not mean that records do not exist under another spelling, name or classification.

COMMENTS:_____
FURTHER AFFIANT SAYETH NAUGHT.

Dated this ____ day of _____, 2018.


_____
                                                        Signature

SUBSCRIBED and SWORN to before me this
_____ day of _____, 2018.

_____
Notary Public in and for said County and State

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

Electronically Issued
3/16/2018 4:20 PM

**COMM**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Kristian T. Kaskla, Esq.
Nevada Bar No. 14553
*kkaskla@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING, | Case No. A-17-754291-C<br>Dept. No. XXVI |
| Plaintiffs, | |
| vs. | **COMMISSION TO SERVE SUBPOENA DUCES TECUM OUTSIDE THE STATE OF NEVADA** |
| GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive, | |
| Defendants. | |

Defendant **Genuine Parts Company** ("Defendant"), having demonstrated the need for certain information in connection with the matter herein and requiring a subpoena from the Courts of the State of California for the production of documents from Custodian of Records for **Antelope Valley Hospital**, hereby respectfully commissions and solicits the assistance of the Courts of the State of California, or such subordinate office as it may designate, to issue with due diligence a Subpoena Duces Tecum in a form acceptable to the Court Rules of the State of California,

///

///

///

1   compelling **Antelope Valley Hospital Center** to produce materials related to the above matter, on

2   **April 12th, 2018**.

3

4                                                    CLERK OF THE COURT

5

6                                                    DEPUTY CLERK

7                                      Judit Angyalne-Kiss          3/19/2018

8

9   Issued by:

10  WEINBERG, WHEELER, HUDGINS,
        GUNN & DIAL, LLC

11

12

13  By:

14  Carol P. Michel, Esq.
    Kristian T. Kaskla, Esq.

15  WEINBERG, WHEELER, HUDGINS,
        GUNN & DIAL, LLC

16  6385 S. Rainbow Blvd., Suite 400
    Las Vegas, NV 89118

17  *Attorneys for Defendant Genuine Parts Company*

18

19

20

21

22

23

24

25

26

27

28

*Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC*
*6385 S. Rainbow Blvd., Suite 400*
*Las Vegas, Nevada 89118*
*(702) 938-3838*

Electronically Filed
4/2/2018 3:59 PM
Steven D. Grierson
CLERK OF THE COURT

**DDW**

1  Carol P. Michel, Esq.
   Nevada Bar No. 11420
2  *cmichel@wwhgd.com*
   Kristian T. Kaskla, Esq.
3  Nevada Bar No. 14553
   *kkaskla@wwhgd.com*
4  WEINBERG, WHEELER, HUDGINS,
      GUNN & DIAL, LLC
5  6385 S. Rainbow Boulevard, Suite 400
   Las Vegas, Nevada 89118
6  Telephone: (702) 938-3838
   Facsimile: (702) 938-3864
7  *Attorneys for Defendant*
   *Genuine Parts Company*
8

9                         **DISTRICT COURT**

10                    **CLARK COUNTY, NEVADA**

11  SHIKEMA    WEST    and    KIMBERLY      Case No.  A-17-754291-C
    HARDING,                                Dept. No. XXVI
12
13              Plaintiffs,
                                            **DEFENDANT'S FIRST**
14  vs.                                     **SUPPLEMENTAL DISCLOSURE OF**
                                            **DOCUMENTS AND WITNESSES**
15  GENUINE  PARTS  COMPANY,  a  Nevada     **PURSUANT TO NRCP 16.1**
    Company;  DOES  I  through  XX;  DOES
16  CORPORATION   I   through   XX;   ROE
    EMPLOYEES I through X, inclusive,
17
18              Defendants.

19

20          Defendant Genuine Parts Company ("Defendant"), by and through its attorneys Carol P.

21  Michel, Esq. and Kristian T. Kaskla, Esq. of the law firm of Weinberg Wheeler Hudgins Gunn &

22  Dial, LLC, hereby submit the following First Supplemental Disclosure Pursuant to NRCP 16.1

23  with regard to the above captioned matter. **Additions in bold.**

24                                   **I.**

25                               **WITNESSES**

26  1.      Shikema West
            c/o Robert L. Hempen II, Esq.
27          LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
            3660 N. Rancho Dr. # 125
28          Las Vegas, NV 89130

This witness is expected to testify regarding the alleged incident which is the subject of Plaintiff's Complaint, including but not limited to her personal knowledge of the circumstances of the incident, her alleged injuries and damages arising therefrom, and the medical treatment she alleges is related to the incident.

    2.     Kimberly Harding
          c/o Robert L. Hempen II, Esq.
          LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
          3660 N. Rancho Dr. # 125
          Las Vegas, NV 89130

This witness is expected to testify regarding the alleged incident which is the subject of Plaintiff's Complaint, including but not limited to her personal knowledge of the circumstances of the incident, her alleged injuries and damages arising therefrom, and the medical treatment she alleges is related to the incident.

    3.     Joe Taylor (Driver - Genuine Parts Company)
          350 West Basic Rd.
          Henderson, NV 89015

The witness is expected to testify as to the facts and circumstances surrounding the events which are the subject of this litigation.

Defendant reserves the right to supplement this witness list as discovery continues, and hereby incorporates the witness list submitted by any other party to this matter solely for the purpose of identifying individuals likely to have discoverable information.

    **4.**     **Person Most Knowledgeable / Custodian of Records / Treating Physician**
          **Las Vegas Neurosurgery, Orthopaedics & Rehabilitation**
          **501 S. Rancho Dr, Suite I-67**
          **Las Vegas, NV  89106**

**This witness is expected to testify regarding the medical care, treatment and cost of treatment of Plaintiff as well as the completeness and accuracy of the medical records and bills generated in the normal course of business.**

/ / /

/ / /

/ / /

5.      Person Most Knowledgeable / Custodian of Records / Treating Physician
        MountainView Hospital
        3100 N. Tenaya Way
        Las Vegas, NV 89128

This witness is expected to testify regarding the medical care, treatment and cost of treatment of Plaintiff as well as the completeness and accuracy of the medical records and bills generated in the normal course of business.

6.      Person Most Knowledgeable / Custodian of Records / Treating Physician
        Sierra Med Services
        8068 W. Sahara Ave., Suite C
        Las Vegas, NV 89117

This witness is expected to testify regarding the medical care, treatment and cost of treatment of Plaintiff as well as the completeness and accuracy of the medical records and bills generated in the normal course of business.

7.      Person Most Knowledgeable / Custodian of Records / Treating Physician
        Radiology Specialists, Ltd.
        P.O Box 50709
        Henderson, NV 89016

This witness is expected to testify regarding the medical care, treatment and cost of treatment of Plaintiff as well as the completeness and accuracy of the medical records and bills generated in the normal course of business.

## II.

## LIST OF DOCUMENTS

1.      Defendant's Answer to Complaint, *previously filed herein.*.

2.      Shikema West Statement of Accident, identified as GPC000001-GPC000002.

3.      Kimberly Harding Statement of Accident, identified as GPC000003-GPC000004.

4.      **Las Vegas Neurosurgery, Orthopaedics & Rehabilitation Medical and Billing records with film, identified as LVNO000001-125.**

5.      **MountainView Hospital Radiology Records, identified as MVHR000001-4.**

6.      **Sierra Med Services, identified as SMS000001-16.**

7.      **Radiology Specialists, Ltd., Records, identified as RADS000001-2.**

Defendant reserves the right to supplement this list of documents as discovery continues,

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

and hereby incorporates the documents identified by any other party to this matter solely for the purpose of identifying documents potentially relevant to this action.

### III.

### INSURANCE AGREEMENTS

See Policy Declarations, identified as DECL000001-DECL000005.

DATED this ___2___ day of April, 2018.

Carol P. Michel, Esq.
Kristian T. Kaskla, Esq.
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
*Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of April, 2018, a true and correct copy of the foregoing **DEFENDANT'S FIRST SUPPLEMENTAL DISCLOSURE OF DOCUMENTS AND WITNESSES PURSUANT TO NRCP 16.1** was electronically filed and served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
hempenlawoffice@yahoo.com
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3660 N. Rancho Dr. # 125
Las Vegas, NV 89130
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

_____
An employee of WEINBERG, WHEELER, HUDGINS GUNN & DIAL, LLC

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838



Electronically Filed
4/5/2018 11:48 AM
Steven D. Grierson
CLERK OF THE COURT

1  MOT
ROBERT L. HEMPEN, II, ESQ.
2  Nevada Bar No.: 003433
LAW OFFICES OF ROBERT L. HEMPEN II, ESQ.
3  3660 N. Rancho Drive., Suite 125
Las Vegas, Nevada 89130
4  Telephone # 702-383-9955
Facsimile # 702-839-7999
5  Attorney for Plaintiff
KIMBERLY HARDING

6

7                     **DISTRICT COURT**

8                  **CLARK COUNTY, NEVADA**

9  SHIKEMA WEST and KIMBERLY HARDING,    )
                                         )
10          Plaintiffs                    )    CASE NO.:  A-17-754291-C
                                         )    DEPT. NO.: XXVI
            vs.                          )
11                                        )
12  GENUINE PARTS COMPANY, a Nevada       )
    Company;DOES I through XX; DOES       )
    CORPORATION I through XX;             )
13  ROE EMPLOYEES I through X, inclusive, )
                                         )
14          Defendants                    )
                                         )
15  _____)

16               **MOTION TO AMEND COMPLAINT**

17               ORAL ARGUMENT REQUESTED:
                   YES __X__NO _____

18  **NOTICE: YOU ARE REQUIRED TO FILE A WRITTEN RESPONSE TO THIS**
19  **MOTION WITH THE CLERK OF THE COURT AND TO PROVIDE THE**
    **UNDERSIGNED WITH A COPY OF YOUR RESPONSE WITHIN TEN (10)**
20  **DAYS OF YOUR RECEIPT OF THIS MOTION. FAILURE TO FILE A**
    **WRITTEN RESPONSE WITH THE CLERK OF THE COURT WITHIN TEN**
21  **(10) DAYS OF YOUR RECEIPT OF THIS MOTION MAY RESULT IN THE**
    **REQUESTED RELIEF BEING GRANTED BY THE COURT WITHOUT**
22  **HEARING PRIOR TO THE SCHEDULED HEARING DATE.**

23          COMES NOW, the Plaintiff, KIMBERLY HARDING, by and through her

24  attorney, ROBERT L. HEMPEN II, ESQ., and moves this Honorable Court for its orders

    setting allowing the Complaint to be Amended.
25
    . . . .
26
    . . . .
27
    . . . .
28

1       This motion is made and based upon the pleadings and papers on file herein, upon

2  the following Points and Authorities, together with the attached affidavit, and upon such

3  argument as may be adduced at the hearing on this matter.

4       DATED this 5th day of April, 2018.

5

6                    LAW OFFICES OF ROBERT L. HEMPEN

7

8                    ROBERT L. HEMPEN II, ESQ.
                    Nevada Bar # 003433

9                    3660 N. Rancho Drive, Suite 125
                    Las Vegas, NV 89130
                    Attorney for Plaintiff

10                    KIMBERLY HARDING

11

12                    **<u>NOTICE OF MOTION</u>**

13  TO:    GENUINE PARTS COMPANY, Defendant:

14  TO:    CAROL P. MICHEL, ESQ., Attorney for Defendant:

15       PLEASE TAKE NOTICE that the Defendant will bring the foregoing motion on

16  for hearing on the _____ day of ___May 8___, 2018, at the hour of

17  __9:00__ a.m./p.m., or as soon thereafter as the matter can be heard before the District

18  Court, Department 26.

19       DATED this 5th day of April, 2018.

20

21                    LAW OFFICES OF ROBERT L. HEMPEN

22

23                    ROBERT L. HEMPEN II, ESQ.
                    Nevada Bar # 003433

24                    3660 N. Rancho Drive, Suite 125
                    Las Vegas, NV 89130

25                    Attorney for Plaintiff
                    KIMBERLY HARDING

26  . . .

27  . . .

28

**POINTS AND AUTHORITIES**

On or about May 26, 2015 Ms. Harding was a passenger in vehicle driven by Plaintiff, Shikema West, going northbound on Interstate 15, near the Cheyenne Avenue exit, Clark County, Nevada. A vehicle owned by Defendant, Genuine Parts Company struck Plaintiff's vehicle. The driver of Defendant's vehicle did not identify himself but did provide proof of insurance of the company's vehicle.

Ms. West and Ms. Harding filed a Complaint and made a specific doe allegation as to the driver of the Defendant's vehicle. (See Exhibit "1") . The parties were able to reach a resolution as to Ms. West's claim and her case was dismissed by stipulation. (See Exhibit "2").

Plaintiff's counsel received 16.1 production which identified the driver of Defendant's vehicle.

**NRCP 10(a) FORM OF PLEADINGS**

(a) Caption; Names of Parties.  Every pleading shall contain a caption setting forth the name of the court and county, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties. A party whose name is not known may be designated by any name, and when the true name is discovered, the pleading may be amended accordingly.

. . .

. . .

. . .

. . .

. . .

-3-

1    Plaintiff specifically states the Doe was the driver of the vehicle. Ms. Harding is

2  requesting that the she be allowed to substitute the actual Defendant for the Doe

3  Defendant and the claim for relief would relate back to the date of the filing of the

4  original Complaint. *Nurenberger Hercules-Werke GMBH v. Virostek, 107 Nev. 873, 882*

5  *P2d. 1100 (1991).*

6    Mr. Joe Taylor was aware of the action  and will not be prejudiced as he was

7  aware of the accident. Therefore, Ms. Harding would request that this motion be granted.

8    DATED this 5th day of April, 2018.

9                                   LAW OFFICES OF ROBERT L. HEMPEN

10

11                                   ROBERT L. HEMPEN II, ESQ.
                                     Nevada Bar # 003433
12                                   3660 N. Rancho Drive, Suite 125
                                     Las Vegas, NV 89130
13                                   Attorney for Plaintiff
                                     KIMBERLY HARDING

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*EXHIBIT "1"*

DISTRICT COURT CIVIL COVER SHEET   A-17-754291-C

_____County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

XXVI

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING | GENUINE PARTS COMPANY |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| ROBERT L. HEMPEN II, ESQ. NV BAR #003433 | UNKNOWN |
| 3560 W. CHEYENNE AVE. #110 | |
| N. LAS VEGAS, NV 89032 | |
| (702) 383-9955 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☑ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

4/10/17
_____
Date

_____
Signature of initiating party or representative

*See other side for family-related case filings.*

1 | **COMP**
ROBERT L. HEMPEN II, ESQ.
2 | Nevada Bar No.:  3433
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3 | 3560 W. Cheyenne Avenue, Suite 110
N. Las Vegas, Nevada 89032
4 | (702) 383-9955 Office
(702) 839-7999 Facsimile
5 | Attorney for Plaintiffs

Electronically Filed
04/20/2017 03:14:43 PM

**CLERK OF THE COURT**

6
## DISTRICT COURT

7
## CLARK COUNTY, NEVADA

8 | SHIKEMA WEST and KIMBERLY
HARDING,                                )
9 |                                      )    CASE NO.:        A-17-754291-C
          Plaintiff,                     )    DEPT. NO.:       XXVI
10 |                                     )
       -vs-                              )
11 |                                     )
GENUINE PARTS COMPANY, A                 )
12 | NEVADA COMPANY; DOES I               )
through XX; DOES CORPORATION             )
13 | I through XX; ROE EMPLOYEES I        )
through X inclusive,                     )
14 |                                     )
          Defendants.                    )
15 | ——————————————————————— )

16
## COMPLAINT

17 |     Plaintiffs, by and though their attorney, ROBERT L. HEMPEN II, ESQ.  of

18 | LAW OFFICE OF ROBERT L. HEMPEN II, ESQ, and for their cause of action

19 | against Defendants, alleges as follows:

20 |                                    I

21 |     At all times mentioned herein, Plaintiffs, Shikema West and Kimberly

22 | Harding were and are residents of Las Vegas, Clark County, Nevada.

23 |                                   II

24 |     At all times mention herein, Defendant,  Genuine Parts Company, was and is

25 | duly license to do business in Clark County, State of Nevada

26 |                                  III

27 |     The true names and capacities, whether individual, corporate, associate, co-

28 | partnership, or otherwise of Defendant DOES I-XX are unknown to Plaintiffs who

1

therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant designated DOE is responsible in some manner for the offense and happening referred to in this actions and proximately caused the damages to Plaintiffs as herein alleged. The legal responsibility of said DOES I-XX, arises out of, but is not limited to, their status of owners, as their maintenance and/or entrustment of the vehicle which Defendant was operating at the time of the accident referred to in this Complaint, and/or their agency, master/servant or joint venturer relationship with the Defendants. Plaintiffs will request leave of Court to amend this Complaint to insert the true names and capacities of said Defendants when the same have been ascertained, to join such Defendants in this action and to assert the appropriate allegations.

IV

On or about May 26, 2015, Kimberly Harding was a passenger in a vehicle being driven by Shikema West, northbound on Interstate 15 near the Cheyenne Avenue exit, Clark County, Nevada.

V

On or about May 26, 2015, Plaintiff, Shikema West, was the operator of a 2003 Ford Escape, traveling northbound on Interstate 15 near the Cheyenne Avenue exit, in the County of Clark, State of Nevada.

VI

A collision occurred on northbound Interstate 15 on May 26, 2015 at or near the Cheyenne Avenue exit, County of Clark, State Of Nevada, involving a vehicle being driven by Plaintiff and a vehicle being driven by Defendant, DOE I and owned by Defendant Genuine Parts Company.

At the time of the incident described above, Defendant DOE I, was an agent and servant of Defendant, Genuine Parts Company, was in the course and scope of his employment for Defendant, Genuine Parts Company.

All liability of Defendant is imputed to Genuine Parts Company under doctrine of respondeat superior.

## VII

As a direct and proximate result of the negligence and carelessness of Defendants, and each of them, the Plaintiffs received injuries and suffered great pain.

## VIII

As a direct and proximate result of the negligence and carelessness of Defendant, the Plaintiffs were required to incur expenses for medical care, treatment and expenses incidental thereto all to their damages in a present amount yet unknown at this time and will be required in the future to incur expenses for and to employ physicians, nurses, physical therapists and to procure hospitalizations, x-rays, medicine and general medical care and attention in an amount not yet ascertained. In this regard, Plaintiffs pray leave of Court to insert all said damages herein when the same have been fully ascertained or proof thereof at the time of trial herein.

## IX

By reason of the premises and as a direct and proximate result of said incident complained of herein, Plaintiffs, have incurred injuries all or some of which conditions may be permanent and disabling in nature all to their general and compensatory damages in an amount in excess of $15,000.00, each.

## X

As a further direct and proximate result of the Defendants' negligence, Plaintiffs have incurred and may incur in the future, loss of income and earning capacity.

## XI

As a further direct and proximate result of the Defendant, Plaintiffs have been required the services of an attorney, incurred costs and are entitled to recover interest.

3

WHEREFORE, Plaintiffs requests judgment against the Defendants, all each of them, as follows:

1.  General and compensatory damages in an amount in excess of $15,000.00, each;

2.  Damages for costs of medical care and treatment and costs incidental thereto when the same have been fully ascertain;

3.  For loss of earnings and diminished future earning capacity when the same have been fully ascertained;

4.  Reasonable attorney's fees, costs of suit incurred herein, and interest; and;

5.  For such other and further relief as the Court may deem proper in the premises.

DATED this $19th$ day of April, 2017.

LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.

ROBERT L. HEMPEN II, ESQ

Nevada Bar No.:  3433

3560 W. Cheyenne Avenue, Suite 110

N. Las Vegas, Nevada 89032

(702) 383-9955 Office

(702) 839-7999 Facsimile

Attorney for Plaintiffs

4

**_EXHIBIT "2"_**

Electronically Filed
9/26/2017 2:24 PM
Steven D. Grierson
CLERK OF THE COURT

**NEOJ**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Timothy A. Mott, Esq.
Nevada Bar No. 12828
*tmott@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada  89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

1
2
3
4
5
6
7
8

9

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| SHIKEMA WEST and KIMBERLY HARDING, | Case No.  A-17-754291-C |
|---|---|
| Plaintiffs, | Dept. No. XXVI |
| vs. | |
| GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive, | **NOTICE OF ENTRY OF STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE AS TO CLAIMS BROUGHT BY PLAINTIFF SHIKEMA WEST** |
| Defendants. | |

YOU WILL PLEASE TAKE NOTICE that a Stipulation and Order of Dismissal with Prejudice as to Claims Brought by Plaintiff Shikema West was filed on September 22, 2017 in the above-captioned matter.  A copy of the Order is attached hereto.

DATED this 26 day of September, 2017.

Carol P. Michel, Esq.
Timothy A. Mott, Esq.
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
*Attorneys for Defendant Genuine Parts Company*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 26th day of September, 2017, a true and correct copy of the foregoing **NOTICE OF ENTRY OF STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE AS TO CLAIMS BROUGHT BY PLAINTIFF SHIKEMA WEST** was electronically filed and served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3560 W. Cheyenne Avenue, Suite 110
N. Las Vegas, Nevada 89032
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

Page 2 of 2

ORIGINAL

Electronically Filed
9/22/2017 2:13 PM
Steven D. Grierson
CLERK OF THE COURT

1  SAO
   Carol P. Michel, Esq.
2  Nevada Bar No. 11420
   *cmichel@wwhgd.com*
3  Timothy A. Mott, Esq.
   Nevada Bar No. 12828
4  *tmott@wwhgd.com*
   WEINBERG, WHEELER, HUDGINS,
5      GUNN & DIAL, LLC
   6385 S. Rainbow Boulevard, Suite 400
6  Las Vegas, Nevada 89118
   Telephone: (702) 938-3838
7  Facsimile: (702) 938-3864
   *Attorneys for Defendant*
8  *Genuine Parts Company*

9                    **DISTRICT COURT**

10              **CLARK COUNTY, NEVADA**

11  SHIKEMA      WEST      and      KIMBERLY        Case No.   A-17-754291-C
    HARDING,                                        Dept. No. XXVI
12
13               Plaintiffs,
                                                    **STIPULATION AND ORDER OF**
14  vs.                                             **DISMISSAL WITH PREJUDICE AS TO**
                                                    **CLAIMS BROUGHT BY PLAINTIFF**
15  GENUINE   PARTS   COMPANY,  a  Nevada           **SHIKEMA WEST**
    Company;   DOES   I   through   XX;   DOES
16  CORPORATION    I    through    XX;    ROE
    EMPLOYEES I through X, inclusive,
17
18               Defendants.

19       The undersigned parties, by and through their counsel of record, hereby stipulate, pursuant

20  to NRCP 41, that the above referenced action brought by Plaintiff Shikema West against Defendant

21  Genuine Parts Company ("Defendant"), is hereby **DISMISSED WITH PREJUDICE**, as to the

22  claims brought by Shikema West, only.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

                            Page 1 of 2

*(left margin, vertical text)* Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada   89118
(702) 938-3838

Plaintiff Shikema West and Defendant have settled this matter and are to bear their own costs, fees, and expenses.   Plaintiff Kimberly Harding's claims against Defendant remain in dispute.

**IT IS SO STIPULATED.**

DATED this __19th__ day of ~~August~~ September, 2017.

Carol P. Michel, Esq.
Timothy A. Mott, Esq.
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
*Attorneys for Defendant Genuine Parts Company*

DATED this __8th__ day of ~~August~~ September, 2017.

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3560 W. Cheyenne Avenue, Suite 110
N. Las Vegas, Nevada 89032
*Attorneys for Plaintiffs*

## ORDER

Pursuant to the Stipulation of Dismissal of the signed parties, this action is **DISMISSED WITH PREJUDICE** as to Plaintiff Shikema West's claims against Defendant.   These parties are to bear their own costs, expenses, and fees.   Plaintiff Kimberly Harding's claims against Defendant remain in dispute.

IT IS SO ORDERED

_____
Hon. Gloria Sturman

Dated: __Sept. 21, 2017__

Submitted by:

Carol P. Michel, Esq.
Timothy A. Mott, Esq.
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
*Attorneys for Defendant Genuine Parts Company*

Electronically Filed
4/5/2018 11:26 AM
Steven D. Grierson
CLERK OF THE COURT

**NWM**

1    Carol P. Michel, Esq.
     Nevada Bar No. 11420
2    *cmichel@wwhgd.com*
     Kristian T. Kaskla, Esq.
3    Nevada Bar No. 14553
     *kkaskla@wwhgd.com*
4    WEINBERG, WHEELER, HUDGINS,
        GUNN & DIAL, LLC
5    6385 S. Rainbow Boulevard, Suite 400
     Las Vegas, Nevada 89118
6    Telephone: (702) 938-3838
     Facsimile: (702) 938-3864
7    *Attorneys for Defendant*
     *Genuine Parts Company*

8

9                **DISTRICT COURT**

10             **CLARK COUNTY, NEVADA**

11    SHIKEMA    WEST    and    KIMBERLY   |   Case No.  A-17-754291-C
12    HARDING,   |   Dept. No. XXVI

13             Plaintiffs,

14    vs.   |   **NOTICE OF WITHDRAWAL OF MOTION TO EXTEND EXPERT DISCLOSURE DEADLINES ON ORDER SHORTENING TIME**

15    GENUINE PARTS COMPANY, a Nevada
16    Company; DOES I through XX; DOES
     CORPORATION I through XX; ROE
17    EMPLOYEES I through X, inclusive,

18             Defendants.

19        Defendant Genuine Parts Company ("Defendant"), by and through its attorneys Carol P.

20    Michel, Esq. and Kristian T. Kaskla, Esq. of the law firm of Weinberg Wheeler Hudgins Gunn &

21    Dial, LLC, hereby give notice of the withdrawal of the attached Motion to Extend Expert

22    Disclosure Deadlines on Order Shortening Time submitted to the Discovery Commissioner for

23    assignment of a hearing date on April 3, 2018, for which a hearing date was assigned on April 4,

24    2018. (Attached as Exhibit A). Defendant respectfully requests that the Court remove Defendant's

25    Motion to Extend Expert Disclosure Deadlines on OST from its calendar of April 11, 2018.

26        Following submission of the Motion for a hearing date, Defendant was able to secure from

27    its expert a timely written report satisfying the requirements of 16.1(a)(2)(B) to provide a complete

28    statement of opinions to be expressed and the information considered by the witness in forming

*(margin, left side, vertical text)* Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

those opinions.  In light thereof, there is no longer a need for the requested extension which is hereby withdrawn.

DATED this __5__ day of April, 2018.

_(signature)_

Carol P. Michel, Esq.
Kristian T. Kaskla, Esq.
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
*Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

1

## CERTIFICATE OF SERVICE

2     I hereby certify that on the 5th day of April, 2018, a true and correct copy of the

3  foregoing **NOTICE OF WITHDRAWAL OF MOTION TO EXTEND EXPERT**

4  **DISCLOSURE DEADLINES ON ORDER SHORTENING TIME** was electronically filed and

5  served on counsel through the Court's electronic service system pursuant to Administrative Order

6  14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another

7  method is stated or noted:

8

9  Robert L. Hempen II, Esq.
   LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.

10  3660 N. Rancho Dr., #125
    Las Vegas, NV 89130

11  (702) 383-9955
    (702) 839-7999 FAX

12  *Attorneys for Plaintiffs*

13

14   _____

15   An employee of WEINBERG, WHEELER, HUDGINS
     GUNN & DIAL, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

# EXHIBIT A

EXHIBIT A

ORIGINAL

**MEX**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Kristian T. Kaskla, Esq.
Nevada Bar No. 14553
*kkaskla@wwhgd.com*
Weinberg, Wheeler, Hudgins,
   Gunn & Dial, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada  89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SHIKEMA   WEST   and   KIMBERLY HARDING,<br><br>                    Plaintiffs,<br><br>vs.<br><br>GENUINE  PARTS  COMPANY, a Nevada Company;  DOES  I  through  XX;  DOES CORPORATION   I   through   XX;   ROE EMPLOYEES I through X, inclusive,<br><br>                    Defendants. | Case No.  A-17-754291-C<br>Dept. No. XXVI<br><br>**MOTION TO EXTEND EXPERT DISCLOSURE DEADLINES ON AN ORDER SHORTENING TIME**<br><br>Hearing Date: 4/11/18<br>Hearing Time: 10:00 am |

Defendant Genuine Parts Company ("Defendant"); by and through its attorneys of record, the law firm of Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, hereby files its **Motion to Extend Expert Disclosure Deadlines on an Order Shortening Time**[1] (requested to be heard as soon as reasonably possible because the initial expert disclosure deadline is April 6, 2018). This

///

///

///

///

_____

[1] The Declaration in support of the Order Shortening Time is set forth on the pages three and four of this Motion.

Page 1 of 11

1   motion is made pursuant to EDCR 2.35 and based upon the attached Memorandum of Points and

2   Authorities, Declaration of Kristian T. Kaskla, all papers and pleadings on file herein, and any oral

3   argument entertained at the time of the hearing.

4       DATED this _2_ day of April, 2018.

5

6

Carol P. Michel, Esq.

7   Kristian T. Kaskla, Esq.

WEINBERG, WHEELER, HUDGINS,

8     GUNN & DIAL, LLC

6385 S. Rainbow Blvd., Suite 400

9   Las Vegas, NV 89118

*Attorneys for Defendant Genuine Parts Company*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

**<u>DECLARATION OF KRISTIAN T. KASKLA, ESQ. IN SUPPORT OF GENUINE PARTS</u>**

**<u>COMPANY'S MOTION TO EXTEND DISCOVERY DEADLINES ON ORDER</u>**

**<u>SHORTENING TIME</u>**

I, Kristian T. Kaskla, Esq., a resident of the state of Nevada, declare as follows:

1.      I am a licensed attorney currently in good standing to practice law in the State of Nevada and before this Court.

2.      I am an attorney with the law firm of Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 6385 South Rainbow Boulevard, Suite 400, Las Vegas, Nevada 89118, and I am one of the counsel representing Defendant Genuine Parts Company ("Defendant") in this action.

3.      I have personal knowledge of the matters contained in this declaration, am competent to testify as to the facts stated herein, and will so testify if called upon.

4.      On March 12, 2018, Defendant granted Plaintiff a two week extension to March 26, 2018, to respond to Defendant's written discovery. Defense counsel specifically explained that we could not agree to a 30 day extension because expert disclosures were due April 6, 2018.

5.      On March 26, 2018, Plaintiff's responses to Defendant's written discovery were due. Plaintiff emailed Defense counsel a set of unverified answers to the interrogatories. Plaintiff stated that the answers to the requests for productions would follow shortly.

6.      On March 28, 2018, I reached out to Plaintiff for information regarding the late responses to Defendant's written discovery. I explained that Defendant would need an extension to file expert disclosures because the untimely responses still had not been filed. Plaintiff's office indicated that they would agree to an extension and would file the answers later that day.

7.      The following day, on March 29, 2018, I called Plaintiff's office to schedule Plaintiff's deposition and to confirm the 30 day expert disclosure extension. Plaintiff's office scheduled the deposition and agreed to the 30 day extension. In the same phone call, Plaintiff's office requested an extension to the deadline to amend pleadings and add parties. Defendant denied the request.

8.      Later that same day, on March 29, 2018, I received another call from Plaintiff's office stating that they were revoking their agreement to extend expert disclosures deadlines unless

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

1   they received an extension to the deadline to amend pleadings. I explained that the expert

2   disclosure extension was necessary because Defendant granted Plaintiff a two week extension and

3   Plaintiff's responses were filed late. I was told that Robert L. Hempen would call Defendant's

4   counsel the following morning to discuss the extension.

5        9.     On March 30, 2018. Defendant's counsel did not receive a call. I reached out to

6   Plaintiff's office repeatedly but received no response.

7        10.    Defendant will be prejudiced if the discovery deadline is not extended to May 7,

8   2018, because Plaintiff's late discovery responses and delay have denied the Defendant and its

9   expert(s) adequate time to review, consider and follow up on the information provided within

10   Plaintiff's discovery responses.

11        11.    The additional time will not affect the trial setting of the case or the deadline for

12   filing of dispositive motions so no prejudice will arise from the requested extension.

13        12.    The Order Shortening Time is necessary because if the Court hears this Motion in

14   the normal course, it will not be heard until after the expert disclosure deadlines have passed.

15        13.    Pursuant to NRS § 53.045, I declare under penalty of perjury that the foregoing is

16   true and correct.

17        Dated this _2_ day of April, 2018

18

19                                      Kristian T. Kaskla, Esq.

20

21

22

23

24

25

26

27

28

## ORDER SHORTENING TIME

Upon the Declaration of Kristian T. Kaskla, Esq., and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the time for hearing of the above-entitled matter will be shortened and will be heard on the 11 day of April, 2018, at the hour of 10:00 a.m. or as soon thereafter as counsel may be heard, before the Discovery Commissioner in the above referenced Court.

Dated this 3 day of April, 2018

_____
DISCOVERY COMMISSIONER

Submitted by:

_____
Carol P. Michel, Esq.
Kristian T. Kaskla, Esq.
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
*Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     INTRODUCTION**

Defendant is requesting that the Court grant an extension of the expert disclosure deadlines in this case because Plaintiff's late discovery responses have prejudiced Defendant's ability to properly inform its expert(s) and to follow up on the information provided in those discovery responses. Moreover, since the main information needed was that regarding Plaintiff's alleged injuries, and because it is solely within Plaintiff's control to provide information regarding her alleged injuries and who her medical care providers are, it was necessary to wait for Plaintiff's responses. Defendant demonstrates below that it has satisfied all of the requirements necessary to continue these deadlines. The expert disclosure deadlines need to be continued to May 7, 2018, an extension of 30 days so that Defendant's expert(s) can complete their analysis of the case and complete their reports.  A thirty day extension will not interfere with the scheduled trial date or any other discovery deadlines. Thus, the request is not causing any undue delay and is not being made for that purpose. Accordingly, the Court should grant the Motion.

**II.     PROCEDURAL POSTURE**

- April 20, 2017:  Plaintiff filed the Complaint.

- June 14, 2017:  Defendant filed their Answer.

- August 29, 2017: Plaintiff's Request for Exemption from Arbitration was granted

- February 7, 2018: The Scheduling Order was filed.

- February 8, 2018:  Defendant filed and served its first set of written discovery to Plaintiff. Responses were due March 13, 2018.

- March 12, 2018: Defendant granted Plaintiff's request to extend the deadline to file responses to Defendant's written discovery to March 26, 2018.

- March 26, 2018:  Deadline for Plaintiff to respond to Defendant's written discovery.

- March 28, 2018: Defendant suggested an extension to the expert disclosure dates because of Plaintiff's late responses. Plaintiff's counsel indicated that they would agree to the extension and later filed their responses to Defendant's Requests for Production and served verified responses to Defendant's Interrogatories.

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

- March 29, 2018: Plaintiff's counsel revoked their agreement to extend the expert disclosure deadline and indicated they would contact Defendant's counsel the following day. Defendant has been unable make contact with Plaintiff's counsel despite repeated attempts.
- April 6, 2018: Scheduled deadline to amend pleadings or add parties.
- April 6, 2018: Currently scheduled deadline to make initial expert disclosures.
- May 7, 2018: Currently scheduled deadline to make rebuttal expert disclosures.
- July 6, 2018: Scheduled close of discovery date.
- February 11, 2019: Scheduled date of civil jury trial.

### III.   LEGAL ARGUMENT

Regarding discovery, EDCR 2.35(a) provides in relevant part that any motion to extend discovery must be filed 20 days before the discovery cut-off date or any extension thereof. The instant motion has been filed in accordance with EDCR 2.35(a) and is supported by a showing of good cause.

Defendant has been forced to file the instant motion because of Plaintiff's untimely responses to Defendant's written discovery. Out of professional courtesy and in an effort to amicably cooperate as to the discovery process, Defendant agreed to Plaintiff's request for additional time, a two week extension to file responses to Defendant's written discovery, and specifically explained that it needed the responses by March 26, 2018, to be able to file timely initial expert disclosures.

Despite Defendant's specific limitation, Plaintiff filed her responses late. When Defendant contacted Plaintiff regarding her late responses, Plaintiff's counsel stated that they would agree to extend the expert disclosure deadline because their responses were untimely. However, Plaintiff's counsel then contacted Defendant the following day and revoked their agreement to stipulate to an extension. Defense counsel has repeatedly tried to contact Plaintiff's counsel to discuss the issue— Plaintiff's counsel has ignored Defense counsel's calls. Plaintiff's counsel's conduct has deprived Defendant of the opportunity to discover necessary information for the Defendant's expert disclosures. Defendant relied on Plaintiff to file timely responses, and then again relied on Plaintiff's counsel's representation that they would agree to an extension. Plaintiff's counsel revoked their agreement to stipulate to an extension that was necessitated by their own conduct. Defendant acted

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

1    immediately in preparing and filing the instant motion to extend the expert disclosure deadlines. As

2    such, there is good cause to grant Defendant's request to extend the expert disclosure deadlines.

3        Additionally, EDCR 2.35(b) requires that every motion to extend discovery must include: (1)

4    A statement specifying the discovery completed; (2) A specific description of the discovery that

5    remains to be completed; (3) The reasons why the discovery remaining was not completed within the

6    time limits set by the discovery order; (4) A proposed schedule for completing all remaining

7    discovery; (5) The current trial date; and (6) a statement indicating how many extensions have been

8    requested. Defendant addresses each requirement below.

9    **A.   REQUEST TO CONTINUE DISCOVERY—COMPLIANCE WITH EDCR 2.35(b)**

10       **1.   Statement of Discovery Completed**

| Depositions and Discovery Completed to Date | Date |
|---|---|
| Plaintiff's Initial Disclosure | 4/28/15 |
| Defendant's Initial Disclosure | 10/17/17 |
| Plaintiff's First Supplement to Early Case Conference Disclosure | 1/29/18 |
| Defendant's Subpoenas to Third Parties Requesting Medical Records (Including: Antelope Valley Hospital; Freemont Emergency Services; Interventional Pain and Spine Institute; Mountain View Hospital; Radiology Specialist, Ltd.; Rainbow Injury Rehabilitation; Sierra Med Services; Social Security Administration; University Imaging Centers; Advanced Chiropractic Health Center; and Las Vegas Neurosurgery, Orthopaedics & Rehabilitation.) | 3/16/18 |
| Written Discovery Propounded on Plaintiff Kimberly Harding by Defendant | 2/8/18 – 3/28/18 |

**2.   Description of Discovery Remaining**

| Depositions and Discovery to Be Completed | Date |
|---|---|
| Deposition of Kimberly Harding (Plaintiff) | 4/17/18 |
| Deposition of Shikema West (Eyewitness and former Plaintiff) | TBD |
| Deposition of Plaintiff's Experts | TBD |
| Deposition of Defendant's Experts | TBD |

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

3.  **The Reasons Why the Discovery Remaining Was Not Completed Within the Time Limits Set by the Discovery Order**

Defendant seeks additional time for discovery prior to the designation of experts because Plaintiff's untimely responses to Defendant's written discovery has delayed Defendant in the discovery of certain necessary information regarding Plaintiff's alleged injury and damages. Defendant's written discovery requested information regarding treatment Plaintiff received, photos and x-rays from Plaintiff's medical examinations, and documents supporting Plaintiff's claims for future medical damages. Defendant could not complete the expert disclosures until this information was discovered—Defendant's expert(s) cannot provide a report without this discovery. Defendant needs additional time to compensate for Plaintiff's late responses.

Plaintiff was given an extension to file her responses to Defendant's written discovery. The extension Defendant granted to Plaintiff specifically allocated enough time to allow Defendant's expert(s) to review Plaintiff's disclosures prior to the expert disclosure deadline. However, Plaintiff did not file her responses in a timely manner. Plaintiff's counsel then represented to the Defendant that they would stipulate to an extension of the expert disclosure deadlines because their responses were late. Defendant relied on Plaintiff's counsel's representation. The following day, Plaintiff's counsel revoked their agreement and Defendant was forced to file the instant motion. Granting a 30 day extension to the deadline will allow Defendant's expert(s) to provide better informed and complete reports. As a result, there is good cause to continue the deadline.

4.  **Proposed Schedule to Complete Discovery**

| | Current Deadline | **Proposed Deadline** |
|---|---|---|
| Initial Expert Disclosure | April 6, 2018 | **May 7, 2018** |
| Rebuttal Expert Disclosure | May 5, 2018 | **June 6, 2018** |

5.  **The Current Trial Date**

The trial in this matter is currently scheduled on a four-week stack beginning on February 11, 2019.  The proposed extension will not impact the trial date.

6.  **Statement of Requested Extensions**

This is the first request for an extension in this case.

**CONCLUSION**

Defendant respectfully requests that this Court grant Defendant's Motion to Extend Expert Disclosure Deadlines and order the initial expert disclosure deadline continued to May 7, 2018, and order the rebuttal expert disclosure deadline continued to June 6, 2018.

DATED this _2_ day of April, 2018.

Carol P. Michel, Esq.
Kristian T. Kaskla
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
*Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

1

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of April, 2018, a true and correct copy of the foregoing **MOTION TO EXTEND EXPERT DISCLOSURE DEADLINES ON AN ORDER SHORTENING TIME** was electronically filed and served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3660 N. Rancho Dr., #125
Las Vegas, NV 89130
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*


_____
An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

Electronically Filed
4/6/2018 10:03 AM
Steven D. Grierson
CLERK OF THE COURT

1

**NMTN**

2  Robert L. Hempen II, Esq.
Nevada Bar No. 3433

3  LAW OFFICES OF ROBERT L. HEMPEN II, ESQ.
3660 N. Rancho Drive, Suite 125

4  Las Vegas, NV 89130
Phone: (702) 383-9955

5  Facsimile: (702) 839-7999

6  Attorney for Plaintiff
KIMBERLY HARDING

7

8

## DISTRICT COURT
## CLARK COUNTY, NEVADA

9  SHIKEMA WEST and KIMBERLY HARDING,)
)

10    Plaintiff          s,          )       CASE NO.:   A-17-754291-C
)       DEPT. NO.:   XXVI

11        vs.                         )
)

12  GENUINE PARTS COMPANY, A NEVADA   )

13  COMPANY; DOES I through XX; DOES  )
CORPORATION I through XX; ROE       )

14  EMPLOYEES I through X inclusive,  )
)

15    Defendants                      )

16

## <u>NOTICE OF HEARING</u>

17  TO:    GENUINE PARTS COMPANY, Defendant;

18  TO:    CAROL P. MICHEL, ESQ., Attorney for Defendant:

19            NOTICE IS HEREBY GIVEN that the hearing on the Plaintiff's Motion to Amend Complaint will

20  be held in the above-entitled Court in Department XXVI at the Regional Justice Center, located at 200

21  / / /

22  / / /

23  / / /

24

25

26

27                                1

1

2   Lewis Avenue, Las Vegas, Nevada, on the 8th of May, 2018 at the hour of 9:00a.m. or as soon thereafter as

3   counsel can be heard.

4          DATED this 6th day of April, 2018.

5                                          LAW OFFICES OF ROBERT L. HEMPEN

6                                          /s/ Robert L. Hempen II
                                           ROBERT HEMPEN II, ESQ.
7                                          Nevada Bar No.:  3433
                                           3660 N. Rancho Drive, Suite 125
8                                          Las Vegas, NV 89130
                                           Attorney for Plaintiff
9                                          Kimberly Harding

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          2

## CERTIFICATE OF E-SERVICE

I hereby certify, that service of the foregoing NOTICE OF HEARING was made this 6th day of April, 2018, with E-FILE/E-SERVICE using WIZNET/DAP and via U.S. Mail, in a sealed envelope, with postage prepaid, addressed to the following:

CAROL P. MICHEL, ESQ.
WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
cmichel@wwhgd.com
Attorneys for Defendants


_/s/ Mary Rodriquez_
An employee of the Law Offices of Robert L. Hempen II, Esq.

3

Electronically Filed
4/5/2018 11:48 AM
Steven D. Grierson
CLERK OF THE COURT

MOT
ROBERT L. HEMPEN, II, ESQ.
Nevada Bar No.: 003433
LAW OFFICES OF ROBERT L. HEMPEN II, ESQ.
3660 N. Rancho Drive., Suite 125
Las Vegas, Nevada 89130
Telephone # 702-383-9955
Facsimile # 702-839-7999
Attorney for Plaintiff
KIMBERLY HARDING

## DISTRICT COURT

## CLARK COUNTY, NEVADA

SHIKEMA WEST and KIMBERLY HARDING,    )
                                        )
        Plaintiffs                      )      CASE NO.:  A-17-754291-C
                                        )      DEPT. NO.: XXVI
        vs.                             )
                                        )
GENUINE PARTS COMPANY, a Nevada        )
Company; DOES I through XX; DOES       )
CORPORATION I through XX;              )
ROE EMPLOYEES I through X, inclusive,  )
                                        )
        Defendants                      )
                                       )

## MOTION TO AMEND COMPLAINT

ORAL ARGUMENT REQUESTED:
YES __X__ NO _____

**NOTICE: YOU ARE REQUIRED TO FILE A WRITTEN RESPONSE TO THIS MOTION WITH THE CLERK OF THE COURT AND TO PROVIDE THE UNDERSIGNED WITH A COPY OF YOUR RESPONSE WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS MOTION.  FAILURE TO FILE A WRITTEN RESPONSE WITH THE CLERK OF THE COURT WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS MOTION MAY RESULT IN THE REQUESTED RELIEF BEING GRANTED BY THE COURT WITHOUT HEARING PRIOR TO THE SCHEDULED HEARING DATE.**

COMES NOW, the Plaintiff, KIMBERLY HARDING, by and through her attorney, ROBERT L. HEMPEN II, ESQ., and moves this Honorable Court for its orders setting allowing the Complaint to be Amended.

. . . .

. . . .

. . . .

1        This motion is made and based upon the pleadings and papers on file herein, upon

2    the following Points and Authorities, together with the attached affidavit, and upon such

3    argument as may be adduced at the hearing on this matter.

4        DATED this ___ day of April, 2018.

5

6                 LAW OFFICES OF ROBERT L. HEMPEN

7

8                 ROBERT L. HEMPEN II, ESQ.
             Nevada Bar # 003433

9                 3660 N. Rancho Drive, Suite 125
             Las Vegas, NV 89130

10                Attorney for Plaintiff
             KIMBERLY HARDING

11

12                 **NOTICE OF MOTION**

13   TO:    GENUINE PARTS COMPANY, Defendant:

14   TO:    CAROL P. MICHEL, ESQ., Attorney for Defendant:

15       PLEASE TAKE NOTICE that the Defendant will bring the foregoing motion on

16   for hearing on the _____ day of ___May 8___, 2018, at the hour of

17   9:00 _____ a.m./p.m., or as soon thereafter as the matter can be heard before the District

18   Court, Department 26.

19       DATED this ___ day of April, 2018.

20

21                LAW OFFICES OF ROBERT L. HEMPEN

22

23                ROBERT L. HEMPEN II, ESQ.
             Nevada Bar # 003433

24                3660 N. Rancho Drive, Suite 125
             Las Vegas, NV 89130

25                Attorney for Plaintiff
             KIMBERLY HARDING

26   . . .

27   . . .

28

             -2-

## POINTS AND AUTHORITIES

On or about May 26, 2015 Ms. Harding was a passenger in vehicle driven by Plaintiff, Shikema West, going northbound on Interstate 15, near the Cheyenne Avenue exit, Clark County, Nevada. A vehicle owned by Defendant, Genuine Parts Company struck Plaintiff's vehicle. The driver of Defendant's vehicle did not identify himself but did provide proof of insurance of the company's vehicle.

Ms. West and Ms. Harding filed a Complaint and made a specific doe allegation as to the driver of the Defendant's vehicle. (See Exhibit "1") . The parties were able to reach a resolution as to Ms. West's claim and her case was dismissed by stipulation. (See Exhibit "2").

Plaintiff's counsel received 16.1 production which identified the driver of Defendant's vehicle.

### NRCP 10(a) FORM OF PLEADINGS

(a) Caption; Names of Parties.  Every pleading shall contain a caption setting forth the name of the court and county, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties. A party whose name is not known may be designated by any name, and when the true name is discovered, the pleading may be amended accordingly.

. . .

. . .

. . .

. . .

. . .

-3-

1      Plaintiff specifically states the Doe was the driver of the vehicle. Ms. Harding is

2  requesting that the she be allowed to substitute the actual Defendant for the Doe

3  Defendant and the claim for relief would relate back to the date of the filing of the

4  original Complaint. *Nurenberger Hercules-Werke GMBH v. Virostek, 107 Nev.873, 882*

5  *P2d. 1100 (1991).*

6      Mr. Joe Taylor was aware of the action and will not be prejudiced as he was

7  aware of the accident. Therefore, Ms. Harding would request that this motion be granted.

8      DATED this ~~Feb~~ day of April, 2018.

9                                LAW OFFICES OF ROBERT L. HEMPEN

10

11                                ROBERT L. HEMPEN II, ESQ.
                                  Nevada Bar # 003433
12                                3660 N. Rancho Drive, Suite 125
                                  Las Vegas, NV 89130
13                                Attorney for Plaintiff
                                  KIMBERLY HARDING

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

_**EXHIBIT "1"**_

# DISTRICT COURT CIVIL COVER SHEET

A-17-754291-C

XXVI

_____ County, Nevada

Case No. _____
_(Assigned by Clerk's Office)_

## I. Party Information _(provide both home and mailing addresses if different)_

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING | GENUINE PARTS COMPANY |
| | |
| | |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| ROBERT L. HEMPEN II, ESQ. NV BAR #003433 | UNKNOWN |
| 3560 W. CHEYENNE AVE. #110 | |
| N. LAS VEGAS, NV 89032 | |
| (702) 383-9955 | |

## II. Nature of Controversy _(please select the one most applicable filing type below)_

### Civil Case Filing Types

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☑ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** _(select case type and estate value)_ | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | Other Civil Filing |
|---|---|
| **Civil Writ** | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus     ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus     ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | ☐ Other Civil Matters |

_Business Court filings should be filed using the Business Court civil coversheet._

| 4/10/17 | _Aeb Henp_ |
|---|---|
| Date | Signature of initiating party or representative |

_See other side for family-related case filings._

1  **COMP**
ROBERT L. HEMPEN II, ESQ.
2  Nevada Bar No.: 3433
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3  3560 W. Cheyenne Avenue, Suite 110
N. Las Vegas, Nevada 89032
4  (702) 383-9955 Office
(702) 839-7999 Facsimile
5  Attorney for Plaintiffs

Electronically Filed
04/20/2017 03:14:43 PM

CLERK OF THE COURT

6              **DISTRICT COURT**

7           **CLARK COUNTY, NEVADA**

8  SHIKEMA WEST and KIMBERLY    )
HARDING,                      )        A-17-754291-C
9                                )     CASE NO.:
                Plaintiff,       )     DEPT. NO.:    XXVI
10                               )
      -vs-                       )
11                               )
GENUINE PARTS COMPANY, A        )
12  NEVADA COMPANY; DOES I       )
through XX; DOES CORPORATION)
13  I through XX; ROE EMPLOYEES I )
through X inclusive,            )
14                               )
                                 )
15              Defendants.       )
_____)

16              <u>COMPLAINT</u>

17      Plaintiffs, by and though their attorney, ROBERT L. HEMPEN II, ESQ.  of

18  LAW OFFICE OF ROBERT L. HEMPEN II, ESQ, and for their cause of action

19  against Defendants, alleges as follows:

20                    I

21      At all times mentioned herein, Plaintiffs, Shikema West and Kimberly

22  Harding were and are residents of Las Vegas, Clark County, Nevada.

23                    II

24      At all times mention herein, Defendant,  Genuine Parts Company, was and is

25  duly license to do business in Clark County, State of Nevada

26                    III

27      The true names and capacities, whether individual, corporate, associate, co-

28  partnership, or otherwise of Defendant DOES I-XX are unknown to Plaintiffs who

                    1

therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant designated DOE is responsible in some manner for the offense and happening referred to in this actions and proximately caused the damages to Plaintiffs as herein alleged. The legal responsibility of said DOES I-XX, arises out of, but is not limited to, their status of owners, as their maintenance and/or entrustment of the vehicle which Defendant was operating at the time of the accident referred to in this Complaint, and/or their agency, master/servant or joint venturer relationship with the Defendants. Plaintiffs will request leave of Court to amend this Complaint to insert the true names and capacities of said Defendants when the same have been ascertained, to join such Defendants in this action and to assert the appropriate allegations.

IV

On or about May 26, 2015, Kimberly Harding was a passenger in a vehicle being driven by Shikema West, northbound on Interstate 15 near the Cheyenne Avenue exit, Clark County, Nevada.

V

On or about May 26, 2015, Plaintiff, Shikema West, was the operator of a 2003 Ford Escape, traveling northbound on Interstate 15 near the Cheyenne Avenue exit, in the County of Clark, State of Nevada.

VI

A collision occurred on northbound Interstate 15 on May 26, 2015 at or near the Cheyenne Avenue exit, County of Clark, State Of Nevada, involving a vehicle being driven by Plaintiff and a vehicle being driven by Defendant, DOE I and owned by Defendant Genuine Parts Company.

At the time of the incident described above, Defendant DOE I, was an agent and servant of Defendant, Genuine Parts Company, was in the course and scope of his employment for Defendant, Genuine Parts Company.

2

All liability of Defendant is imputed to Genuine Parts Company under doctrine of respondeat superior.

## VII

As a direct and proximate result of the negligence and carelessness of Defendants, and each of them, the Plaintiffs received injuries and suffered great pain.

## VIII

As a direct and proximate result of the negligence and carelessness of Defendant, the Plaintiffs were required to incur expenses for medical care, treatment and expenses incidental thereto all to their damages in a present amount yet unknown at this time and will be required in the future to incur expenses for and to employ physicians, nurses, physical therapists and to procure hospitalizations, x-rays, medicine and general medical care and attention in an amount not yet ascertained. In this regard, Plaintiffs pray leave of Court to insert all said damages herein when the same have been fully ascertained or proof thereof at the time of trial herein.

## IX

By reason of the premises and as a direct and proximate result of said incident complained of herein, Plaintiffs, have incurred injuries all or some of which conditions may be permanent and disabling in nature all to their general and compensatory damages in an amount in excess of $15,000.00, each.

## X

As a further direct and proximate result of the Defendants' negligence, Plaintiffs have incurred and may incur in the future, loss of income and earning capacity.

## XI

As a further direct and proximate result of the Defendant, Plaintiffs have been required the services of an attorney, incurred costs and are entitled to recover interest.

3

WHEREFORE, Plaintiffs requests judgment against the Defendants, all each of them, as follows:

1.      General and compensatory damages in an amount in excess of $15,000.00, each;

2.      Damages for costs of medical care and treatment and costs incidental thereto when the same have been fully ascertain;

3.      For loss of earnings and diminished future earning capacity when the same have been fully ascertained;

4.      Reasonable attorney's fees, costs of suit incurred herein, and interest; and;

5.      For such other and further relief as the Court may deem proper in the premises.

DATED this _19th_ day of April, 2017.

LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.

_[signature]_

ROBERT L. HEMPEN II, ESQ

Nevada Bar No.: 3433

3560 W. Cheyenne Avenue, Suite 110

N. Las Vegas, Nevada 89032

(702) 383-9955 Office

(702) 839-7999 Facsimile

Attorney for Plaintiffs

4

*EXHIBIT "2"*

Electronically Filed
9/26/2017 2:24 PM
Steven D. Grierson
CLERK OF THE COURT

1  NEOJ
Carol P. Michel, Esq.
2  Nevada Bar No. 11420
*cmichel@wwhgd.com*
3  Timothy A. Mott, Esq.
Nevada Bar No. 12828
4  *tmott@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
5     GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
6  Las Vegas, Nevada  89118
Telephone: (702) 938-3838
7  Facsimile: (702) 938-3864
*Attorneys for Defendant*
8  *Genuine Parts Company*

9                          DISTRICT COURT

10                    CLARK COUNTY, NEVADA

11  SHIKEMA    WEST    and    KIMBERLY    | Case No.  A-17-754291-C
    HARDING,                             | Dept. No. XXVI
12
                Plaintiffs,
13                                       | **NOTICE OF ENTRY OF STIPULATION**
    vs.                                  | **AND ORDER OF DISMISSAL WITH**
14                                       | **PREJUDICE AS TO CLAIMS BROUGHT**
    GENUINE  PARTS  COMPANY,  a  Nevada  | **BY PLAINTIFF SHIKEMA WEST**
15  Company;  DOES  I  through  XX;  DOES |
    CORPORATION   I   through   XX;   ROE |
16  EMPLOYEES I through X, inclusive,     |
17
                Defendants.
18

19       YOU  WILL  PLEASE  TAKE  NOTICE  that  a  Stipulation  and  Order  of  Dismissal  with

20  Prejudice as to Claims Brought by Plaintiff Shikema West was filed on September 22, 2017 in the

21  above-captioned matter.  A copy of the Order is attached hereto.

22       DATED this _26_ day of September, 2017.

23

24                                       #1049 7
25                          Carol P. Michel, Esq.
                            Timothy A. Mott, Esq.
26                          WEINBERG, WHEELER, HUDGINS,
                               GUNN & DIAL, LLC
27                          6385 S. Rainbow Blvd., Suite 400
                            Las Vegas, NV  89118
28                          *Attorneys for Defendant Genuine Parts Company*

*Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-8338*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2017, a true and correct copy of the foregoing **NOTICE OF ENTRY OF STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE AS TO CLAIMS BROUGHT BY PLAINTIFF SHIKEMA WEST** was electronically filed and served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3560 W. Cheyenne Avenue, Suite 110
N. Las Vegas, Nevada 89032
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

Page 2 of 2

ORIGINAL

Electronically Filed
9/22/2017 2:13 PM
Steven D. Grierson
CLERK OF THE COURT

1  SAO
   Carol P. Michel, Esq.
   Nevada Bar No. 11420
2  *cmichel@wwhgd.com*
   Timothy A. Mott, Esq.
3  Nevada Bar No. 12828
   *tmott@wwhgd.com*
4  WEINBERG, WHEELER, HUDGINS,
      GUNN & DIAL, LLC
5  6385 S. Rainbow Boulevard, Suite 400
   Las Vegas, Nevada 89118
6  Telephone: (702) 938-3838
   Facsimile: (702) 938-3864
7  *Attorneys for Defendant*
   *Genuine Parts Company*
8

9              DISTRICT COURT

10          CLARK COUNTY, NEVADA

11  SHIKEMA   WEST   and   KIMBERLY     Case No.  A-17-754291-C
    HARDING,                              Dept. No. XXVI
12

13              Plaintiffs,
                                          STIPULATION AND ORDER OF
14  vs.                                   DISMISSAL WITH PREJUDICE AS TO
                                          CLAIMS BROUGHT BY PLAINTIFF
15  GENUINE  PARTS  COMPANY, a Nevada           SHIKEMA WEST
    Company;  DOES  I  through  XX;  DOES
16  CORPORATION   I   through   XX;   ROE
    EMPLOYEES I through X, inclusive,
17

18              Defendants.

19        The undersigned parties, by and through their counsel of record, hereby stipulate, pursuant

20  to NRCP 41, that the above referenced action brought by Plaintiff Shikema West against Defendant

21  Genuine Parts Company ("Defendant"), is hereby **DISMISSED WITH PREJUDICE**, as to the

22  claims brought by Shikema West, only.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

Plaintiff Shikema West and Defendant have settled this matter and are to bear their own costs, fees, and expenses.   Plaintiff Kimberly Harding's claims against Defendant remain in dispute.

IT IS SO STIPULATED.

DATED this 19th day of August, September 2017.

DATED this 8th day of August, September 2017.

_____
Carol P. Michel, Esq.
Timothy A. Mott, Esq.
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
*Attorneys for Defendant Genuine Parts Company*

_____
Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3560 W. Cheyenne Avenue, Suite 110
N. Las Vegas, Nevada 89032
*Attorneys for Plaintiffs*

## ORDER

Pursuant to the Stipulation of Dismissal of the signed parties, this action is **DISMISSED WITH PREJUDICE** as to Plaintiff Shikema West's claims against Defendant.  These parties are to bear their own costs, expenses, and fees.  Plaintiff Kimberly Harding's claims against Defendant remain in dispute.

IT IS SO ORDERED.

_____
Hon. Gloria Sturman

Dated: Sept. 21, 2017

Submitted by:

_____
Carol P. Michel, Esq.
Timothy A. Mott, Esq.
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
*Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

Electronically Filed
4/6/2018 1:51 PM
Steven D. Grierson
CLERK OF THE COURT

**EWD**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Kristian T. Kaskla, Esq.
Nevada Bar No. 14553
*kkaskla@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

SHIKEMA       WEST      and      KIMBERLY
HARDING,

            Plaintiffs,

vs.

GENUINE   PARTS   COMPANY,   a   Nevada
Company;   DOES   I   through   XX;   DOES
CORPORATION    I    through    XX;    ROE
EMPLOYEES I through X, inclusive,

            Defendants.

Case No.   A-17-754291-C
Dept. No. XXVI

**DEFENDANT'S INITIAL EXPERT
WITNESS DISCLOSURE**

Defendant Genuine Parts Company ("Defendant"), by and through its attorneys Carol P. Michel, Esq. and Kristian T. Kaskla, Esq. of the law firm of Weinberg Wheeler Hudgins Gunn & Dial, LLC, hereby submits this disclosure of expert witness as required by NRCP 16.1.

    1)     Brian Grossman
           Southern California Orthopedic Institute
           375 Rollings Oaks Dr., Suite 210
           Thousand Oaks, CA 91361

    Dr. Grossman is an expert in the field of orthopaedic medicine, and will provide expert testimony in relation to his specialty, his review of Plaintiff's medical records, and in rebuttal to

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

1  any experts designated by or expert opinions offered by other parties involved in this matter. His

2  opinions are set forth more fully in the report attached hereto as **Exhibit A**, and are in no way

3  limited by the above description. The qualifications of Dr. Grossman as set forth in his Curriculum

4  Vitae, his testimonial history, and his fee schedule are attached hereto as **Exhibit B**.

5       Defendant has not retained any of Plaintiff's treating medical providers as experts, but

6  reserves the right to call any treating medical provider to testify within the scope of their care and

7  treatment of Plaintiff.

8       The following treating physicians and other medical providers are expected to testify, and

9  may give expert opinions as non-retained treating medical providers, regarding their evaluation and

10  treatment of Kimberly Harding. Their testimony and opinions will consist of the medical history,

11  evaluation, medical treatment rendered, diagnosis of Kimberly Harding's condition, prognosis, the

12  reasonableness and necessity of future treatment to be rendered, the causation of the necessity for

13  past and future medical treatment, their opinion as to past and future medical history pertinent to

14  their care and treatment, past and future restrictions of activities, including work activities. Their

15  opinions shall include the authenticity of medical records. They will testify in accordance with

16  their medical chart, including records contained therein that were prepared by other healthcare

17  providers, and any documents reviewed by the treating physician outside of his or her medical

18  chart in the course of providing treatment or to defend that treatment provided by them. Such

19  documents may include but are not limited to, records from other healthcare providers, expert

20  opinions, report and testimony from experts retained by any party, and any other documents that

21  may be relevant to the treating physician's treatment or defense of his and her treatment of

22  Kimberly Harding.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

**TREATING PHYSICIANS**

| | |
|---|---|
| Dr. Mark Kabins, MD | Las Vegas Neurosurgery Orthopaedics Rehabilitation<br>501 S. Rancho Dr.<br>Las Vegas, NV 89106 |
| Dr. Andrew Hall, MD | Interventional Pain & Spine Institute<br>851 S. Rampart Blvd., Suite 100<br>Las Vegas, NV 89145 |
| Dr. Jorg Rosler, MD | Interventional Pain & Spine Institute<br>851 S. Rampart Blvd., Suite 100<br>Las Vegas, NV 89145 |
| Dr. Henry Osei, MD | Mountainside Internal Medicine<br>6850 N. Durango Dr.,<br>Las Vegas, NV 89149 |
| Dr. Vijay Goli, MD | Las Vegas Urology<br>7150 W. Sunset Rd. Suite 201A<br>Las Vegas, NV 89113 |
| Dr. Mark Ganjianpour, MD | Tower Orthopaedics and Sports Medicine<br>8670 Wilshire Blvd., Suite 202<br>Beverly Hill, CA 90211 |
| Dr. Vadim Lipel, MD | Pain and Addiction Medicine Associates of Southern California<br>16260 Ventura Blvd., Suite 309<br>Encino, CA 91436 |
| Dr. Ramin David Akhavan, MD | University Imaging Centers<br>14915 Burbank Blvd.<br>Van Nuys CA 91411 |
| Dr. Rod Sanchez, DC | Health Tree Chiropractic<br>42544 N. 10th St. West., Suite G<br>Lancaster, CA 93534 |
| Dr. Kinan Hadaya, DC | Advanced Chiropractic Health Center<br>615 W. Ave Q<br>Palmdale, CA 93551 |
| Dr. Stephen Shaw, DC | Rainbow Injury Rehabilitation<br>2625 S. Rainbow Blvd., C- 102<br>Las Vegas NV 89146 |
| Dr. Raymond Nicholl, MD | Rainbow Injury Rehabilitation<br>2625 S. Rainbow Blvd., C- 102<br>Las Vegas NV 89146 |
| Dr. Sean Berthoty, MD | MountainView Hospital<br>3100 N. Tenaya Way<br>Las Vegas NV 89128 |

Defendant reserves the right to supplement this information and the reports of the expert designated herein pursuant to NRCP 16.1(2) in conformance with the applicable Nevada Rules of Civil Procedure, including but not limited to supplementation specifically directed to rebut any

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

opinions set forth in any written report, discovery response, or deposition testimony provided by any expert witness identified by Plaintiff, or any other party herein.

DATED this ___ day of April, 2018.

Carol P. Michel, Esq.
Kristian T. Kaskla, Esq.
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
*Attorneys for Defendant Genuine Parts Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the _10th_ day of April, 2018, a true and correct copy of the foregoing **DEFENDANT'S INITIAL EXPERT WITNESS DISCLOSURE** was electronically filed and served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3660 N. Rancho Dr., #125
Las Vegas, NV 89130
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

_Kelly R. Rice_
An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

Electronically Filed
4/12/2018 3:51 PM
Steven D. Grierson
CLERK OF THE COURT

**NOTC**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Kristian T. Kaskla, Esq.
Nevada Bar No. 14553
*kkaskla@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

*Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC*
*6385 S. Rainbow Blvd., Suite 400*
*Las Vegas, Nevada 89118*
*(702) 938-3838*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING, | Case No.  A-17-754291-C |
| Plaintiffs, | Dept. No. XXVI |
| vs. | **NOTICE OF AFFIDAVITS OF SERVICE OF SUBPOENA DUCES TECUM** |
| GENUINE PARTS COMPANY, a Nevada Company;  DOES I through XX;  DOES CORPORATION I through XX;  ROE EMPLOYEES I through X, inclusive, | |
| Defendants. | |

PLEASE TAKE NOTICE that Subpoena Duces Tecum were served on the following companies by Defendant Genuine Parts Company:

1.    Interventional Pain and Spine Institute;

2.    Las Vegas Neurosurgery, Orthopaedics & Rehabilitation;

3.    Mountain View Hospital;

4.    Rainbow Injury Rehabilitation;

///

///

5.      Sierra Med Services; and

6.      Social Security Administration.

Copies of the Subpoenas and Affidavits of Service are attached hereto.

DATED this _12_ day of April, 2018.

Carol P. Michel, Esq.
Kristian T. Kaskla, Esq.
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
*Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

**CERTIFICATE OF SERVICE**

I hereby certify that on the ___2ᵗʰ___ day of April, 2018, a true and correct copy of the foregoing **NOTICE OF AFFIDAVITS OF SERVICE OF SUBPOENA DUCES TECUM** was electronically filed and served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3660 N. Rancho Dr., #125
Las Vegas, NV 89130
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

_____
An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

**SUBP**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada  89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING,<br><br>                Plaintiffs,<br><br>vs.<br><br>GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive,<br><br>                Defendants. | Case No.  A-17-754291-C<br>Dept. No. XXVI<br><br><br>**SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS FOR INTERVENTIONAL PAIN AND SPINE INSTITUTE** |

THE STATE OF NEVADA SENDS GREETINGS TO:

   **Custodian of Records**
   **Interventional Pain and Spine Institute**
   **851 S. Rampart Blvd., Suite 100**
   **Las Vegas, NV 89145**

   **YOU ARE HEREBY COMMANDED**, all and singular business and excuses being set aside, to appear and attend on the **12th day of April 2018**, at the hour of **9:30 a.m.**  The address where you are required to appear being WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, 6385 S. RAINBOW BLVD. SUITE 400, LAS VEGAS, NV 89118. You are required to bring with you at the time of your appearance any items set forth in Exhibit A of this subpoena.

   If you fail to attend you will be deemed guilty of contempt of court and liable to pay all losses and damages caused by your failure to appear and in addition forfeit One Hundred

Page 1 of 5

1  ($100.00) dollars.

2      You may avoid appearing by providing WEINBERG, WHEELER, HUDGINS, GUNN & DIAL,

3  LLC, with the requested documents **one week in advance** of the requested appearance date. If you

4  plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the

5  enclosed Certificate of Records and return to this office with file. Pursuant to the Nevada Rules of

6  Civil Procedure Rule 45(a)(1)(D), attached as Exhibit B is a copy of the text of Rule 45(c)-(d).

7

8      DATED this __15__ day of March, 2018.

9

10

11  Carol P. Michel, Esq.
    WEINBERG, WHEELER, HUDGINS,
12      GUNN & DIAL, LLC
    6385 S. Rainbow Blvd., Suite 400
13  Las Vegas, NV  89118
    *Attorneys for Defendant Genuine Parts Company*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

**EXHIBIT "A"**

Those documents regarding medical treatment relating to the care of Kimberly Harding, DOB 10/12/1963. The documents requested include, but are not limited to the following: medical records, billing records, reports, handwritten notes, memorandum, correspondence, nurse's notes, physician's orders, operative reports, pain questionnaires, histories, in-take sheets, laboratory results, pharmacy records, raw data, member profiles, and all diagnostic reports and films, including x-rays, MRI films, CT scans, and discography films and any other documentation in your file for dates of service **05/26/2010 – present.**

You may avoid appearing by providing WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, with the requested documents **one week in advance** of the requested appearance date. If you plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the enclosed Certificate of Records and return to this office with the requested materials.

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

**EXHIBIT "B"**

**NEVADA RULES OF CIVIL PROCEDURE**

**Rule 45**
**(c) Protection of Persons Subject to Subpoena.**
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Page 4 of 5

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

## CERTIFICATE OF CUSTODIAN OF RECORDS

STATE OF _____ )
                     ) ss.
COUNTY OF _____ )

_____, being duly sworn, deposes and says:

1.     That the Affiant is the _____ for the offices of **INTERVENTIONAL PAIN AND SPINE INSTITUTE** and in such capacity is the Custodian of Records.

2.     That the Affiant was served with a Subpoena Duces Tecum in connection with *Harding v. Genuine Parts Company* Clark County District Court Case No. A-17-754291-C calling for the production of all documents contained in **INTERVENTIONAL PAIN AND SPINE INSTITUTE's** file relating to Kimberly Harding.

3.     That the Affiant has examined the original of the above-referenced documents and has made a true and exact copy of them except that all privileged, protected, and irrelevant materials have been withheld or redacted and that the reproduction of them attached hereto is true and complete.

**OR**

☐     That the affiant has performed a thorough search of **INTERVENTIONAL PAIN AND SPINE INSTITUTE's** files and produced no records or documents responsive to this request. It is to be understood that this does not mean that records do not exist under another spelling, name or classification.

COMMENTS:_____
FURTHER AFFIANT SAYETH NAUGHT.

Dated this ____ day of _____, 2018.

_____
                                    Signature

SUBSCRIBED and SWORN to before me this
_____ day of _____, 2018.

_____
Notary Public in and for said County and State

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

| Attorney or Party without Attorney:<br>WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC<br>CAROL P. MICHEL, ESQ. (NBN 11420)<br>6385 SOUTH RAINBOW BLVD., SUITE 400<br>LAS VEGAS, NV 89118<br>  Telephone No: (702) 938-3838 | | | | For Court Use Only |
|---|---|---|---|---|
| Attorney For:  DEFENDANT, GENUINE PARTS COMPANY | | Ref. No. or File No.:  2780.0029 | | |
| Insert name of Court, and Judicial District and Branch Name:<br>DISTRICT COURT, CLARK COUNTY, NEVADA | | | | |
| Plaintiff:  SHIKEMA WEST and KIMBERLY HARDING,<br>Defendant:  GENUINE PARTS COMPANY, et al. | | | | |
| AFFIDAVIT OF SERVICE | Hearing Date:<br>04/12/2018 | Time:<br>9:30 A.M. | Dept/Div: | Case Number:<br>A-17-754291-C |

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS FOR INTERVENTIONAL PAIN AND SPINE INSTITUTE; NOTICE OF SERVING SUBPOENAS DUCES TECUM; AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION

3.  *a.  Party served:*    CUSTODIAN OF RECORDS FOR INTERVENTIONAL PAIN AND SPINE INSTITUTE
    *b.  Person served:*   YULISA MIRON, FRONT DESK

4.  *Address where the party was served:*   851 S. RAMPART BLVD., SUITE 100, LAS VEGAS, NV 89145

5.  *I served the party:*
    a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party on: Mon, Mar 19 2018 (2) at: 03:00 PM
    *b. I received this subpoena for service on: Mar 19, 2018*

6.  *Witness fees were offered or demanded, and paid:* $0.00

I Declare under penalty of perjury under the laws of the State of NEVADA that the foregoing is true and correct.

7. *Person Who Served Papers:*
   a. Debra Shakely (R-075514, Clark)
   b. FIRST LEGAL
      NEVADA PI/PS LICENSE 1452
      2920 N. GREEN VALLEY PARKWAY, SUITE 514
      HENDERSON, NV 89014
   c. (702) 671-4002

_____3-22-18_____          _____Debra Shakely_____
          (Date)                             (Signature)

8.  STATE OF NEVADA, COUNTY OF ____Clark____
    Subscribed and sworn to (or affirmed) before on this ____22____ day of ____March____, 2018 by Debra Shakely (R-075514, Clark)
    proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
(Notary Signature)



AFFIDAVIT OF SERVICE

2114025
(55070383)

**SUBP**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA     WEST     and     KIMBERLY HARDING, | Case No.   A-17-754291-C |
| | Dept. No. XXVI |
| Plaintiffs, | |
| vs. | **SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS FOR LAS VEGAS NEUROSURGERY, ORTHOPAEDICS & REHABILITATION** |
| GENUINE PARTS COMPANY, a Nevada Company;  DOES  I  through  XX;  DOES CORPORATION  I  through  XX;  ROE EMPLOYEES I through X, inclusive, | |
| Defendants. | |

THE STATE OF NEVADA SENDS GREETINGS TO:

   **Custodian of Records**
   **Las Vegas Neurosurgery, Orthopaedics**
   **& Rehabilitation**
   **501 S. Rancho Dr. Suite 167**
   **Las Vegas, NV 89106**

   **YOU ARE HEREBY COMMANDED,** all and singular business and excuses being set aside, to appear and attend on the **12th day of April 2018,** at the hour of **9:45 a.m.**  The address where you are required to appear being WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, 6385 S. RAINBOW BLVD. SUITE 400, LAS VEGAS, NV 89118. You are required to bring with you at the time of your appearance any items set forth in Exhibit A of this subpoena.

   If you fail to attend you will be deemed guilty of contempt of court and liable to pay all losses and damages caused by your failure to appear and in addition forfeit One Hundred

1 | ($100.00) dollars.

2 |     You may avoid appearing by providing WEINBERG, WHEELER, HUDGINS, GUNN & DIAL,

3 | LLC, with the requested documents **one week in advance** of the requested appearance date. If you

4 | plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the

5 | enclosed Certificate of Records and return to this office with file. Pursuant to the Nevada Rules of

6 | Civil Procedure Rule 45(a)(1)(D), attached as Exhibit B is a copy of the text of Rule 45(c)-(d).

7 |

8 |     DATED this _15_ day of March, 2018.

9 |

10 | _____
Carol P. Michel, Esq.
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
*Attorneys for Defendant Genuine Parts Company*

*Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC*
*6385 S. Rainbow Blvd., Suite 400*
*Las Vegas, Nevada  89118*
*(702) 938-3838*

**EXHIBIT "A"**

Those documents regarding medical treatment relating to the care of Kimberly Harding, DOB 10/12/1963. The documents requested include, but are not limited to the following: medical records, billing records, reports, handwritten notes, memorandum, correspondence, nurse's notes, physician's orders, operative reports, pain questionnaires, histories, in-take sheets, laboratory results, pharmacy records, raw data, member profiles, and all diagnostic reports and films, including x-rays, MRI films, CT scans, and discography films and any other documentation in your file for dates of service **05/26/2010 – present**.

You may avoid appearing by providing WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, with the requested documents **one week in advance** of the requested appearance date. If you plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the enclosed Certificate of Records and return to this office with the requested materials.

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

### EXHIBIT "B"

### NEVADA RULES OF CIVIL PROCEDURE

**Rule 45**
**(c) Protection of Persons Subject to Subpoena.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## CERTIFICATE OF CUSTODIAN OF RECORDS

STATE OF _____ )
                            ) ss.

COUNTY OF _____ )

_____, being duly sworn, deposes and says:

    1.    That the Affiant is the _____ for the offices of **LAS VEGAS NEUROSURGERY, ORTHOPAEDICS & REHABILITATION** and in such capacity is the Custodian of Records.

    2.    That the Affiant was served with a Subpoena Duces Tecum in connection with *Harding v. Genuine Parts Company* Clark County District Court Case No. A-17-754291-C calling for the production of all documents contained in **LAS VEGAS NEUROSURGERY, ORTHOPAEDICS & REHABILITATION's** file relating to Kimberly Harding.

    3.    That the Affiant has examined the original of the above-referenced documents and has made a true and exact copy of them except that all privileged, protected, and irrelevant materials have been withheld or redacted and that the reproduction of them attached hereto is true and complete.

    **OR**

    □    That the affiant has performed a thorough search of **LAS VEGAS NEUROSURGERY, ORTHOPAEDICS & REHABILITATION's** files and produced no records or documents responsive to this request.  It is to be understood that this does not mean that records do not exist under another spelling, name or classification.

COMMENTS:_____
FURTHER AFFIANT SAYETH NAUGHT.

Dated this ____ day of _____, 2018.


_____
                            Signature

SUBSCRIBED and SWORN to before me this
_____ day of _____, 2018.


_____
Notary Public in and for said County and State

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

| Attorney or Party without Attorney:<br>WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC<br>CAROL P. MICHEL, ESQ. (NBN 11420)<br>6385 SOUTH RAINBOW BLVD., SUITE 400<br>LAS VEGAS , NV 89118<br>  Telephone No:  (702) 938-3838 | | For Court Use Only |
|---|---|---|
| Attorney For:   DEFENDANT, GENUINE PARTS COMPANY | Ref. No. or File No.:   2780.0029 | |
| Insert name of Court, and Judicial District and Branch Court:<br>DISTRICT COURT, CLARK COUNTY, NEVADA | | |
| Plaintiff:  SHIKEMA WEST and KIMBERLY HARDING,<br>Defendant:  GENUINE PARTS COMPANY, et al. | | |

| AFFIDAVIT OF SERVICE | Hearing Date:<br>04/12/2018 | Time:<br>9:45 A.M. | Dept/Div: | Case Number:<br>A-17-754291-C |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. *I served copies of the SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS FOR LAS VEGAS NEUROSURGERY, ORTHOPAEDICS & REHABILITATION; NOTICE OF SERVING SUBPOENA DUCES TECUM; AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION*

3. *a.   Party served:*     CUSTODIAN OF RECORDS FOR LAS VEGAS NEUROSURGERY, ORTHOPAEDICS & REHABILITATION
   *b.   Person served:*    MARIA MEDINA, FRONT DESK, AUTHORIZED TO ACCEPT

4. *Address where the party was served:*     501 S. RANCHO DRIVE, SUITE 167, LAS VEGAS, NV 89106

5. *I served the party:*
   a. *by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Mon, Mar 19 2018 (2) at: 03:23 PM*
   b. *I received this subpoena for service on: Mar 19, 2018*

6. *Witness fees were offered or demanded, and paid: $0.00*

7. *Person Who Served Papers:*
   a. Leidy Serna (R-029907, Clark)
   b. FIRST LEGAL
      NEVADA PI/PS LICENSE 1452
      2920 N. GREEN VALLEY PARKWAY, SUITE 514
      HENDERSON, NV 89014
   c. (702) 671-4002

I Declare under penalty of perjury under the laws of the State of NEVADA that the foregoing is true and correct.

3·22·18
*(Date)*

*(Signature)*

8. STATE OF NEVADA, COUNTY OF   *Clark*
   *Subscribed and sworn to (or affirmed) before on this* _____ *day of* *March* , *2018 by Leidy Serna (R-029907, Clark)*
   *proved to me on the basis of satisfactory evidence to be the person who appeared before me.*

*(Notary Signature)*



AFFIDAVIT OF SERVICE

D.R.M. BELTRAN<br>NOTARY PUBLIC<br>STATE OF NEVADA<br>My Commission Expires: 03-18-20<br>Certificate No: 16-2484-1

2114042
(55070391)

**SUBP**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada  89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING, | Case No.  A-17-754291-C |
| Plaintiffs, | Dept. No. XXVI |
| vs. | |
| GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive, | **SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS FOR MOUNTAIN VIEW HOSPITAL** |
| Defendants. | |

THE STATE OF NEVADA SENDS GREETINGS TO:

**Custodian of Records**
**Mountain View Hospital**
**3100 N. Tenaya Way**
**Las Vegas, NV 89128**

**YOU ARE HEREBY COMMANDED**, all and singular business and excuses being set aside, to appear and attend on the **12th day of April 2018,** at the hour of **10:00 a.m.**  The address where you are required to appear being WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, 6385 S. RAINBOW BLVD. SUITE 400, LAS VEGAS, NV 89118. You are required to bring with you at the time of your appearance any items set forth in Exhibit A of this subpoena.

If you fail to attend you will be deemed guilty of contempt of court and liable to pay all losses and damages caused by your failure to appear and in addition forfeit One Hundred

($100.00) dollars.

You may avoid appearing by providing WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, with the requested documents **one week in advance** of the requested appearance date. If you plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the enclosed Certificate of Records and return to this office with file. Pursuant to the Nevada Rules of Civil Procedure Rule 45(a)(1)(D), attached as Exhibit B is a copy of the text of Rule 45(c)-(d).

DATED this  15  day of March, 2018.

Carol P. Michel, Esq.
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
*Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

**EXHIBIT "A"**

Those documents regarding medical treatment relating to the care of Kimberly Harding, DOB 10/12/1963. The documents requested include, but are not limited to the following: medical records, billing records, reports, handwritten notes, memorandum, correspondence, nurse's notes, physician's orders, operative reports, pain questionnaires, histories, in-take sheets, laboratory results, pharmacy records, raw data, member profiles, and all diagnostic reports and films, including x-rays, MRI films, CT scans, and discography films and any other documentation in your file for dates of service **05/26/2010 – present.**

You may avoid appearing by providing WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, with the requested documents **one week in advance** of the requested appearance date. If you plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the enclosed Certificate of Records and return to this office with the requested materials.

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

EXHIBIT "B"

**NEVADA RULES OF CIVIL PROCEDURE**

**Rule 45**
**(c) Protection of Persons Subject to Subpoena.**
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

**CERTIFICATE OF CUSTODIAN OF RECORDS**

STATE OF _____ )
                          ) ss.
COUNTY OF _____ )

_____, being duly sworn, deposes and says:

1.    That the Affiant is the _____ for the offices of **MOUNTAIN VIEW HOSPITAL** and in such capacity is the Custodian of Records.

2.    That the Affiant was served with a Subpoena Duces Tecum in connection with *Harding v. Genuine Parts Company* Clark County District Court Case No. A-17-754291-C calling for the production of all documents contained in **MOUNTAIN VIEW HOSPITAL's** file relating to Kimberly Harding.

3.    That the Affiant has examined the original of the above-referenced documents and has made a true and exact copy of them except that all privileged, protected, and irrelevant materials have been withheld or redacted and that the reproduction of them attached hereto is true and complete.

**OR**

☐    That the affiant has performed a thorough search of **MOUNTAIN VIEW HOSPITAL's** files and produced no records or documents responsive to this request. It is to be understood that this does not mean that records do not exist under another spelling, name or classification.

COMMENTS:_____
FURTHER AFFIANT SAYETH NAUGHT.

Dated this ____ day of _____, 2018.

_____
                                    Signature

SUBSCRIBED and SWORN to before me this
_____ day of _____, 2018.

_____
Notary Public in and for said County and State

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

Page 5 of 5

| | For Court Use Only |
|---|---|
| *Attorney or Party without Attorney:*<br>WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC<br>CAROL P. MICHEL, ESQ. (NBN 11420)<br>6385 SOUTH RAINBOW BLVD., SUITE 400<br>LAS VEGAS , NV 89118<br> *Telephone No:*  (702) 938-3838 | |

| *Attorney For:*   DEFENDANT, GENUINE PARTS COMPANY | *Ref. No. or File No.:*   2780.0029 |
|---|---|

*Insert name of Court, and Judicial District and Branch Court:*
DISTRICT COURT, CLARK COUNTY, NEVADA

*Plaintiff:*  SHIKEMA WEST and KIMBERLY HARDING,
*Defendant:*  GENUINE PARTS COMPANY, et al.

| **AFFIDAVIT OF SERVICE** | *Hearing Date:*<br>04/12/2018 | *Time:*<br>10:00 A.M. | *Dept/Div:* | *Case Number:*<br>A-17-754291-C |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS FOR MOUNTAIN VIEW HOSPITAL; NOTICE OF SERVING SUBPOENA DUCES TECUM; AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION

3.  *a.  Party served:*     CUSTODIAN OF RECORDS FOR MOUNTAIN VIEW HOSPITAL (MEDICAL RECORDS DEPARTMENT)
    *b.  Person served:*   BRIDGETTE PEOPLES, RELEASE OF INFORMATION

4.  *Address where the party was served:*   3100 N. TENAYA WAY, LAS VEGAS, NV 89128

5.  *I served the party:*
    a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party on: Mon, Mar 19 2018 (2) at: 03:20 PM
    *b. I received this subpoena for service on:* Mar 19, 2018

6.  *Witness fees were offered or demanded, and paid:* $0.00

I Declare under penalty of perjury under the laws of the State of NEVADA that the foregoing is true and correct.

7.  *Person Who Served Papers:*
    a. Debra Shakely (R-075514, Clark)
    b. FIRST LEGAL
       NEVADA PI/PS LICENSE 1452
       2920 N. GREEN VALLEY PARKWAY, SUITE 514
       HENDERSON, NV 89014
    c. (702) 671-4002

_____3-22-18_____          _____Debra Shakely_____
        *(Date)*                           *(Signature)*

8.  STATE OF NEVADA, COUNTY OF _____Clark_____
    Subscribed and sworn to (or affirmed) before on this _____22_____ day of _____March_____, 2018 by Debra Shakely (R-075514, Clark) proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
        *(Notary Signature)*

**FL**
**FIRSTLEGAL**

AFFIDAVIT OF SERVICE

2114053
(55070394)

| Attorney or Party without Attorney: WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC CAROL P. MICHEL, ESQ. (NBN 11420) 6385 SOUTH RAINBOW BLVD., SUITE 400 LAS VEGAS , NV 89118 *Telephone No:* (702) 938-3838 | For Court Use Only |
|---|---|
| *Attorney For:* DEFENDANT, GENUINE PARTS COMPANY   *Ref. No. or File No.:* 2780.0029 | |
| *Insert name of Court, and Judicial District and Branch Court:* DISTRICT COURT, CLARK COUNTY, NEVADA | |
| *Plaintiff:* SHIKEMA WEST and KIMBERLY HARDING, *Defendant:* GENUINE PARTS COMPANY, et al. | |

| AFFIDAVIT OF SERVICE | *Hearing Date:* 04/12/2018 | *Time:* 10:00 A.M. | *Dept/Div.:* | *Case Number:* A-17-754291-C |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS FOR MOUNTAIN VIEW HOSPITAL; NOTICE OF SERVING SUBPOENA DUCES TECUM; AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION

3.   *a.*  *Party served:*   CUSTODIAN OF RECORDS FOR MOUNTAIN VIEW HOSPITAL (RADIOLOGY DEPARTMENT)
    *b.*  *Person served:*  SEVERIN AVILA, REGISTRAR

4. *Address where the party was served:*   3100 N. TENAYA WAY, LAS VEGAS, NV 89128

5. *I served the party:*
  a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Mon, Mar 19 2018 (2) at: 03:20 PM
  b. I received this subpoena for service on: Mar 19, 2018

6. *Witness fees were offered or demanded, and paid:* $0.00

I Declare under penalty of perjury under the laws of the State of NEVADA that the foregoing is true and correct.

7. *Person Who Served Papers:*
  a. Debra Shakely (R-075514, Clark)
  b. FIRST LEGAL
    NEVADA PI/PS LICENSE 1452
    2920 N. GREEN VALLEY PARKWAY, SUITE 514
    HENDERSON, NV 89014
  c. (702) 671-4002

      3·22·18               *Debra Shakely*
       *(Date)*                           *(Signature)*

8. STATE OF NEVADA, COUNTY OF   Clark
  *Subscribed and sworn to (or affirmed) before on this*   20   *day of*   March   *, 2018 by Debra Shakely (R-075514, Clark)*
  *proved to me on the basis of satisfactory evidence to be the person who appeared before me.*

                                           *(Notary Signature)*



AFFIDAVIT OF SERVICE



2114062
(55070395)

**SUBP**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING,<br><br>            Plaintiffs,<br><br>vs.<br><br>GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive,<br><br>            Defendants. | Case No.   A-17-754291-C<br>Dept. No. XXVI<br><br><br>**SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS FOR RAINBOW INJURY REHABILITATION** |

THE STATE OF NEVADA SENDS GREETINGS TO:

> **Custodian of Records**
> **Rainbow Injury Rehabilitation**
> **2625 S. Rainbow Blvs., Suite C-102**
> **Las Vegas, NV 89146**

**YOU ARE HEREBY COMMANDED**, all and singular business and excuses being set aside, to appear and attend on the **12th day of April 2018**, at the hour of **10:30 a.m.** The address where you are required to appear being WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, 6385 S. RAINBOW BLVD. SUITE 400, LAS VEGAS, NV 89118. You are required to bring with you at the time of your appearance any items set forth in Exhibit A of this subpoena.

If you fail to attend you will be deemed guilty of contempt of court and liable to pay all losses and damages caused by your failure to appear and in addition forfeit One Hundred

*(left margin, vertical text)* Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC   6385 S. Rainbow Blvd., Suite 400   Las Vegas, Nevada 89118   (702) 938-3838

1    ($100.00) dollars.

2         You may avoid appearing by providing WEINBERG, WHEELER, HUDGINS, GUNN & DIAL,

3    LLC, with the requested documents **one week in advance** of the requested appearance date. If you

4    plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the

5    enclosed Certificate of Records and return to this office with file. Pursuant to the Nevada Rules of

6    Civil Procedure Rule 45(a)(1)(D), attached as Exhibit B is a copy of the text of Rule 45(c)-(d).

7

8         DATED this ___15___ day of March, 2018.

9

10                                    _____
                                       Carol P. Michel, Esq.
11                                     WEINBERG, WHEELER, HUDGINS,
                                          GUNN & DIAL, LLC
12                                     6385 S. Rainbow Blvd., Suite 400
                                       Las Vegas, NV  89118
13                                     *Attorneys for Defendant Genuine Parts Company*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC*
*6385 S. Rainbow Blvd., Suite 400*
*Las Vegas, Nevada  89118*
*(702) 938-3838*

**EXHIBIT "A"**

Those documents regarding medical treatment relating to the care of Kimberly Harding, DOB 10/12/1963. The documents requested include, but are not limited to the following: medical records, billing records, reports, handwritten notes, memorandum, correspondence, nurse's notes, physician's orders, operative reports, pain questionnaires, histories, in-take sheets, laboratory results, pharmacy records, raw data, member profiles, and all diagnostic reports and films, including x-rays, MRI films, CT scans, and discography films and any other documentation in your file for dates of service **05/26/2010 – present.**

You may avoid appearing by providing WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, with the requested documents **one week in advance** of the requested appearance date. If you plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the enclosed Certificate of Records and return to this office with the requested materials.

1

**EXHIBIT "B"**

2

**NEVADA RULES OF CIVIL PROCEDURE**

**Rule 45**

3

**(c) Protection of Persons Subject to Subpoena.**

4

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

5

6

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

7

8

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

9

10

11

12

13

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

14

(i) fails to allow reasonable time for compliance;

15

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

16

17

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

18

(iv) subjects a person to undue burden.

(B) If a subpoena

19

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

20

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

21

22

23

**(d) Duties in Responding to Subpoena.**

24

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

25

26

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

27

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

**CERTIFICATE OF CUSTODIAN OF RECORDS**

STATE OF _____ )
                          ) ss.
COUNTY OF _____ )

_____, being duly sworn, deposes and says:

1.      That the Affiant is the _____ for the offices of **RAINBOW INJURY REHABILITATION** and in such capacity is the Custodian of Records.

2.      That the Affiant was served with a Subpoena Duces Tecum in connection with *Harding v. Genuine Parts Company* Clark County District Court Case No. A-17-754291-C calling for the production of all documents contained in **RAINBOW INJURY REHABILITATION's** file relating to Kimberly Harding.

3.      That the Affiant has examined the original of the above-referenced documents and has made a true and exact copy of them except that all privileged, protected, and irrelevant materials have been withheld or redacted and that the reproduction of them attached hereto is true and complete.

**OR**

□      That the affiant has performed a thorough search of **RAINBOW INJURY REHABILITATION's** files and produced no records or documents responsive to this request.  It is to be understood that this does not mean that records do not exist under another spelling, name or classification.

COMMENTS:_____
FURTHER AFFIANT SAYETH NAUGHT.

Dated this ____ day of _____, 2018.

_____
                         Signature

SUBSCRIBED and SWORN to before me this
_____ day of _____, 2018.

_____
Notary Public in and for said County and State

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

| Attorney or Party without Attorney: WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC CAROL P. MICHEL, ESQ. (NBN 11420) 6385 SOUTH RAINBOW BLVD., SUITE 400 LAS VEGAS , NV 89118 *Telephone No:* (702) 938-3838 | For Court Use Only |
|---|---|
| *Attorney For:* DEFENDANT, GENUINE PARTS COMPANY    *Ref. No. or File No.:*  2780.0029 | |

| Insert name of Court, and Judicial District and Branch Court: DISTRICT COURT, CLARK COUNTY, NEVADA |
|---|

| *Plaintiff:* SHIKEMA WEST and KIMBERLY HARDING, *Defendant:* GENUINE PARTS COMPANY, et al. |
|---|

| AFFIDAVIT OF SERVICE | *Hearing Date:* 04/12/2018 | *Time:* 10:30 A.M. | *Dept/Div:* | *Case Number:* A-17-754291-C |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS FOR RAINBOW INJURY REHABILITATION; NOTICE OF SERVING SUBPOENA DUCES TECUM; AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION

3. *a.*   *Party served:*     CUSTODIAN OF RECORDS FOR RAINBOW INJURY REHABILITATION
   *b.*   *Person served:*    MONICA OLAGUEZ, OFFICE MANAGER

4. *Address where the party was served:*    2625 S. RAINBOW BLVD., SUITE C-102, LAS VEGAS, NV 89146

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Mon, Mar 19 2018 (2) at: 02:30 PM
   *b. I received this subpoena for service on:* Mar 19, 2018

6. *Witness fees were offered or demanded, and paid:* $0.00

I Declare under penalty of perjury under the laws of the State of NEVADA that the foregoing is true and correct.

7. *Person Who Served Papers:*
   a. Debra Shakely (R-075514, Clark)
   b. FIRST LEGAL
      NEVADA PI/PS LICENSE 1452
      2920 N. GREEN VALLEY PARKWAY, SUITE 514
      HENDERSON, NV 89014
   c. (702) 671-4002

<u>3-22-18</u>
*(Date)*

<u>Debra Shakely</u>
*(Signature)*

8. STATE OF NEVADA, COUNTY OF <u>Clark</u>
   Subscribed and sworn to (or affirmed) before on this <u>22</u> day of <u>March</u>, 2018 by Debra Shakely (R-075514, Clark) proved to me on the basis of satisfactory evidence to be the person who appeared before me.

<u>                    </u>
*(Notary Signature)*





AFFIDAVIT OF SERVICE

2114046
(55070392)

**SUBP**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING,<br><br>Plaintiffs,<br><br>vs.<br><br>GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive,<br><br>Defendants. | Case No.  A-17-754291-C<br>Dept. No. XXVI<br><br><br>**SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS FOR SIERRA MED SERVICES** |

THE STATE OF NEVADA SENDS GREETINGS TO:

**Custodian of Records**
**Sierra Med Services**
**8068 W. Sahara Ave., Suite C**
**Las Vegas, NV 89117**

**YOU ARE HEREBY COMMANDED**, all and singular business and excuses being set aside, to appear and attend on the **12th day of April 2018**, at the hour of **10:45a.m.**  The address where you are required to appear being WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, 6385 S. RAINBOW BLVD. SUITE 400, LAS VEGAS, NV 89118. You are required to bring with you at the time of your appearance any items set forth in Exhibit A of this subpoena.

If you fail to attend you will be deemed guilty of contempt of court and liable to pay all losses and damages caused by your failure to appear and in addition forfeit One Hundred

1    ($100.00) dollars.

2         You may avoid appearing by providing WEINBERG, WHEELER, HUDGINS, GUNN & DIAL,

3    LLC, with the requested documents **one week in advance** of the requested appearance date. If you

4    plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the

5    enclosed Certificate of Records and return to this office with file. Pursuant to the Nevada Rules of

6    Civil Procedure Rule 45(a)(1)(D), attached as Exhibit B is a copy of the text of Rule 45(c)-(d).

7

8         DATED this __15__ day of March, 2018.

9

10                                        Carol P. Michel, Esq.

11                                        WEINBERG, WHEELER, HUDGINS,
                                               GUNN & DIAL, LLC

12                                        6385 S. Rainbow Blvd., Suite 400
                                          Las Vegas, NV  89118

13                                        *Attorneys for Defendant Genuine Parts Company*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-8888

**EXHIBIT "A"**

Those documents regarding medical treatment relating to the care of Kimberly Harding, DOB 10/12/1963. The documents requested include, but are not limited to the following: medical records, billing records, reports, handwritten notes, memorandum, correspondence, nurse's notes, physician's orders, operative reports, pain questionnaires, histories, in-take sheets, laboratory results, pharmacy records, raw data, member profiles, and all diagnostic reports and films, including x-rays, MRI films, CT scans, and discography films and any other documentation in your file for dates of service **05/26/2010 – present**.

You may avoid appearing by providing WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, with the requested documents **one week in advance** of the requested appearance date. If you plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the enclosed Certificate of Records and return to this office with the requested materials.

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

1

**EXHIBIT "B"**

2

**NEVADA RULES OF CIVIL PROCEDURE**

**Rule 45**

3

**(c) Protection of Persons Subject to Subpoena.**

4

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

5

6

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

7

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

8

9

10

11

12

13

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

14

(i) fails to allow reasonable time for compliance;

15

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

16

17

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

18

(iv) subjects a person to undue burden.

(B) If a subpoena

19

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

20

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

21

22

23

**(d) Duties in Responding to Subpoena.**

24

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

25

26

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

27

28

**CERTIFICATE OF CUSTODIAN OF RECORDS**

STATE OF _____ )
                            ) ss.
COUNTY OF _____ )

_____, being duly sworn, deposes and says:

1.      That the Affiant is the _____ for the offices of **SIERRA MED SERVICES** and in such capacity is the Custodian of Records.

2.      That the Affiant was served with a Subpoena Duces Tecum in connection with *Harding v. Genuine Parts Company* Clark County District Court Case No. A-17-754291-C calling for the production of all documents contained in **SIERRA MED SERVICES'** file relating to Kimberly Harding.

3.      That the Affiant has examined the original of the above-referenced documents and has made a true and exact copy of them except that all privileged, protected, and irrelevant materials have been withheld or redacted and that the reproduction of them attached hereto is true and complete.

**OR**

☐      That the affiant has performed a thorough search of **SIERRA MED SERVICES'** files and produced no records or documents responsive to this request. It is to be understood that this does not mean that records do not exist under another spelling, name or classification.

COMMENTS:_____
FURTHER AFFIANT SAYETH NAUGHT.

Dated this ____ day of _____, 2018.

_____
                           Signature

SUBSCRIBED and SWORN to before me this
_____ day of _____, 2018.

_____
Notary Public in and for said County and State

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

| Attorney or Party without Attorney: WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC CAROL P. MICHEL, ESQ. (NBN 11420) 6385 SOUTH RAINBOW BLVD., SUITE 400 LAS VEGAS , NV 89118  Telephone No: (702) 938-3838 | For Court Use Only |
|---|---|

| Attorney For:  DEFENDANT, GENUINE PARTS COMPANY | Ref. No. or File No.:  2780.0029 |
|---|---|

Insert name of Court, and Judicial District and Branch Court:
DISTRICT COURT, CLARK COUNTY, NEVADA

Plaintiff:  SHIKEMA WEST and KIMBERLY HARDING,
Defendant:  GENUINE PARTS COMPANY, et al.

| AFFIDAVIT OF SERVICE | Hearing Date: 04/12/2018 | Time: 10:45 A.M. | Dept/Div: | Case Number: A-17-754291-C |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS FOR SIERRA MED SERVICES; NOTICE OF SERVING SUBPOENA DUCES TECUM; AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION

3.  *a.  Party served:*     CUSTODIAN OF RECORDS FOR SIERRA MED SERVICES
    *b.  Person served:*    NICKOLAS PAPPAS, CUSTODIAN OF RECORDS

4.  *Address where the party was served:*     8068 W. SAHARA AVENUE, SUITE C, LAS VEGAS, NV 89117

5.  *I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Mon, Mar 19 2018 (2) at: 02:40 PM
    b. *I received this subpoena for service on:* Mar 19, 2018

6.  *Witness fees were offered or demanded, and paid:* $0.00

I Declare under penalty of perjury under the laws of the State of
NEVADA that the foregoing is true and correct.

7. *Person Who Served Papers:*
   a. Debra Shakely (R-075514, Clark)
   b. FIRST LEGAL
      NEVADA PI/PS LICENSE 1452
      2920 N. GREEN VALLEY PARKWAY, SUITE 514
      HENDERSON, NV 89014
   c. (702) 671-4002

3-22-18
(Date)

Debra Shakely
(Signature)

8.  STATE OF NEVADA, COUNTY OF _____ Clark _____
    Subscribed and sworn to (or affirmed) before on this _____ day of _____ March _____, 2018 by Debra Shakely (R-075514, Clark)
    proved to me on the basis of satisfactory evidence to be the person who appeared before me.



_____
(Notary Signature)

AFFIDAVIT OF SERVICE



2114067
(55070396)

**SUBP**
Carol P. Michel, Esq.
Nevada Bar No. 11420
cmichel@wwhgd.com
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SHIKEMA   WEST   and   KIMBERLY HARDING, | Case No.   A-17-754291-C |
| Plaintiffs, | Dept. No. XXVI |
| vs. | **SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS FOR SOCIAL SECURITY ADMINSTRATION** |
| GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive, | |
| Defendants. | |

THE STATE OF NEVADA SENDS GREETINGS TO:

> **Custodian of Records**
> **Social Security Administration**
> **1250 S. Buffalo Dr. Suite 150**
> **Las Vegas, NV 89117**

**YOU ARE HEREBY COMMANDED**, all and singular business and excuses being set aside, to appear and attend on the **12ᵗʰ day of April 2018,** at the hour of **11:00a.m.** The address where you are required to appear being WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, 6385 S. RAINBOW BLVD. SUITE 400, LAS VEGAS, NV 89118. You are required to bring with you at the time of your appearance any items set forth in Exhibit A of this subpoena.

If you fail to attend you will be deemed guilty of contempt of court and liable to pay all losses and damages caused by your failure to appear and in addition forfeit One Hundred

($100.00) dollars.

You may avoid appearing by providing WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, with the requested documents **one week in advance** of the requested appearance date. If you plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the enclosed Certificate of Records and return to this office with file. Pursuant to the Nevada Rules of Civil Procedure Rule 45(a)(1)(D), attached as Exhibit B is a copy of the text of Rule 45(c)-(d).

DATED this 15 day of March, 2018.

Carol P. Michel, Esq.
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
*Attorneys for Defendant Genuine Parts Company*

**EXHIBIT "A"**

Those documents regarding medical treatment relating to the care of Kimberly Harding, DOB 10/12/1963. The documents requested include, but are not limited to the following: medical records, billing records, reports, handwritten notes, memorandum, correspondence, nurse's notes, physician's orders, operative reports, pain questionnaires, histories, in-take sheets, laboratory results, pharmacy records, raw data, member profiles, and all diagnostic reports and films, including x-rays, MRI films, CT scans, and discography films and any other documentation in your file for dates of service **05/26/2010 – present**.

You may avoid appearing by providing WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, with the requested documents **one week in advance** of the requested appearance date. If you plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the enclosed Certificate of Records and return to this office with the requested materials.

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

Page 3 of 5

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

## EXHIBIT "B"

## NEVADA RULES OF CIVIL PROCEDURE

**Rule 45**
**(c) Protection of Persons Subject to Subpoena.**
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**CERTIFICATE OF CUSTODIAN OF RECORDS**

STATE OF _____ )
                                            ) ss.
COUNTY OF _____ )

_____, being duly sworn, deposes and says:

1.      That the Affiant is the _____ for the offices of **SOCIAL SECURITY ADMINSTRATION** and in such capacity is the Custodian of Records.

2.      That the Affiant was served with a Subpoena Duces Tecum in connection with *Harding v. Genuine Parts Company* Clark County District Court Case No. A-17-754291-C calling for the production of all documents contained in **SOCIAL SECURITY ADMINSTRATION's** file relating to Kimberly Harding.

3.      That the Affiant has examined the original of the above-referenced documents and has made a true and exact copy of them except that all privileged, protected, and irrelevant materials have been withheld or redacted and that the reproduction of them attached hereto is true and complete.

**OR**

☐      That the affiant has performed a thorough search of **SOCIAL SECURITY ADMINSTRATION's** files and produced no records or documents responsive to this request.  It is to be understood that this does not mean that records do not exist under another spelling, name or classification.

COMMENTS:_____
FURTHER AFFIANT SAYETH NAUGHT.

Dated this ____ day of _____, 2018.

_____
                                                        Signature

SUBSCRIBED and SWORN to before me this
_____ day of _____, 2018.

_____
Notary Public in and for said County and State

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

| Attorney or Party without Attorney: | | | For Court Use Only |
|---|---|---|---|
| WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC<br>CAROL P. MICHEL, ESQ. (NBN 11420)<br>6385 SOUTH RAINBOW BLVD., SUITE 400<br>LAS VEGAS , NV 89118<br>  Telephone No: (702) 938-3838 | | | |
| Attorney For: DEFENDANT, GENUINE PARTS COMPANY | Ref. No. or File No.: 2780.0029 | | |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| DISTRICT COURT, CLARK COUNTY, NEVADA |

| Plaintiff: SHIKEMA WEST and KIMBERLY HARDING, |
|---|
| Defendant: GENUINE PARTS COMPANY, et al. |

| AFFIDAVIT OF SERVICE | Hearing Date:<br>04/12/2018 | Time:<br>11:00 A.M. | Dept/Div: | Case Number:<br>A-17-754291-C |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS FOR SOCIAL SECURITY ADMINISTRATION; NOTICE OF SERVING SUBPOENA DUCES TECUM; AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION

3.  *a.  Party served:*   CUSTODIAN OF RECORDS FOR SOCIAL SECURITY ADMINISTRATION
    *b.  Person served:*   RACHEL JONES, OPERATIONS SUPERVISOR

4.  *Address where the party was served:*   1250 S. BUFFALO DRIVE, SUITE 150, LAS VEGAS, NV 89117

5.  *I served the party:*
    a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive
    process for the party (1) on: Tue, Mar 20 2018 (2) at: 10:30 AM
    *b. I received this subpoena for service on: Mar 19, 2018*

6.  *Witness fees were offered or demanded, and paid: $0.00*

I Declare under penalty of perjury under the laws of the State of
NEVADA that the foregoing is true and correct.

7. Person Who Served Papers:
   a. Debra Shakely (R-075514, Clark)
   b. FIRST LEGAL
      NEVADA PI/PS LICENSE 1452
      2920 N. GREEN VALLEY PARKWAY, SUITE 514
      HENDERSON, NV 89014
   c. (702) 671-4002

|  |  |
|---|---|
| 3-22-18 | *Debra Shakely* |
| (Date) | (Signature) |

8.  STATE OF NEVADA, COUNTY OF _____Clark_____
    *Subscribed and sworn to (or affirmed) before on this* ___22___ *day of* ___March___, *2018 by Debra Shakely (R-075514, Clark)*
    *proved to me on the basis of satisfactory evidence to be the person who appeared before me.*

_____
(Notary Signature)

AFFIDAVIT OF SERVICE

2114075
(55070397)

Electronically Filed
4/16/2018 1:27 PM
Steven D. Grierson
CLERK OF THE COURT

**OPPM**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Kristian T. Kaskla, Esq.
Nevada Bar No. 14553
*kkaskla@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING,<br><br>                    Plaintiffs,<br><br>vs.<br><br>GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive,<br><br>                    Defendants. | Case No.  A-17-754291-C<br>Dept. No. XXVI<br><br>**DEFENDANT GENUINE PARTS COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>**Hearing Date:  May 8, 2018**<br>**Hearing Time:  9:00 a.m.** |

Defendant Genuine Parts Company ("Defendant"), by and through its attorneys Carol P. Michel, Esq. and Kristian T. Kaskla, Esq. of the law firm of Weinberg Wheeler Hudgins Gunn & Dial, LLC, hereby submits Defendant's Opposition to Plaintiff's Motion to Amend Complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

1  Plaintiff's Motion to Amend should be denied on the grounds that it is barred by the statute of

2  limitations as governed by NRS 11.190(4)(e).

3      DATED this $\underline{16}$ day of April, 2018.

4

5  Carol P. Michel, Esq.

6  Kristian T. Kaskla, Esq.
   WEINBERG, WHEELER, HUDGINS,

7    GUNN & DIAL, LLC
   6385 S. Rainbow Blvd., Suite 400

8  Las Vegas, NV  89118
   *Attorneys for Defendant Genuine Parts Company*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
(702) 938-3838

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff seeks to amend her Complaint to bring a claim against the driver of Genuine Parts Company's ("Defendant") truck. Plaintiff claims she was injured on May 26, 2015, when a rim fell out of Defendant's truck and hit the front bumper of Plaintiff's daughter's vehicle.[1] This means the statute of limitations expired on her claims on May 26, 2017—almost one year ago. Plaintiff argues that her claim against the driver "relates back" to the original complaint, and thereby is not barred by the statute of limitations. However, this argument does not have legal support. Plaintiff is barred from relying on relation back because she did not exercise reasonable diligence in either ascertaining the identity of the driver, or in promptly moving to amend their complaint as required by Nevada law.

Plaintiff's lack of diligence bars her from relying on the relation back doctrine; and the statute of limitations therefore bars her claim. Thus, Defendant respectfully asks this Court to deny Plaintiff's Motion.

### II.   UNDISPUTED FACTS AND PROCEDURAL HISTORY

This case arises out of motor vehicle incident that occurred on May, 26 2015. According to Plaintiff's Original Complaint, filed on April 20, 2017, against Genuine Parts Company, Plaintiff was a passenger in a vehicle being driven northbound on Interstate 15 near the Cheyenne Avenue exit.

In that Original Complaint, Plaintiff alleged that she was injured by fictitious defendants, stating:

> A collision occurred on northbound Interstate 15 on May 26, 2015 at or near the Cheyenne avenue exit, County of Clark, State of Nevada, involving a vehicle being driven by Plaintiff and a vehicle being driven by Defendant, DOE I and owned by Defendant Genuine Parts Company.

> At the time of the incident described above, Defendant DOE I, was an agent and servant of Defendant, Genuine Parts Company, was in the course and scope of his employment for Defendant, Genuine Parts Company.

---

[1] Defendant disputes Plaintiff's injuries and whether Plaintiff was even present during the subject incident; however, these factual allegations are irrelevant to the substance of the instant motion.

All liability of Defendant is imputed to Genuine Parts Company under doctrine of <u>respondeat superior</u>.

(Plaintiff's Original Complaint, ¶¶ VI, Plaintiff's Ex. 1.)

On October, 17, 2017, Defendant filed their Initial Disclosure of Documents and Witnesses Pursuant to NRCP 16.1 (See Defendant's Initial Disclosure, attached as Ex. A.) In the initial disclosure Defendant provided the name and address of Joe Taylor, ("Driver") the driver of Defendant's vehicle. *Id.* at 2.

Nearly six months after Plaintiff was provided with the Driver's identity, Plaintiff filed the instant Motion to Amend the Complaint on April 6, 2018.

## III.   PLAINTIFF'S CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS

NRS 11.190(4)(e) provides a two-year statute of limitations for "an action to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another." This two-year period begins to run "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 106 Nev. 271, 274, 792 P.2d 18, 20 (1990).

Applying the plain language of NRS 11.190(4)(e) to this case, Plaintiff's last day to file an action against the Driver was May 26, 2017. Because Plaintiff is attempting to bring a claim nearly one year after the expiration of the statute of limitations, her request to amend the Complaint against the Driver must be denied.

Plaintiff argues that her current claim circumvents the statute of limitations through the relation back doctrine. However, as discussed below, Plaintiff cannot rely on relation back because she did not exercise reasonable diligence.

### A.   PLAINTIFF'S RELATION BACK ARGUMENT IS BARRED BY THE *NURENBERGER* TEST.

Plaintiff argues that the statute of limitations do not apply to her requested claim against the Driver because an amended complaint would relate back to his Original Complaint. Plaintiff's argument is fatally flawed because she cannot satisfy the three part *Nurenberger* test.

Whether an amended complaint that seeks to bring a new party into a case "relates back" to

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada, 89118
(702) 938-3838

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

the original complaint was a source of confusion for Nevada courts and litigants until 1991. That year, the Nevada Supreme Court decided *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 880-881, 822 P.2d 1100, 1105-1106 (1991), which set forth a straightforward, three-part test to determine whether the relation back doctrine applies.

To relate back the plaintiff must:

> (1) Plead fictitious or doe defendants in the caption of the complaint;
> (2) set forth the basis for naming defendants by other than their true identity, and clearly specifying the connection between the intended defendants and the conduct, activity, or omission upon which the cause of action is based; and
> (3) **exercise reasonable diligence in ascertaining the true identity of the intended defendants and promptly moving to amend the complaint in order to substitute the actual for the fictional.**

*Id*. Satisfaction of **all three** of the aforementioned elements is necessary to the granting of an amendment that relates back to the date of the filing of the original complaint. *Id.*

Applying *Nurenberger* to the case at bar, there is no way for Plaintiff's requested amendment to relate back to her Complaint and circumvent the plainly-expired statute of limitations, because she cannot satisfy the third element set forth above. Nevada law requires plaintiffs to "proactively seek to identify unknown defendants in order for an amendment made pursuant to NRCP 10(a) to relate back to the filing date of the original complaint." *Sparks v. Alpha Tau Omega Fraternity, Inc.*, 127 Nev. 287, 294, 255 P.3d 238, 243 (2011). The reasonable diligence requirement is intended to guard against the abuse of Doe and Roe defendants as placeholders, and "was not intended to reward the indolence or lack of diligence by giving plaintiffs an automatic method of circumventing statutes of limitations." *Id.*

The Nevada Supreme Court addressed the reasonable diligence requirement at length in a factually similar case, *Sparks v. Alpha Tau Omega Fraternity*. The Court provided a list of factors that district courts in Nevada must consider when evaluating whether a party has exercised reasonable diligence. The factors include whether the party unreasonably delayed amending the pleadings to reflect the true identity of a defendant once it became known; whether the party used judicial mechanisms such as discovery to inquire into a defendant's true identity; and whether a defendant concealed its identity or otherwise obstructed the plaintiff's investigation as to its

1    identity. *Id.* The Court concluded that an inexplicable eight month delay in amending the

2    complaint after discovering the identity of the defendant demonstrated lack of reasonable

3    diligence. *Id.* at 295. Accordingly, the Court affirmed the district court's finding that the amended

4    complaint could not relate back to the filing date of the initial complaint, and that the statute of

5    limitations had run. *Id.*

6           In this case, Plaintiff has inexplicably waited six months after being provided the identity

7    of the Driver to amend her Complaint. There has been no obstruction or concealment of the

8    Driver's identity and the factual situation here is straightforward. The Driver's identity has been

9    readily available since Plaintiff's initial filing of the case—Plaintiff's inexcusable delay in moving

10   to amend clearly establishes lack of reasonable diligence as determined by the *Sparks* Court.

11   Plaintiff cannot circumvent the statute of limitations because she cannot satisfy the reasonable

12   diligence standard required by *Nurenberger*. In other words, Plaintiff is trying to do the very thing

13   that the *Nurenberger* and *Sparks* court said cannot be done. This Court must follow the clear

14   precedent established in *Nurenberger* and *Sparks* and reject any attempt by Plaintiff to apply the

15   relation back doctrine to her claim against the Driver.

16   **IV.   CONCLUSION**

17          The statute of limitations on Plaintiff's claim has plainly expired. Allowing Plaintiff to

18   bring a claim against the Driver nearly a year after the statute of limitations expired, and six

19   months after being provided his identity, would disregard the clear precedent established by the

20   Nevada Supreme Court. Plaintiff should not be rewarded for her indolence and lack of diligence.

21   Accordingly, Defendant respectfully requests that the Court DENY this Motion.

22          DATED this __16__ day of April, 2018.

23

24          _____

25          Carol P. Michel, Esq.
            Kristian T. Kaskla, Esq.

26          WEINBERG, WHEELER, HUDGINS,
               GUNN & DIAL, LLC

27          6385 S. Rainbow Blvd., Suite 400
            Las Vegas, NV 89118

28          *Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

**CERTIFICATE OF SERVICE**

I hereby certify that on the ___16th___ day of April, 2018, a true and correct copy of the foregoing **DEFENDANT GENUINE PARTS COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT** was electronically filed and served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3660 N. Rancho Dr., #125
Las Vegas, NV 89130
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

# EXHIBIT A

# EXHIBIT A

ELECTRONICALLY SERVED
10/17/2017 2:37 PM

**DDW**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
Timothy A. Mott, Esq.
Nevada Bar No. 12828
*tmott@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada  89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| SHIKEMA      WEST      and      KIMBERLY HARDING,<br><br>                         Plaintiffs,<br><br>vs.<br><br>GENUINE  PARTS  COMPANY,  a  Nevada Company;  DOES  I  through  XX;  DOES CORPORATION  I  through  XX;  ROE EMPLOYEES I through X, inclusive,<br><br>                         Defendants. | Case No.   A-17-754291-C<br>Dept. No. XXVI<br><br><br>**DEFENDANT'S  INITIAL DISCLOSURE OF DOCUMENTS AND WITNESSES PURSUANT TO NRCP 16.1** |

Defendant Genuine Parts Company ("Defendant"), by and through its attorneys Carol P. Michel, Esq. and Timothy A. Mott, Esq. of the law firm of Weinberg Wheeler Hudgins Gunn & Dial, LLC, hereby submit the following Initial Disclosure Pursuant to NRCP 16.1 with regard to the above captioned matter.

### I.

### WITNESSES

1.    Shikema West
         c/o Robert L. Hempen II, Esq.
         LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
         3660 N. Rancho Dr. # 125
         Las Vegas, NV 89130

*Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC*
*6385 S. Rainbow Blvd., Suite 400*
*Las Vegas, Nevada  89118*
*(702) 938-3838*

This witness is expected to testify regarding the alleged incident which is the subject of Plaintiff's Complaint, including but not limited to her personal knowledge of the circumstances of the incident, her alleged injuries and damages arising therefrom, and the medical treatment she alleges is related to the incident.

> 2.  Kimberly Harding
>     c/o Robert L. Hempen II, Esq.
>     LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
>     3660 N. Rancho Dr. # 125
>     Las Vegas, NV 89130

This witness is expected to testify regarding the alleged incident which is the subject of Plaintiff's Complaint, including but not limited to her personal knowledge of the circumstances of the incident, her alleged injuries and damages arising therefrom, and the medical treatment she alleges is related to the incident.

> 3.  Joe Taylor (Driver - Genuine Parts Company)
>     350 West Basic Rd.
>     Henderson, NV 89015

The witness is expected to testify as to the facts and circumstances surrounding the events which are the subject of this litigation.

Defendant reserves the right to supplement this witness list as discovery continues, and hereby incorporates the witness list submitted by any other party to this matter solely for the purpose of identifying individuals likely to have discoverable information.

## II.

## LIST OF DOCUMENTS

1.  Defendant's Answer to Complaint, *previously filed herein*..

2.  Shikema West Statement of Accident, identified as GPC000001-GPC000002.

3.  Kimberly Harding Statement of Accident, identified as GPC000003-GPC000004.

Defendant reserves the right to supplement this list of documents as discovery continues, and hereby incorporates the documents identified by any other party to this matter solely for the purpose of identifying documents potentially relevant to this action.

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

III.

## INSURANCE AGREEMENTS

See Policy Declarations, identified as DECL000001-DECL000005.

DATED this 17th day of October, 2017.

_____
Carol P. Michel, Esq.
Timothy A. Mott, Esq.
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
*Attorneys for Defendant Genuine Parts Company*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the ___17TH___ day of October, 2017, a true and correct copy of the foregoing **DEFENDANT'S INITIAL DISCLOSURE OF DOCUMENTS AND WITNESSES PURSUANT TO NRCP 16.1** was electronically filed and served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert L. Hempen II, Esq.
hempenlawoffice@yahoo.com
LAW OFFICE OF ROBERT L. HEMPEN II, ESQ.
3660 N. Rancho Dr. # 125
Las Vegas, NV 89130
(702) 383-9955
(702) 839-7999 FAX
*Attorneys for Plaintiffs*

_____
An employee of WEINBERG, WHEELER, HUDGINS
GUNN & DIAL, LLC

Electronically Filed
4/18/2018 5:23 PM
Steven D. Grierson
CLERK OF THE COURT

**SUBP**
Carol P. Michel, Esq.
Nevada Bar No. 11420
*cmichel@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada  89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864
*Attorneys for Defendant*
*Genuine Parts Company*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SHIKEMA WEST and KIMBERLY HARDING, <br><br> Plaintiffs, <br><br> vs. <br><br> GENUINE PARTS COMPANY, a Nevada Company; DOES I through XX; DOES CORPORATION I through XX; ROE EMPLOYEES I through X, inclusive, <br><br> Defendants. | Case No.  A-17-754291-C <br> Dept. No. XXVI <br><br><br> **SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS FOR UNIVERSITY IMAGING CENTERS** |

THE STATE OF NEVADA SENDS GREETINGS TO:

     **Custodian of Records**
     **University Imaging Centers**
     **14915 Burbank Blvd.**
     **Van Nuys, CA 91411**

     **YOU ARE HEREBY COMMANDED**, all and singular business and excuses being set aside, to appear and attend on the **12th day of April 2018**, at the hour of **11:15 a.m.**  The address where you are required to appear being WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, 6385 S. RAINBOW BLVD. SUITE 400, LAS VEGAS, NV 89118. You are required to bring with you at the time of your appearance any items set forth in Exhibit A of this subpoena.

     If you fail to attend you will be deemed guilty of contempt of court and liable to pay all losses and damages caused by your failure to appear and in addition forfeit One Hundred

($100.00) dollars.

You may avoid appearing by providing Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, with the requested documents **one week in advance** of the requested appearance date. If you plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the enclosed Certificate of Records and return to this office with file. Pursuant to the Nevada Rules of Civil Procedure Rule 45(a)(1)(D), attached as Exhibit B is a copy of the text of Rule 45(c)-(d).

DATED this _15_ day of March, 2018.

Carol P. Michel, Esq.
Weinberg, Wheeler, Hudgins,
   Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
*Attorneys for Defendant Genuine Parts Company*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

**EXHIBIT "A"**

Those documents regarding medical treatment relating to the care of Kimberly Harding, DOB 10/12/1963. The documents requested include, but are not limited to the following: medical records, billing records, reports, handwritten notes, memorandum, correspondence, nurse's notes, physician's orders, operative reports, pain questionnaires, histories, in-take sheets, laboratory results, pharmacy records, raw data, member profiles, and all diagnostic reports and films, including x-rays, MRI films, CT scans, and discography films and any other documentation in your file for dates of service **05/26/2010 – present**.

You may avoid appearing by providing WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, with the requested documents **one week in advance** of the requested appearance date. If you plan to provide the requested records in lieu of appearance, please complete, sign, and notarize the enclosed Certificate of Records and return to this office with the requested materials.

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

<center>**EXHIBIT "B"**</center>

<center>**NEVADA RULES OF CIVIL PROCEDURE**</center>

**Rule 45**

**(c) Protection of Persons Subject to Subpoena.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

1

## **CERTIFICATE OF CUSTODIAN OF RECORDS**

2

STATE OF _____ )

3

COUNTY OF _____ )

4

) ss.

5

_____, being duly sworn, deposes and says:

6

　　1.　　That the Affiant is the _____ for the offices of **UNIVERSITY**

7

**IMAGING CENTERS** and in such capacity is the Custodian of Records.

8

　　2.　　That the Affiant was served with a Subpoena Duces Tecum in connection with

9

*Harding v. Genuine Parts Company* Clark County District Court Case No. A-17-754291-C calling

10

for the production of all documents contained in **UNIVERSITY IMAGING CENTERS'** file

11

relating to Kimberly Harding.

12

　　3.　　That the Affiant has examined the original of the above-referenced documents and

13

has made a true and exact copy of them except that all privileged, protected, and irrelevant

14

materials have been withheld or redacted and that the reproduction of them attached hereto is true

15

and complete.

16

　　**OR**

17

　　□　　That the affiant has performed a thorough search of **UNIVERSITY IMAGING**

18

**CENTERS'** files and produced no records or documents responsive to this request.  It is to be

19

understood that this does not mean that records do not exist under another spelling, name or

20

classification.

21

　　COMMENTS:_____

22

　　FURTHER AFFIANT SAYETH NAUGHT.

23

　　Dated this ____ day of _____, 2018.

24

_____
　　　　　　　　　　　　　Signature

25

SUBSCRIBED and SWORN to before me this

26

_____ day of _____, 2018.

27

_____

28

Notary Public in and for said County and State

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
(702) 938-3838

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| ,WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC<br>MARISA RODRÍGUEZ, ESQ. (NBN 302835)<br>6385 SOUTH RAINBOW BLVD., SUITE 400<br>LAS VEGAS, NV 89118<br>Telephone No: (702) 938-3838 | | |

| Attorney For:  DEFENDANT | Ref. No. or File No.:  2780.0029 |
|---|---|

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

Plaintiff:  KIMBERLY HARDING
Defendant:  GENUINE PARTS COMPANY

| **AFFIDAVIT OF SERVICE** | Hearing Date:<br>4/12/2018 | Time:<br>11:15 A.M. | Dept/Div: | Case Number:<br>A-17-754291-C |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS IN ACTION PENDING OUTSIDE CALIFORNIA; NOTICE OF SERVING SUBPOENA DUCES TECUM OUTSIDE THE STATE OF NEVADA; NOTICE TO CONSUMER OR EMPLOYEE OR OBJECTION

3. a.  Party served:     CUSTODIAN OF RECORDS FOR UNIVERSITY IMAGING CENTERS
   b.  Person served:   Chilo Pinedo, Medical Records

4. Address where the party was served:   14915 BURBANK BLVD., VAN NUYS, CA 91411

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu, Mar 29 2018 (2) at: 12:00 PM
   b. I received this subpoena for service on: Mar 26, 2018

6. Witness fees were offered or demanded, and paid: $15.00

I Declare under penalty of perjury under the laws of the State of NEVADA that the foregoing is true and correct.

7. Person Who Served Papers:
   a. William Umana (6235, Los Angeles)
   b. FIRST LEGAL
      NEVADA PI/PS LICENSE 1452
      2920 N. GREEN VALLEY PARKWAY, SUITE 514
      HENDERSON, NV 89014
   c. (702) 671-4002

_4/11/18_
(Date)

_(Signature)_

8. STATE OF CALIFORNIA, COUNTY OF   _LOS ANGELES_
   Subscribed and sworn to (or affirmed) before on this   _11TH_   day of   _A PRIL_   , _2018_ by William Umana (6235, Los Angeles) proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_Dona L. Bergstrom_
(Notary Signature)

DONA L. BERGSTROM
Commission # 2104044
Notary Public - California
Los Angeles County
My Comm. Expires Apr 17, 2019



AFFIDAVIT OF SERVICE

2152629
(55071362)